IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., | § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | C.A. No.: 4:16-CV-01670 JURY TRIAL DEMANDED |
| DAVID W. KENT, JR., SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ESTEVAN DUFRIN, MATTHEW KENT, BRYAN ROBINS, JEREMY ANTONINI, AND JOHN DOE NOS. 1-10, | § § § § § § § | |
| *Defendants.* | § § | |

## DEFENDANT, DAVID W. KENT JR.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

David W. Kent, Jr., ("Kent"), Defendant in the above captioned action, by and through his counsel, appears to file his Original Answer to Plaintiffs' Original Complaint and would respectfully show the Court the following:

### First Defense

1.     Plaintiff's Original Complaint should be dismissed in whole, or in part, because it fails to state a claim or claims upon which relief can be granted.

### Second Defense

2.     With respect to the allegations contained in Plaintiff's Original Complaint, Kent responds as follows in corresponding numbered paragraphs:

> 1)     Kent admits that the Original Complaint purports to assert the causes of action alleged in paragraph 1 but denies that he is liable for the causes of action referenced in paragraph 1.

2)      Kent denies the allegations in paragraph 2 as stated.

3)      Kent denies the allegations in paragraph 3 as stated.

4)      Kent admits that he is facing criminal charges in New York federal court as alleged, and further admits on information and belief that Dufrin appears to have become a cooperating witness with authorities; however, Kent denies the remaining allegations in paragraph 4 as stated.

5)      Kent admits the allegations in paragraph 5.

6)      Kent admits the allegations in paragraph 6.

7)      Kent admits the allegations in paragraph 7.

8)      Kent admits the allegations in paragraph 8.

9)      Kent admits the allegations in paragraph 9.

10)     Kent admits that Matthew Kent resides in Texas but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 10 as stated.

11)     Kent admits the allegations in paragraph 11.

12)     Kent admits that Jeremy Antonini resides in Texas but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 12 as stated.

13)     Kent denies the allegations in paragraph 13 as stated.

14)     Kent denies the allegations in paragraph 14 as stated.

15)     Kent admits that the Plaintiff asserts federal claims under the statutes referenced in paragraph 15, but denies the remaining allegations in paragraph 15 as stated.

16)     Kent admits that the Plaintiff asserts state law claims but denies the remaining allegations in paragraph 16 as stated.

17)     Kent admits that he resides in Montgomery County, Texas and further admits that Montgomery County lies within the territorial boundary of the Houston Division of the Southern District of Texas, denies that any wrongful conduct occurred, and lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 17 as stated.

18) Kent admits that this Court has personal jurisdiction over him but denies the remaining allegations in paragraph 18 as stated.

19) Kent admits that venue for this lawsuit is proper in this Court but denies the remaining allegations in paragraph 19 as stated.

20) Kent denies the allegations contained in the first sentence of paragraph 20; admits that the name was changed to Rigzone.com and that Rigzone.com aggregated industry news and offered job postings for professionals working in the oil and gas industry but denies the remaining allegations in paragraph 20 as stated.

21) Kent admits that in August 2010, DHI Group acquired Rigzone but denies the remaining allegations in paragraph 21 as stated.

22) Kent admits that DHI Group is a publicly-traded company that operates websites in a number of different industries, and denies the remaining allegations in paragraph 22 as stated.

23) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 23 as stated.

24) Kent admits that Rigzone has offered an online platform specific to professionals in the oil and gas industry, but denies the remaining allegations in paragraph 24 as stated.

25) Kent admits that prior to DHI Group's acquisition, Rigzone allowed oil and gas professionals to upload resumes to its website; that those resumes were assigned unique numerical identifiers; and were maintained on a database but Kent lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 25 as stated.

26) Kent admits that prior to DHI Group's acquisition, Rigzone allowed oil and gas professionals to upload their resumes which could be used to apply for job openings posted by recruiters and employers and that recruiters and employers who paid for access could solicit Rigzone candidates directly for job opportunities (depending on an individual candidate's privacy settings) but Kent denies the remaining allegations in paragraph 26 as stated.

27) Kent denies the allegations in paragraph 27 as stated.

3

28) Kent admits that prior to the acquisition by DHI Group, Rigzone derived revenue from selling advertising space on its website but Kent lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 28 as stated.

29) Kent denies the allegations in paragraph 29 as stated.

30) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 30 as stated.

31) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the departure procedures for employees, and denies the remaining allegations in paragraph 31 as stated.

32) Kent denies the allegations in paragraph 32 as stated.

33) Kent admits that (a) he complied with the non-compete agreement with DHI Group, (b) he publicly announced the launch of Oilpro.com on October 1, 2013, and (c) Oilpro.com in part was available to the public on October 1, 2013 but Kent denies the remaining allegations in paragraph 33 as stated.

34) Kent denies the allegations in the first sentence of paragraph 34, lacks knowledge or information sufficient to form a belief regarding what other websites DHI Group owns and operates, and denies any remaining allegations in paragraph 34 as stated.

35) Kent denies the allegations contained in the first sentence of paragraph 35 and lacks knowledge and information sufficient to form a belief about the remaining allegations in paragraph 35.

36) Kent denies the allegations contained in paragraph 36.

37) Kent denies the allegations in paragraph 37 as stated.

38) Kent denies the allegations in paragraph 38 as stated.

39) Kent admits that after the sale of Rigzone to DHI Group, David Kent continued to work with Rigzone as an employee of DHI Group but denies the remaining allegations in paragraph 39 as stated.

40) Kent admits that David Kent caused the incorporation of SIOPCO but denies the remaining allegations in paragraph 40 as stated.

41) Kent admits that Oilpro.com displayed a countdown ticker prior to its launch but Kent denies the remaining allegations in paragraph 41 as stated.

42) Kent denies the allegations contained in the first sentence of paragraph 42, lacks knowledge or information sufficient to form a belief regarding what was discovered following his departure, and denies the remaining allegations in paragraph 42 as stated.

43) Kent admits that Oilpro.com launched in October 2013 but Kent denies the remaining allegations in paragraph 43 as stated.

44) Kent admits that Dufrin was hired by Oilpro following the expiration of his non-compete, that Dufrin at one time reported to David Kent, and is currently employed by Oilpro, but denies the remaining allegations in paragraph 44 as stated.

45) Kent admits that former Rigzone employees have joined Oilpro but Kent denies the remaining allegations in paragraph 45 as stated.

46) Kent admits that Matthew Kent was hired by Oilpro, is David Kent's brother, and was previously employed by Rigzone, but Kent denies the remaining allegations in paragraph 46 as stated.

47) Kent admits that Robins was hired by Oilpro and had previously been employed by Rigzone but denies the remaining allegations in paragraph 47 as stated.

48) Kent admits that Antonini was hired by Oilpro and was previously employed by Rigzone but denies the remaining allegations in paragraph 48 as stated.

49) Kent denies the allegations in paragraph 49 as stated.

50) Kent denies the allegations in paragraph 50 as stated.

51) Kent denies the allegations in paragraph 51.

52) Kent admits that David Kent sent an email to the CEO of DHI Group on April 24, 2014, and refers to the email for a full and complete description of its contents but Kent otherwise denies any allegations in paragraph 52 that are inconsistent with that document.

53) Kent refers to the email referenced in paragraph 53 for a full and complete description of its contents but denies the remaining allegations in paragraph 53 as stated.

54) Kent denies the allegations in paragraph 54 as stated.

55) Kent admits that by January 2016, the Oilpro database had grown to at least 500,000 members but Kent denies the remaining allegations in paragraph 55 as stated.

56) Kent denies the allegations in paragraph 56 as stated.

57) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 57 as stated.

58) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 58 as stated.

59) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 59 as stated.

60) Kent admits that on or about April 14, 2014, David Kent caused emails to be sent to Rigzone candidates but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 60 as stated.

61) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 61 as stated.

62) Kent denies the allegations in paragraph 62 as stated.

63) Kent lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 63 as stated.

64) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 64 as stated.

65) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 65 as stated.

66) Kent admits that an email address associated with him was used to register and pay for an account with a third party and that emails were sent to that address regarding a username and password, and lacks knowledge and

information sufficient to form a belief regarding the name of the third party, but denies the remaining allegations in paragraph 66 as stated.

67)     Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 67 as stated.

68)     Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 68 as stated.

69)     Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 69 as stated.

70)     Kent denies the allegations in paragraph 70 as stated.

71)     Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 71 as stated.

72)     Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 72 as stated.

73)     Kent admits that in 2014, Kent communicated with the CEO of DHI Group, but he lacks knowledge or information regarding the date of the email referenced, and otherwise denies the allegations in paragraph 73 as stated.

74)     Kent admits that DHI Group did not offer to invest in or acquire Oilpro but Kent denies the remaining allegations in paragraph 74 as stated.

75)     Kent admits the allegations in the first sentence of paragraph 75, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph as stated.

76)     Kent admits that Dufrin accessed a Google Analytics account registered to one or more of the Plaintiffs on or about January 20, 2015, and that he and Dufrin exchanged emails on or about January 20, 2015, but refers to those communications for a full and complete description of their contents and denies the remaining allegations in paragraph 76 as stated.

77)     Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 77 as stated.

78)     Kent admits that he and Dufrin sent emails to one another and refers to the
        email for a full and complete description of their contents but denies the
        remaining allegations in paragraph 78 as stated.

79)     Kent admits that he and Dufrin sent emails to one another, refers to the email
        for a full and complete description of their contents, and denies any
        information inconsistent with such email, as well as the remaining
        allegations in paragraph 79 as stated.

80)     Kent admits that he and Dufrin exchanged emails and he sent email to
        several Oilpro employees, but refers to those communications for a full and
        complete description of their contents, and Kent denies the remaining
        allegations contained in paragraph 80 as stated.

81)     Kent lacks knowledge or information sufficient to form a belief about the
        truth of an allegations in this paragraph and therefore denies the allegations
        in paragraph 81 as stated.

82)     Kent denies the allegations in paragraph 82.

83)     Kent admits that David Kent exchanged emails with Dufrin and refers to
        the email for a full and complete description of its contents but denies the
        remaining allegations in paragraph 83 as stated.

84)     Kent lacks knowledge or information sufficient to form a belief about the
        truth of the allegations in this paragraph and therefore denies the allegations
        in paragraph 84 as stated.

85)     Kent lacks knowledge or information sufficient to form a belief about the
        truth of the allegations in this paragraph and therefore denies the allegations
        in paragraph 85 as stated.

86)     Kent lacks knowledge or information sufficient to form a belief about the
        truth of the allegations in this paragraph and therefore denies the allegations
        in paragraph 86 as stated.

87)     Kent lacks knowledge or information sufficient to form a belief about the
        truth of the allegations in this paragraph and therefore denies the allegations
        in paragraph 87 as stated.

88)     Kent lacks knowledge or information sufficient to form a belief about the
        truth of the allegations in this paragraph and therefore denies the allegations
        in paragraph 88 as stated.

89)     Kent admits that he accessed information through a publicly available
        webpage but denies the remaining allegations in paragraph 89 as stated.

90)     Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 90 as stated.

91)     Kent denies the allegations in paragraph 91 as stated.

92)     Kent admits that he sent an email to the CEO of DHI Group and refers to the email for a full and complete description of its contents, but denies the remaining allegations in paragraph 92 as stated.

93)     Kent denies the allegations in paragraph 93 as stated.

94)     Kent admits that he sent an email to the CEO of DHI Group and refers to the email for a full and complete description of its contents, but Kent denies the remaining allegations in paragraph 94 as stated.

95)     Kent admits that he emailed the CEO of DHI Group and refers to the email for a full and complete description of its contents, but Kent denies the remaining allegations in paragraph 95 as stated.

96)     Kent admits that he emailed the CEO of DHI Group and refers to the email for a full and complete description of its contents, but Kent denies the remaining allegations in paragraph 96 as stated.

97)     Kent admits that he emailed the CEO of DHI Group and refers to the email for a full and complete description of its contents, but Kent denies the remaining allegations in paragraph 97 as stated.

98)     Kent admits that he had a conference call with various employees of DHI Group regarding a number of subjects including Oilpro but Kent denies the remaining allegations in paragraph 98 as stated.

99)     Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 99 as stated.

100)    Kent denies the allegations set forth in the last sentence of paragraph 100 as stated and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 100 as stated.

101)    Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 as stated.

9

102) Kent admits that in January 2016, he met with DHI Group in New York City and discussed a number of topics but denies the remaining allegations in paragraph 102 as stated.

103) Kent admits that he emailed a spreadsheet to the CEO of DHI Group and refers to that spreadsheet for a full and complete description of its contents but denies any allegations in paragraph 103 that are inconsistent with such spreadsheet.

104) Kent admits that he emailed a spreadsheet to the CEO of DHI Group and refers to spreadsheet for a full and complete description of its contents but denies as stated any allegations in paragraph 104 that are inconsistent with the contents of that spreadsheet. Kent lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 104.

105) Kent admits that he emailed a spreadsheet to the CEO of DHI Group and refers to spreadsheet for a full and complete description of its contents but denies as stated any allegations in paragraph 105 that are inconsistent with the contents of that spreadsheet. Kent lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 105.

106) Kent admits that he emailed a spreadsheet to the CEO of DHI Group and refers to spreadsheet for a full and complete description of its contents but denies as stated any allegations paragraph 106 that are inconsistent with the contents of that spreadsheet.

107) Kent admits that admits that he emailed a spreadsheet to the CEO of DHI Group and refers to spreadsheet for a full and complete description of its contents but denies as stated any allegations paragraph 107 that are inconsistent with the contents of that spreadsheet.

108) Kent admits that he emailed a spreadsheet to the CEO of DHI Group and refers to spreadsheet for a full and complete description of its contents but denies as stated any allegations paragraph 108 that are inconsistent with the contents of that spreadsheet.

109) Kent denies the allegations in paragraph 109.

110) Kent denies the allegations in paragraph 110.

111) Kent admits that he sent an email to the CEO of DHI Group on or about April 24, 2014, and refers to the email for a complete discussion but he denies the remaining allegations in paragraph 111.

112) Kent denies the allegations in paragraph 112.

113) Kent denies the allegations in paragraph 113.

114) Kent denies the allegations in paragraph 114.

115) Kent denies the allegations in paragraph 115.

116) Kent denies the allegations in paragraph 116.

117) Kent admits that a criminal complaint was filed on March 23, 2016 against him, he waived indictment, but he otherwise refers to the complaint for a full and complete description of its contents, and he denies any of the allegations that are inconsistent with such document.

118) Kent incorporates and reasserts his responses set forth in paragraphs 1 – 117 as if set forth herein.

119) Kent denies the allegations in paragraph 119.

120) Kent denies the allegations in paragraph 120.

121) Kent denies the allegations in paragraph 121.

122) Kent denies the allegations in paragraph 122.

123) Kent denies the allegations in paragraph 123.

124) Kent denies the allegations in paragraph 124.

125) Kent denies the allegations in paragraph 125.

126) Kent denies the allegations in paragraph 126.

127) Kent incorporates and reasserts his responses set forth in paragraphs 1 – 117 as if set forth herein.

128) Kent denies the allegations in paragraph 128.

129) Kent denies the allegations in paragraph 129.

130) Kent denies the allegations in paragraph 130.

131) Kent denies the allegations in paragraph 131.

132) Kent denies the allegations in paragraph 132.

133)   Kent denies the allegations in paragraph 133.

134)   Kent denies the allegations in paragraph 134.

135)   Kent denies the allegations in paragraph 135.

136)   Kent denies the allegations in paragraph 136.

137)   Kent incorporates and reasserts his responses set forth in paragraphs 1 – 117 as if set forth herein.

138)   Kent denies the allegations in paragraph 138.

139)   Kent denies the allegations in paragraph 139.

140)   Kent denies the allegations in paragraph 140.

141)   Kent denies the allegations in paragraph 141 as stated.

142)   Kent denies the allegations in paragraph 142.

143)   Kent denies the allegations in paragraph 143.

144)   Kent incorporates and reasserts his responses set forth in paragraphs 1 – 117 as if set forth herein.

145)   Kent denies the allegations in paragraph 145.

146)   Kent denies the allegations in paragraph 146.

147)   Kent denies the allegations in paragraph 147.

148)   Kent denies the allegations in paragraph 148.

149)   Kent denies the allegations in paragraph 149.

150)   Kent denies the allegations in paragraph 150.

151)   Kent denies the allegations in paragraph 151.

152)   Kent denies the allegations in paragraph 152.

153)   Kent denies the allegations in paragraph 153.

154)   Kent denies the allegations in paragraph 154.

155)   Kent incorporates and reasserts his responses set forth in paragraphs 1 – 117 as if set forth herein.

156)   Kent denies the allegations in paragraph 156.

157)   Kent denies the allegations in paragraph 157.

158)   Kent denies the allegations in paragraph 158.

159)   Kent denies the allegations in paragraph 159.

160)   Kent incorporates and reasserts his responses set forth in paragraphs 1 – 117 as if set forth herein.

161)   Kent denies the allegations in paragraph 161.

162)   Kent denies the allegations in paragraph 162.

163)   Kent denies the allegations in paragraph 163.

164)   Kent denies that Plaintiffs are entitled to a judgment in their favor as alleged in paragraph 164.

165)   Kent incorporates and reasserts his responses set forth in paragraphs 1 – 117 as if set forth herein.

166)   Kent denies the allegations in paragraph 166.

167)   Kent denies the allegations in paragraph 167.

168)   Kent denies the allegations in paragraph 168.

169)   Kent denies that Plaintiffs are entitled to a judgment in their favor as alleged in Paragraph 169.

170)   Kent incorporates and reasserts his responses set forth in paragraphs 1 – 117 as if set forth herein.

171)   Kent denies the allegations in paragraph 171.

172)   Kent denies the allegations in paragraph 172.

173)   Kent denies the allegations in paragraph 173.

174)   Kent denies the allegations in paragraph 174.

175)   Kent denies the allegations in paragraph 175.

176)   Kent denies the allegations in paragraph 176.

177)   Kent denies the allegations in paragraph 177.

178)   Kent denies that Plaintiffs are entitled to the specific relief requested in paragraph 178.

179)   Kent denies that Plaintiffs are entitled to the specific relief requested in paragraph 179.

180)   Kent denies that Plaintiffs are entitled to the specific relief requested in paragraph 180.

181)   Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

182)   Kent denies the allegations in paragraph 182 as stated.

183)   Kent denies the allegations in paragraph 183 as stated.

184)   Kent denies the allegations in paragraph 184 as stated.

185)   Kent denies the allegations in paragraph 185 as stated.

186)   Kent denies the allegations in paragraph 186 as stated.

187)   Kent denies the allegations in paragraph 187 as stated.

188)   Kent denies the allegations in paragraph 188.

189)   Kent denies the allegations in paragraph 189.

190)   Kent denies the allegations in paragraph 190.

191)   Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

192)   Kent admits that Plaintiffs have purported to state a claim under the referenced statute, but denies that this claim has any merit, and therefore denies the allegations in Paragraph 192 as stated.

193)   Kent denies the allegations in paragraph 193 as stated.

194) Kent denies the allegations in paragraph 194 as stated.

195) Kent denies the allegations in paragraph 195 as stated.

196) Kent denies the allegations in paragraph 196 as stated.

197) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

198) Kent admits that Plaintiffs have purported to state a claim under the referenced statute, but denies that this claim has any merit, and therefore denies the allegations in paragraph 198 as stated.

199) Kent denies the allegations in paragraph 199.

200) Kent denies the allegations in paragraph 200.

201) Kent denies the allegations in paragraph 201.

202) Kent denies the allegations in paragraph 202.

203) Kent denies the allegations in paragraph 203.

204) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

205) Kent denies the allegations in paragraph 205.

206) Kent denies the allegations in paragraph 206.

207) Kent denies the allegations in paragraph 207.

208) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

209) Kent denies the allegations in paragraph 209.

210) Kent denies the allegations in paragraph 210.

211) Kent denies the allegations in paragraph 211.

212) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

213) Kent denies the allegations in paragraph 213 as stated.

214) Kent denies the allegations in paragraph 214.

215) Kent denies the allegations in paragraph 215.

216) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

217) Kent denies the allegations in paragraph 217 as stated.

218) Kent denies the allegations in paragraph 218 as stated.

219) Kent denies the allegations in paragraph 219 as stated.

220) Kent denies the allegations in paragraph 220 as stated.

221) Kent denies the allegations in paragraph 221 as stated.

222) Kent denies the allegations in paragraph 222 as stated.

223) Kent denies the allegations in paragraph 223 as stated.

224) Kent denies the allegations in paragraph 224 as stated.

225) Kent denies the allegations in paragraph 225 as stated.

226) Paragraph 226 contains assertions of law to which Kent is not required to respond, however, he denies the remaining allegations in paragraph 226 as stated.

227) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

228) Kent denies the allegations in paragraph 228.

229) Kent denies the allegations in paragraph 229.

230) Kent denies the allegations in paragraph 230.

231) Kent denies the allegations in paragraph 231.

232) Kent denies the allegations in paragraph 232.

233) Kent denies the allegations in paragraph 233.

234) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

235) Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 235 as stated.

236) Kent denies the allegations in paragraph 236.

237) Kent denies the allegations in paragraph 237.

238) Kent denies the allegations in paragraph 238.

239) Kent denies the allegations in paragraph 239.

240) Kent denies the allegations in paragraph 240.

241) Kent denies the allegations in paragraph 241.

242) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

243) Kent denies the allegations in paragraph 243.

244) Kent denies the allegations in paragraph 244.

245) Kent denies the allegations in paragraph 245.

246) Kent denies the allegations in paragraph 246.

247) Kent denies the allegations in paragraph 247.

248) Kent denies the allegations in paragraph 248.

249) Kent denies the allegations in paragraph 249.

250) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

251) Kent denies the allegations in paragraph 251.

252) Kent denies the allegations in paragraph 252.

253) Kent denies the allegations in paragraph 253.

254) Kent denies the allegations in paragraph 254.

255) Kent incorporates and reasserts the responses set forth in paragraphs 1 – 117 as if set forth herein.

256) Kent denies the allegations in paragraph 256.

257) Kent denies the allegations in paragraph 257.

258) Kent denies the allegations in paragraph 258.

259) Paragraph 259 does not contain allegations to which Kent must respond; however, Kent denies them as stated.

260) Paragraph 260 does not contain allegations to which Kent must respond; however, Kent denies them as stated.

261) Paragraph 261 does not contain allegations to which Kent must respond; however, Kent denies them.

262) Kent lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 262 as stated.

263) Paragraph 263 does not contain allegations to which Kent must respond; however, Kent denies them.

264) Paragraph 264 does not contain allegations to which Kent must respond; however, Kent denies them.

265) Paragraph 265 does not contain allegations to which Kent must respond; however, Kent denies them.

266) Paragraph 266 does not contain allegations to which Kent must respond; however, Kent lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

267) Paragraph 267 does not contain allegations to which Kent must respond; however, Kent denies that Plaintiffs are entitled to the relief requested in paragraph 267(a)-(h).

## **Third Defense**

3.     Plaintiffs' claims under the Computer Fraud and Abuse Act are barred in whole or in part by the applicable statute of limitations set out in 18 U.S.C. § 1030(g).

### Fourth Defense

4.      Plaintiffs' claims under the Stored Communications Act are barred in whole or in part by the applicable statute of limitations set out in 18 U.S.C. § 2707(f).

### Fifth Defense

5.      Plaintiff's claims under the Civil RICO statute are barred in whole or in part by the applicable statute of limitations set out in 15 U.S.C. § 15b.

### Sixth Defense

6.      Plaintiffs' claims under the Texas Uniform Trade Secrets Act are barred in whole or in part by the applicable statute of limitations set out in TEX. CIV. PRAC. & REM. CODE § 16.010.

### Seventh Defense

7.      Plaintiff's common law misappropriation claims are barred in whole or in part by the applicable statute of limitations set out in TEX. CIV. PRAC. & REM. CODE § 16.010(a).

### Eighth Defense

8.      Plaintiffs' claims under the Texas Harmful Access by Computer Act are barred in whole or in part by the applicable statute of limitations set out in TEX. CIV. PRAC. & REM. CODE § 143.001(b).

### Ninth Defense

9.      Plaintiffs' claims under the Texas Theft Liability Act are barred in whole or in part by the applicable statute of limitations set out in TEX. CIV. PRAC. & REM. CODE §16.003(a).

### Tenth Defense

10.      Plaintiffs' common law misappropriation, conversion, trespass to chattels, tortious interference with present and prospective business relationships, and unfair competition claims are

barred in whole or in part by the applicable statute of limitations set out in TEX. CIV. PRAC. & REM. CODE §16.003.

### Eleventh Defense

11.　　Plaintiffs' civil conspiracy claims are barred in whole or in part by the statute of limitations set out in TEX. CIV. PRAC. & REM. CODE §16.003.

### Twelfth Defense

12.　　Plaintiffs' aiding and abetting claims do not exist under Texas law; however, in the event that they did, they would be barred in whole or in part by the applicable statute of limitations.

### Thirteenth Defense

13.　　Plaintiffs' fraud claims are barred in whole or in part by the applicable statute of limitations set out in TEX. CIV. PRAC. & REM. CODE §16.003(a)(4).

### Fourteenth Defense

14.　　Plaintiffs' breach of fiduciary duty and unfair competition claims are barred in whole or in part by the applicable statute of limitations set out in TEX. CIV. PRAC. & REM. CODE §16.004(a)(5).

### Fifteenth Defense

15.　　Plaintiffs' claims are barred in whole or in part by the defense of laches.

### Sixteenth Defense

16.　　Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, ratification, and estoppel.

### Seventeenth Defense

17.　　Plaintiffs lack standing to assert one or more of their statutory claims against Kent, and additionally, Plaintiffs lack Article III standing to assert a claim against Kent because, among

other reasons, they have suffered no injury in fact that was caused by Kent, and the requested relief will not redress the alleged injury, or alternatively, there is a small likelihood that the relief requested will redress its alleged injury. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013); *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016).

### Eighteenth Defense

18.     Any alleged acts and/or omissions on the part of Kent did not constitute the sole or joint proximate or producing cause of any injuries alleged by Plaintiffs.

### Nineteenth Defense

19.     Plaintiffs' claims and any recovery are barred in whole or in part by the failure to mitigate damages, if any, as required by law.

### Twentieth Defense

20.     Kent asserts the defense of legal justification, which bars Plaintiffs' claims in whole or in part.

### Twenty-First Defense

21.     Recovery by Plaintiffs is barred by the doctrines of unclean hands or *in pari delicto* or both.

### Twenty-Second Defense

22.     Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate and complete remedy at law, and because Plaintiffs have not suffered, and will not suffer, any irreparable injury.

### Twenty-Third Defense

23.     Plaintiffs' claims are barred to the extent Plaintiffs would be unjustly enriched by any recovery.

### Twenty-Fourth Defense

24.     Any application for equitable and/or injunctive relief against Kent must be denied because all of the required elements to obtain such extraordinary relief are entirely absent given that:  (a) Kent has not committed an act giving rise to a remedy in equity; (b) there is no imminent harm that is amenable to injunctive relief; (c) Plaintiffs have not suffered, and will not suffer, irreparable injury as a result of any wrongful act; and (d) in any event, Plaintiffs have an adequate remedy at law.

### Twenty-Fifth Defense

25.     Plaintiffs' application for injunctive relief must be denied based on a balancing of the equities among the parties.

### Twenty-Sixth Defense

26.     Plaintiffs' claims and any alleged remedies under the Computer Fraud and Abuse Act, the Stored Communications Act, and/or the RICO Act, are preempted pursuant to 18 U.S.C. § 2708 ("The remedies and sanctions described in this chapter are the only judicial remedies and sanctions for non-constitutional violations of this chapter.").

### Twenty-Seventh Defense

27.     Plaintiffs' claims are barred in whole or in part to the extent that any alleged injury or damages resulted from the negligent design of computer software, which is not actionable under 18 U.S.C. § 1030(g).

### Twenty-Eighth Defense

28.     Plaintiffs have failed to adequately plead, and cannot prove, the required predicate acts under RICO.

**Twenty-Ninth Defense**

29.     Plaintiffs lack standing to assert a RICO claim because, among other reasons, they fail to assert a concrete financial loss, and their alleged injury is not separate from any injury resulting from what Plaintiffs allege is "racketeering activity."

**Thirtieth Defense**

30.     Plaintiffs have failed to adequately plead, and cannot prove, a common "enterprise."

**Thirty-First Defense**

31.     Kent has not committed any unlawful, overt act in furtherance of any alleged civil conspiracy.

**Thirty-Second Defense**

32.     There was no required meeting of the minds between Kent and any other person or entity to violate any legal or statutory duty at issue in this case.

**Thirty-Third Defense**

33.     The alleged information at issue in this case, in whole or in part, does not constitute trade secrets, property, or proprietary information belonging to Plaintiffs and/or protected under Texas law.

**Thirty-Fourth Defense**

34.     Pursuant to TEX. CIV. PRAC. & REM. CODE § 134A.002(6), Plaintiffs' member information, internet search methods, and Google Analytics data are not trade secrets, and in any event, Plaintiffs have not taken reasonable efforts to keep them secret, they have no economic value derived from their alleged secrecy, and they were not misappropriated.

### **Thirty-Fifth Defense**

35.     Plaintiffs further failed to take sufficient action to protect or maintain the confidentiality of the information that they claim constitutes trade secrets and/or such information was in the public domain.

### **Thirty-Sixth Defense**

36.     The conduct that Plaintiffs have alleged that Kent committed in violation of the Texas Uniform Trade Secrets Act constitutes reverse engineering, and therefore Plaintiffs' recovery is barred by TEX. CIV. PRAC. & REM. CODE § 134A.002(5).

### **Thirty-Seventh Defense**

37.     Plaintiffs' claims in whole or in part are preempted by the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE § 134A.007.

### **Thirty-Eighth Defense**

38.     Plaintiffs cannot recover for fraud because they fail to meet notice pleading requirements and FED. R. CIV. P. 9(b)'s particularity requirement.

### **Thirty-Ninth Defense**

39.     Plaintiffs' claim for tortious interference with present and prospective business relationships is barred because Kent's alleged conduct was justified as that term is defined by law.

### **Fortieth Defense**

40.     Plaintiffs failed to state a claim for aiding and abetting, which does not constitute a viable cause of action under Texas law.  *New York Pizzeria, Inc. v. Syal*, 56 F. Supp. 3d 875, 884 (S.D. Tex. 2014) (Costa, J.).

### Forty-First Defense

41.     Plaintiffs have failed to state any item of special damage they claim to have suffered with specificity, as required by FED. R. CIV. P. 9(g) and, therefore, cannot recover any alleged special damages.

### Forty-Second Defense

42.     Plaintiffs have not adequately pled, and cannot prove that they have suffered a "loss" pursuant to 18 U.S.C. § 1030(c)(4)(a)(i)(I) and are barred in whole or in part from their failure to plead a recoverable loss as defined.

### Forty-Third Defense

43.     The imposition of exemplary damages against Kent in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in the following respects:

(a)     such action would impose an excessive fine within the meaning of the excessive fines clause of the Eighth Amendment to the Constitution of the United States;

(b)     such action would impose an excessive fine within the meaning of the excessive fines clause of Article 1, §§ 13 and 19 of the Constitution of the State of Texas;

(c)     such action would impose a criminal penalty without safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and without safeguards guaranteed by the Constitution of the State of Texas in Article 1, §§ 10-19;

(d)     such action would obstruct the exercise of Kent's right of access to the Courts in violation of the Due Process and Contracts clauses of the United States Constitution as applied at both state and federal levels;

(e)     as due process requires proof of gross negligence and exemplary damages by a standard greater than "preponderance of the evidence," Kent asserts that Plaintiffs are required to prove such claims beyond a reasonable doubt under the Sixth Amendment to the United States Constitution; and

(f)     assessing exemplary damages would violate the double jeopardy protection afforded a Defendant under both state and federal law.

25

### Forty-Fourth Defense

44.     Plaintiffs' exemplary damages are limited by TEX CIV. PRAC. & REM. CODE § 41.008.

### Forty-Fifth Defense

45.     Pursuant to TEX. CIV. PRAC. & REM. CODE § 41.003, exemplary damages are not recoverable against Kent given that there is no evidence that any harm caused by Kent resulted from fraud, malice or gross negligence, much less the clear and convincing evidence required by statute.

### Conclusion

Accordingly, Defendant David W. Kent, Jr., requests that Plaintiffs DHI Group, Inc. f/k/a Dice Holdings, Inc. and Rigzone.com, Inc.'s civil action be dismissed with prejudice, that Plaintiffs take nothing by reason of their action, that Defendant, David W. Kent, Jr. recover his reasonable and necessary attorneys' fees, costs of court, and expert fees, as well as such other and further relief, legal or equitable, general or special, to which it shows itself justly and equitably entitled.

Respectfully submitted,


 /s/ *Susan L. Bickley*
Susan L. Bickley
State Bar No. 02298150
Southern District of Texas Bar No. 6869

ATTORNEYS FOR DAVID W. KENT, JR.,
DEFENDANT

OF COUNSEL:

Barry Abrams
State Bar No. 00822700
Southern District of Texas Bar No. 2138
Jack W.  Higdon
State Bar No. 24007360
Emery G. Richards
State Bar No. 24093038
BLANK ROME LLP
717 Texas Ave, Suite 1400
Houston, Texas 77002
Tel:  (713) 228-6601
Fax: (713) 228-6605

## <u>CERTIFICATE OF SERVICE</u>

  I certify that all counsel of record who are Filing Users of the Electronic Case Files System of the Southern District of Texas have been served a true and correct copy of the foregoing by electronic submission for filing on July 15, 2016.

/s/ <i>Susan L. Bickley</i>     
Susan L. Bickley
