## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, Estevan Durfin, Matthew Kent, Bryan Robins, Jeremy Antonini, and John Does Nos. 1-10, <br><br> Defendants. | Civil Action Number: 16-cv-01670 |
| Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Counter-Defendants. | |

## Oilpro's Amended Answer and Counterclaims for Injunctive Relief

Defendant Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com ("Oilpro" and "Counter-Plaintiff") files its amended answer and counterclaims against Plaintiffs and Counter-Defendants DHI Group, Inc. f/k/a Dice Holdings, Inc. ("DHI Group") and Rigzone.com, Inc. ("Rigzone" and together with DHI Group, the "Counter-Defendants"), as permitted by Federal Rule of Civil Procedure 15(a)(1)(B).

## Oilpro's Answer to Original Complaint

1.      Oilpro admits that the Original Complaint purports to assert the causes of action alleged in Paragraph 1 but denies that it is liable for the causes of action referenced in paragraph 1.

2.       Oilpro denies the allegations in paragraph 2 as stated.

3.      Oilpro denies the allegations in paragraph 3 as stated.

4.      Oilpro admits that David Kent is facing criminal charges in New York federal court for conspiracy and wire fraud and further admits on information and belief that Dufrin appears to have become a cooperating witness with authorities; Oilpro denies the remaining allegations in paragraph 4 as stated.

5.      Oilpro admits the allegations in paragraph 5 as stated.

6.      Oilpro admits the allegations in paragraph 6 as stated.

7.      Oilpro admits the allegations in paragraph 7.

8.      Oilpro admits the allegations in paragraph 8.

9.      Oilpro admits the allegations in paragraph 9 as stated.

10.     Oilpro admits that Matthew Kent resides in Texas but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 10 as stated.

11.     Oilpro admits the allegations in paragraph 11 as stated.

12.     Oilpro admits that Jeremy Antonini resides in Texas but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 12 as stated.

13.     Oilpro denies the allegations in paragraph 13 as stated.

14.     Oilpro denies the allegations in paragraph 14 as stated.

15.     Oilpro admits that the Plaintiffs assert federal claims but denies the remaining allegations in paragraph 15 as stated.

16.     Oilpro admits that the Plaintiffs assert state claims but denies the remaining allegations in paragraph 16 as stated.

17.     Oilpro admits that David Kent resides in Montgomery County, Texas and further admits that Montgomery County lies within the territorial boundary of the Houston Division of the Southern District of Texas, denies that any wrongful conduct occurred, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 17 as stated.

18.     Oilpro admits that this Court has personal jurisdiction over it but denies the remaining allegations in paragraph 18 as stated.

19.     Oilpro admits that venue for this lawsuit is proper in this Court but denies the remaining allegations in paragraph 19 as stated.

20.     Oilpro admits that Rigzone.com aggregated industry news and offered job postings for professionals working in the oil and gas industry but denies the remaining allegations in paragraph 20 as stated.

21.     Oilpro admits that in August 2010, DHI Group acquired Rigzone but Oilpro denies the remaining allegations in paragraph 21 as stated.

22.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 22 as stated.

23.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 23 as stated.

24.     Oilpro admits that Rigzone has offered an online platform specific to professionals in the energy industry and therefore denies the remaining allegations in paragraph 24 as stated.

25.     Oilpro admits that prior to DHI Group's acquisition, Rigzone allowed oil and gas professionals to upload resumes to its website; that those resumes were assigned unique numerical identifiers; and were maintained on a database but Oilpro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 25 as stated.

26.     Oilpro admits that prior to DHI Group's acquisition, Rigzone allowed oil and gas professionals to upload their resumes which could be used to apply for job openings posted by recruiters and employers and that recruiters and employers who paid for access could solicit Rigzone candidates directly for job opportunities (depending on an individual candidate's privacy settings) but Oilpro denies the remaining allegations in paragraph 26 as stated.

27.     Oilpro denies the allegations in paragraph 27 as stated.

28.     Oilpro admits that prior to the acquisition by DHI Group, Rigzone derived revenue from selling advertising space on its website but Oilpro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 28 as stated.

29.     Oilpro denies the allegations in paragraph 29 as stated.

30.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 30 as stated.

31.     Oilpro denies the allegations in paragraph 31 as stated.

32.    Oilpro denies the allegations in paragraph 32 as stated.

33.    Oilpro admits that (a) David Kent complied with the non-compete agreement with DHI Group, (b) David Kent publicly announced the launch of oilpro.com on October 1, 2013, and (c) oilpro.com was available to the entire public on October 1, 2013 but Oilpro denies the remaining allegations in paragraph 33.

34.    Oilpro denies the allegations in paragraph 34 as stated.

35.    Oilpro denies the allegations in paragraph 35 as stated.

36.    Oilpro admits that Rigzone.com permitted direct access to the resumes of Rigzone's candidates without account credentials; Oilpro denies the remaining allegations in paragraph 36 as stated.

37.    Oilpro denies the allegations in paragraph 37 as stated.

38.    Oilpro denies the allegations in paragraph 38 as stated.

39.    Oilpro admits that after the sale of Rigzone to DHI Group, David Kent continued to work with Rigzone as an employee of DHI Group but denies the remaining allegations in paragraph 39 as stated.

40.    Oilpro admits that David Kent caused the incorporation of SIOPCO but Oilpro denies the remaining allegations in paragraph 40 as stated.

41.    Oilpro admits that Oilpro.com displayed a countdown ticker prior to its launch but Oilpro denies the remaining allegations in paragraph 41 as stated.

42.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 42 as stated.

43.    Oilpro admits that Oilpro.com launched in October 2013 but Oilpro denies the remaining allegations in paragraph 43 as stated.

44.     Oilpro admits that Dufrin was hired by Oilpro following the expiration of his non-compete, that Dufrin at one time reported to David Kent, and is currently employed by Oilpro but Oilpro denies the remaining allegations in paragraph 44 as stated.

45.     Oilpro admits that former Rigzone employees have joined Oilpro but Oilpro denies the remaining allegations in paragraph 45 as stated.

46.     Oilpro admits that Matthew Kent was hired by Oilpro, is David Kent's brother, and was previously employed by Rigzone but Oilpro denies the remaining allegations in paragraph 46 as stated.

47.     Oilpro admits that Robins was hired by Oilpro and had previously been employed by Rigzone but Oilpro denies the remaining allegations in paragraph 47 as stated.

48.      Oilpro admits that Antonini was hired by Oilpro and was previously employed by Rigzone but Oilpro denies the remaining allegations in paragraph 48 as stated.

49.     Oilpro denies the allegations in paragraph 49 as stated.

50.     Oilpro denies the allegations in paragraph 50 and the footnote thereto as stated.

51.     Oilpro denies the allegations in paragraph 51 as stated.

52.     Oilpro admits that David Kent sent an email to the CEO of DHI Group on April 24, 2014, and refers to the email for a full and complete description but Oilpro otherwise denies any allegations in paragraph 52 that are inconsistent with that document.

53.     Oilpro refers to the email referenced in paragraph 53 for a full and complete description but Oilpro denies the remaining allegations in paragraph 53 as stated.

54.     Oilpro denies the allegations in paragraph 54 as stated.

55.     Oilpro admits that by January 2016, the Oilpro database had grown to at least 500,000 members but Oilpro denies the remaining allegations in paragraph 55 as stated.

56.     Oilpro denies the allegations in paragraph 56 as stated.

57.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 57 as stated.

58.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 58 as stated.

59.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 59 as stated.

60.     Oilpro admits that on or about April 14, 2014, David Kent caused emails to be sent to Rigzone candidates but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 60 as stated.

61.     Oilpro denies that an HTTP request is as described but Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 61 as stated.

62.     Oilpro denies the allegations in paragraph 62 as stated.

63.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 63 as stated.

64.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 64 as stated.

65.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 65 as stated.

66.    Oilpro admits that an email address associated with David Kent was used to register and pay for an account with UK DSL and that emails were sent to that address regarding a username and password with UK DSL but Oilpro denies the remaining allegations in paragraph 66 as stated.

67.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 67 as stated.

68.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 68 as stated.

69.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 69 as stated.

70.    Oilpro denies the allegations in paragraph 70 as stated.

71.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 71 as stated.

72.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 72 as stated.

73.    Oilpro admits that on or about April 24, 2014, David Kent communicated with the CEO of DHI Group and otherwise denies the allegations in paragraph 73 as stated.

74.     Oilpro admits that DHI Group did not offer to invest in or acquire Oilpro but Oilpro denies the remaining allegations in paragraph 74 as stated.

75.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 75 as stated.

76.     Oilpro admits that Dufrin accessed a Google Analytics account registered to Plaintiffs on or about January 20, 2015, and that David Kent and Dufrin exchanged emails on or about January 20, 2015, and refers to those communications for a full and complete description and denies the remaining allegations in paragraph 76 as stated.

77.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 77 as stated.

78.     Oilpro admits that David Kent and Dufrin sent emails to one another on or about January 21, 2015, and refers to the email for a full and complete description but denies the remaining allegations in paragraph 78 as stated.

79.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 79 as stated.

80.     Oilpro admits that David Kent and Dufrin exchanged emails on or about June 10, 2015; that David Kent wrote an email to several Oilpro employees of Oilpro on or about December 8, 2014; and Oilpro refers to those communications for a full and complete description but Oilpro denies the remaining allegations in paragraph 80 and the footnote thereto as stated.

81.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 81 as stated.

82.     Oilpro denies the allegations in paragraph 82 as stated.

83.     Oilpro admits that David Kent exchanged emails with Dufrin on or about June 11, 2015, and refers to the email for a full and complete description but denies the remaining allegations in paragraph 83 as stated.

84.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 84 as stated.

85.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 85 as stated.

86.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 86 as stated.

87.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 87 as stated.

88.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 88 as stated.

89.     Oilpro denies the allegations in paragraph 89 as stated.

90.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 90 as stated.

91.     Oilpro denies the allegations in paragraph 91 as stated.

92.     Oilpro admits that on or about October 25, 2015, David Kent sent an email to the CEO of DHI Group and refers to the email for a full and complete description but denies the remaining allegations in paragraph 92 as stated.

93.     Oilpro denies the allegations in paragraph 93 as stated.

94.      Oilpro admits that on or about October 28, 2015, David Kent sent an email to the CEO of DHI Group and refers to the email for a full and complete description but Oilpro denies the remaining allegations in paragraph 94 as stated.

95.     Oilpro admits that David Kent emailed the CEO of DHI Group in early November and refers to the email for a full and complete description but Oilpro denies the remaining allegations in paragraph 95 as stated.

96.     Oilpro admits that on or about November 11, 2015, David Kent emailed the CEO of DHI Group and refers to the email for a full and complete description but Oilpro denies the remaining allegations in paragraph 96 as stated.

97.     Oilpro admits that on or about November 25, 2015, David Kent emailed the CEO of DHI Group and refers to the email for a full and complete description but Oilpro denies the remaining allegations in paragraph the allegations in paragraph 97 as stated.

98.     Oilpro admits that on or about December 2015, David Kent had a conference call with various employees of DHI Group regarding a number of subjects including Oilpro and its growth strategies but Oilpro denies the remaining allegations in paragraph 98 as stated.

99.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 99 as stated.

100.    Oilpro denies the allegations set forth in the last sentence of paragraph 100 and lacks knowledge or information sufficient to form a belief about the truth of the remain-

ing allegations in this paragraph and therefore denies the remaining allegations in paragraph 100 as stated.

101.   Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 101 as stated.

102.   Oilpro admits that on or about January 20, 2016, David Kent met with DHI Group in New York City and discussed a number of topics including growth strategies but Oilpro denies the allegations in paragraph 102 as stated.

103.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations paragraph 103 that are inconsistent with the contents of that spreadsheet.

104.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations paragraph 104 that are inconsistent with the contents of that spreadsheet. Oilpro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in 104.

105.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations paragraph 105 that are inconsistent with the contents of that spreadsheet. Oilpro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in 105.

106.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spread-

sheet for a full and complete description but Oilpro denies as stated any allegations paragraph 106 that are inconsistent with the contents of that spreadsheet.

107.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations in paragraph 107 that are inconsistent with the contents of that spreadsheet.

108.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of the spreadsheet and email for a full and complete description but Oilpro denies as stated any allegations in paragraph  108 that are inconsistent with that email and spreadsheet.

109.   Oilpro denies the allegations in paragraph 109 as stated.

110.   Oilpro denies the allegations in paragraph 110 as stated.

111.   Oilpro admits that David Kent sent an email to the CEO of DHI Group on or about April 24, 2014, and refers to the email for a complete discussion but Oilpro denies the remaining allegations in paragraph 111 as stated.

112.   Oilpro denies the allegations in paragraph 112 as stated.

113.   Oilpro denies the allegations in paragraph 113 as stated.

114.   Oilpro denies the allegations in paragraph 114 as stated.

115.   Oilpro denies the allegations in paragraph 115 as stated.

116.   Oilpro denies the allegations in paragraph 116 as stated.

117.   Oilpro admits that a criminal complaint was filed on March 23, 2016, against David Kent, that David Kent waived indictment and Oilpro refers to the complaint for a full and complete description.

118.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

119.   Oilpro denies the allegations in paragraph 119 as stated.

120.   Oilpro denies the allegations in paragraph 120 as stated.

121.   Oilpro denies the allegations in paragraph 121 as stated.

122.   Oilpro denies the allegations in paragraph 122 as stated.

123.   Oilpro denies the allegations in paragraph 123 as stated.

124.   Oilpro denies the allegations in paragraph 124 as stated.

125.   Oilpro denies the allegations in paragraph 125 as stated.

126.   Oilpro denies the allegations in paragraph 126 as stated.

127.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

128.   Oilpro denies the allegations in paragraph 128 as stated.

129.   Oilpro denies the allegations in paragraph 129 as stated.

130.   Oilpro denies the allegations in paragraph 130 as stated.

131.   Oilpro denies the allegations in paragraph 131 as stated.

132.   Oilpro denies the allegations in paragraph 132 as stated.

133.   Oilpro denies the allegations in paragraph 133 as stated.

134.   Oilpro denies the allegations in paragraph 134 as stated.

135.   Oilpro denies the allegations in paragraph 135 as stated.

136.   Oilpro denies the allegations in paragraph 136 as stated.

137.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

138.   Oilpro denies the allegations in paragraph 138 as stated.

139.   Oilpro denies the allegations in paragraph 139 as stated.

140.    Oilpro denies the allegations in paragraph 140 as stated.

141.   Oilpro denies the allegations in paragraph 141 as stated.

142.   Oilpro denies the allegations in paragraph 142 as stated.

143.   Oilpro denies the allegations in paragraph 143 as stated.

144.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

145.   Oilpro denies the allegations in paragraph 145 as stated.

146.   Oilpro denies the allegations in paragraph 146 as stated.

147.   Oilpro denies the allegations in paragraph 147 as stated.

148.   Oilpro denies the allegations in paragraph 148 as stated.

149.   Oilpro denies the allegations in paragraph 149 as stated.

150.   Oilpro denies the allegations in paragraph 150 as stated.

151.   Oilpro denies the allegations in paragraph 151 as stated.

152.   Oilpro denies the allegations in paragraph 152 as stated.

153.   Oilpro denies the allegations in paragraph 153 as stated.

154.   Oilpro denies the allegations in paragraph 154 as stated.

155.   Paragraph 155 relates to a claim against David Kent and Dufrin but Oilpro nevertheless incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

156.    Paragraph 156 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in Paragraph 156.

157.    Paragraph 157 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in Paragraph 157.

158.    Paragraph 158 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 158.

159.    Paragraph 159 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 159.

160.    Paragraph 155 relates to a claim against David Kent and Dufrin but Oilpro nevertheless incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

161.    Paragraph 161 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 161.

162.    Paragraph 162 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 162.

163.    Paragraph 163 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 163.

164.   Paragraph 164 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 164.

165.   Paragraph 165 relates to a claim against David Kent and Dufrin but Oilpro nevertheless incorporates and realleges the responses set forth in paragraphs 1 – 164 as if set forth herein.

166.   Paragraph 166 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 166.

167.   Paragraph 167 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 167.

168.   Paragraph 168 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 168.

169.   Paragraph 169 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 169.

170.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

171.   Oilpro denies the allegations in paragraph 171 as stated.

172.   Oilpro denies the allegations in paragraph 172 as stated.

173.   Oilpro denies the allegations in paragraph 173 as stated.

174.   Oilpro denies the allegations in paragraph 174 as stated.

175.   Oilpro denies the allegations in paragraph 175 as stated.

176.   Oilpro denies the allegations in paragraph 176 as stated.

177.   Oilpro denies the allegations in paragraph 177 as stated.

178.   Oilpro denies the allegations in paragraph 178 as stated.

179.   Oilpro denies the allegations in paragraph 179 as stated.

180.   Oilpro denies the allegations in paragraph 180 as stated.

181.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

182.   Oilpro denies the allegations in paragraph 182 as stated.

183.   Oilpro denies the allegations in paragraph 183 as stated.

184.   Oilpro denies the allegations in paragraph 184 as stated.

185.   Oilpro denies the allegations in paragraph 185 as stated.

186.    Oilpro denies the allegations in paragraph 186 as stated.

187.   Oilpro denies the allegations in paragraph 187 as stated.

188.   Oilpro denies the allegations in paragraph 188 as stated.

189.   Oilpro denies the allegations in paragraph 189 as stated.

190.   Oilpro denies the allegations in paragraph 190 as stated.

191.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

192.   Paragraph 192 does not contain any allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 192 as stated.

193.   Oilpro denies the allegations in paragraph 193 as stated.

194.   Oilpro denies the allegations in paragraph 194 as stated.

195.   Oilpro denies the allegations in paragraph 195 as stated.

196.   Oilpro denies the allegations in paragraph 196 as stated.

197.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

198.   Oilpro denies the allegations in paragraph 198 as stated.

199.   Oilpro denies the allegations in paragraph 199 as stated.

200.   Oilpro denies the allegations in paragraph 200 as stated.

201.   Oilpro denies the allegations in paragraph 201 as stated.

202.   Oilpro denies the allegations in paragraph 202 as stated.

203.   Oilpro denies the allegations in paragraph 203 as stated.

204.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

205.   Oilpro denies the allegations in paragraph 205 as stated.

206.   Oilpro denies the allegations in paragraph 206 as stated.

207.   Oilpro denies the allegations in paragraph 207 as stated.

208.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

209.   Oilpro denies the allegations in paragraph 209 as stated.

210.   Oilpro denies the allegations in paragraph 209 as stated.

211.   Oilpro denies the allegations in paragraph 211 as stated.

212.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

213.   Oilpro denies the allegations in paragraph 213 as stated.

214.   Oilpro denies the allegations in paragraph 214 as stated.

215.   Oilpro denies the allegations in paragraph 215 as stated.

216.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

217.   Oilpro denies the allegations in paragraph 217 as stated.

218.   Oilpro denies the allegations in paragraph 218 as stated.

219.   Oilpro denies the allegations in paragraph 219 as stated.

220.   Oilpro denies the allegations in paragraph 220 as stated.

221.   Oilpro denies the allegations in paragraph 221 as stated.

222.   Oilpro denies the allegations in paragraph 222 as stated.

223.   Oilpro denies the allegations in paragraph 223 as stated.

224.   Oilpro denies the allegations in paragraph 224 as stated.

225.   Oilpro denies the allegations in paragraph 225 as stated.

226.   Oilpro denies the allegations in paragraph 226 as stated.

227.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

228.   Oilpro denies the allegations in paragraph 228 as stated.

229.   Oilpro denies the allegations in paragraph 229 as stated.

230.   Oilpro denies the allegations in paragraph 230 as stated.

231.   Oilpro denies the allegations in paragraph 231 as stated.

232.    Oilpro denies the allegations in paragraph 232 as stated.

233.   Oilpro denies the allegations in paragraph 233 as stated.

234.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

235.    Oilpro denies the allegations in paragraph 235 as stated.

236.    Oilpro denies the allegations in paragraph 236 as stated.

237.    Oilpro denies the allegations in paragraph 237 as stated.

238.    Oilpro denies the allegations in paragraph 238 as stated.

239.    Oilpro denies the allegations in paragraph 239 as stated.

240.    Oilpro denies the allegations in paragraph 240 as stated.

241.    Oilpro denies the allegations in paragraph 241 as stated.

242.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

243.    Oilpro denies the allegations in paragraph 243 as stated.

244.    Oilpro denies the allegations in paragraph 244 as stated.

245.    Oilpro denies the allegations in paragraph 245 as stated.

246.    Oilpro denies the allegations in paragraph 246 as stated.

247.    Oilpro denies the allegations in paragraph 247 as stated.

248.    Oilpro denies the allegations in paragraph 248 as stated.

249.    Oilpro denies the allegations in paragraph 249 as stated.

250.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

251.    Oilpro denies the allegations in paragraph 251 as stated.

252.    Oilpro denies the allegations in paragraph 252 as stated.

253.    Oilpro denies the allegations in paragraph 253 as stated.

254.    Oilpro denies the allegations in paragraph 254 as stated.

255.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

256.    Oilpro denies the allegations in paragraph 256 as stated.

257.    Oilpro denies the allegations in paragraph 257 as stated.

258.    Oilpro denies the allegations in paragraph 258 as stated.

259.    Paragraph 259 does not contain allegations to which Oilpro must respond; to the extent Paragraph 259 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 259 as stated.

260.    Oilpro denies the allegations in paragraph 260 as stated.

261.    Oilpro denies the allegations in paragraph 261 as stated.

262.    Oilpro denies the allegations in paragraph 262 as stated.

263.    Paragraph 263 does not contain allegations to which Oilpro must respond; to the extent Paragraph 263 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 263.

264.    Paragraph 264 does not contain allegations to which Oilpro must respond; to the extent Paragraph 264 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 264.

265.    Paragraph 265 does not contain allegations to which Oilpro must respond; to the extent Paragraph 265 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 265.

266.    Paragraph 266 does not contain allegations to which Oilpro must respond; to the extent Paragraph 266 does contain allegations to which Oilpro must respond, Oilpro

lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 266.

267.   Paragraph 267 does not contain allegations to which Oilpro must respond; to the extent Paragraph 267 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 267.

## II.  Affirmative Defenses

1.     Plaintiffs' claims are barred by waiver, estoppel and release.

2.     Plaintiffs have failed to mitigate or to reasonably attempt to mitigate their damages, if any, and Oilpro is entitled to an offset in the amount Plaintiffs could have mitigated their damages.

3.     Plaintiffs' damages, if any, are subject to offset for damages caused by Plaintiffs' conduct.

4.     Plaintiffs' claims are barred by laches.

5.     Plaintiffs' claims are barred under the doctrine of unclean hands.

6.     Plaintiffs' claims are barred by fraud.

7.     Plaintiffs' claims are barred because Plaintiffs' own acts and omissions caused or contributed to the Plaintiffs' injury.

8.     Plaintiffs' claims are barred by the applicable statute of limitations.

9.     Plaintiffs' Computer Fraud and Abuse Act claims (Counts 1 – 3) are barred by the 2-year statute of limitation set by 18 U.S.C. 1030(g).

10.    Plaintiffs' Texas Harmful Access by Computer Act claim (Count 10) is barred by the two-year statute of limitations set by Tex. Civ. P. Rem. Code § 143.001(b).

11.    Plaintiffs' Texas Theft Liability Act, Conversion, Trespass to Chattels, and Tortious Interference with Present and Prospective Business Relationships claims

(Counts 11 – 13 and 17) are barred by the two-year statute of limitations set by Tex. Civ. P. Rem. Code § 16.003(a).

12.     Plaintiffs' civil conspiracy claim (Count 18) is barred by the two-year statute of limitations imposed by Texas law and also by the statutes of limitations for the underlying torts.

13.     Plaintiffs' aiding and abetting claim (Count 19) is barred by the statutes of limitations for the underlying torts.

14.     Oilpro reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

### III.  Exemplary Damages Cap

15.     If Oilpro is found liable for exemplary damages, those damages must be capped under Texas Civil Practice & Remedies Code section 134A.004(b), the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution.

## Oilpro's Counterclaims Against DHI Group and Rigzone

## I. Parties

1.      Counter-Plaintiff Single Integrated Operations Portal, Inc. d/b/a Oilpro and Oilpro.com is a Texas corporation with its principal place of business in Houston.

2.      Counter-Defendant DHI Group, Inc. is a Delaware corporation and maintains its principal place of business in New York, New York and is a party to this action.

3.      Counter-Defendant Rigzone.com, Inc. is a Texas corporation and maintains its principal place of business in Houston, Texas and is a party to this action.

## II.  Jurisdiction and Venue

**A.      Jurisdiction**

4.      This Court has subject matter jurisdiction pursuant to the Copyright Act, 17 U.S.C. § 101 *et. seq.*

5.      This Court has supplemental jurisdiction over Counter-Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are so closely related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy and therefore make the Court's exercise of supplemental jurisdiction appropriate.

6.      This Court has both general and specific jurisdiction over Counter-Defendant DHI Group and Rigzone given their Original Complaint and that Counter-Defendant Rigzone's business operates in the Southern District of Texas, This Court has general and/or specific jurisdiction over Oilpro because it maintains its principal place of business in Texas.

**B.      Venue**

7.      Venue is proper in this division under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Counter-Plaintiff's causes of action oc-

curred in this Division and because Rigzone maintains its principal place of business in this Division.

## III.  Factual Background

**A.      The Oilpro Website is a professional networking and social media site for oil and gas professionals.**

8.      Oilpro owns and operates the website www.oilpro.com (the "Oilpro Website"), a social media website developed specifically for professionals in the oil and gas industry.

9.      The Oilpro Website allows members to stay informed on the latest news in the industry, connect and network with other oil and gas professionals, publish and share posts about the industry, and search for new job opportunities.

10.      The only way for an individual to become an Oilpro member is to visit the Oilpro Website and create a profile. The only information that is required for membership is an email address and the user's first and last name. Members can also upload their photo and create a member profile to share a variety of information with other members including information about their education, industry experience, skills, citizenship, languages, and contact information. Oilpro members can also upload their resumes or CVs to their profile.  The new Oilpro member can then connect to his or her contacts who are already Oilpro members and also send invitations to other colleagues and contacts who have not yet joined Oilpro. Currently, there are over 600,000 Oilpro members.

11.      Thousands of Oilpro members have uploaded their resumes to their Oilpro member profile, but these resumes are only available outside of the Oilpro member's profile when the member submits the resume to an employer or recruiter, in response to a job posting. Employers and recruiters can submit job postings to Oilpro for free or they can purchase a "Pro" subscription that grants access to additional tools and options.

12.     When individuals use the Oilpro Website, they agree to Oilpro's Terms and Conditions, which are attached as **Exhibit A** and provide, in relevant part, that users and members may not:

> a.      Use automated means, including spiders, robots, crawlers, agents, or the like to download data from any database of Oilpro, or from the Site itself (for example, site or page scraping is prohibited).
>
> b.      Harvest or otherwise collect or store information about others, including e-mail addresses.
>
> c.      Use, download or otherwise copy, or provide (whether or not for a fee) to a person or entity any directory of users of the Services or other user or usage information or any portion thereof.

13.     The Oilpro Website is an original work. Among the significant original elements of the Oilpro Website are the distinctive page layout, design, graphical elements, and organization of member profile pages, as well as the Oilpro homepage and news feed. Oilpro has submitted an application for US copyright registration for the Oilpro Website, assigned Case No. 1-3838435591. *See* **Exhibit B.**

14.     Oilpro has invested and plans to continue investing substantial time, labor, skill, and financial resources into the development and maintenance of the Oilpro site.

**B.      The Oilpro Website contains technological safeguards and security measures to protect Oilpro from unauthorized access.**

15.     Oilpro protects the integrity and security of its network and systems. Among other things, it employs an array of certain technological safeguards and barriers designed to prevent data scrapers and other wrongdoers from gaining unauthorized access to the Oilpro Website.

16.     Oilpro employs technical protocols designed to limit the sorts of bots and webcrawlers that can access the Website.

17.     For example, Oilpro employs a robots.txt file, a safeguard that provides a set of instructions to any automated technologies visiting the Oilpro Website. While Oilpro's robots.txt file permits some webcrawlers (e.g., search engines) to view the entire site, it prohibits and is intended to prevent automated programs like those used by nefarious data scrapers.

18.     Oilpro also blocks automated technologies from scraping the data from the Oilpro Website by monitoring for automated technologies and then blocking the IP addresses from accessing Oilpro's computer systems. Oilpro also blocks automated software from scraping the data from the Oilpro Website through website activity monitoring software and blocking offending IP addresses via Windows Advanced Firewall Software provided by Microsoft (the Robot.txt file, monitoring software, and firewall software constitute the "Technological Safeguards").

## C.     The Rigzone Website is an employment website, focused on the oil and gas industry.

19.     Counter-Defendants own several online recruiting websites, including the website www.rigzone.com (the "Rigzone Website"), which is used by professionals in the oil and gas industry to access news about the industry, search for jobs, and buy and sell oilfield equipment. The Rigzone Website is not a social media website; it does not allow its members to connect and network with other oil and gas professionals. The Rigzone Website is a traditional job board system. To become a Rigzone member, a user must provide Rigzone with his or her email address, contact information, and current employer. Rigzone members cannot connect to other Rigzone members or invite others to join Rigzone.

## D.     The Counter-Defendants scraped member profile pages from the Oilpro Website and posted them on the DHI Open Web commercial service.

20.     On or before June 16, 2015, Counter-Defendants knowingly and intentionally circumvented the Technological Safeguards and other Oilpro security measures to use automated means to access the Oilpro Website and download data, member profiles, and

other information from the Oilpro Website. This conduct is explicitly barred by the Oilpro Terms and Conditions, which states that users may not "[u]se automated means, including spiders, robots, crawlers, agents, or the like to download data from any database of Oilpro, or from the Site itself."

21.     Upon information and belief, Counter-Defendants have scraped information from websites other than the Oilpro Website in a similar fashion and have developed a negative reputation for this activity on various Internet media websites.

22.     Counter-Defendants then published information from the Oilpro Website on a website owned by DHI Group called Dice Open Web at www.dice.com/open-web (the "DHI Open Web Website"). Counter-Defendants marketed the DHI Open Web Website to paying subscribers (employers and the like) as a way for them to access resume and contact information for possible employment candidates in one convenient location—the DHI Open Web Website—rather than purchasing subscriptions at additional websites like the Oilpro Website.

23.     Counter-Defendants did not obtain authority from Oilpro or its members to post the information from the profiles to their website. This activity caused Oilpro reputational damages as well as lost business revenues.

**E.     Counter-Defendants December 31, 2015 10K filing warns that their practices may not be lawful.**

24.     In its December 31, 2015 10K filing with the US Securities and Exchange Commission, DHI Group disclosed: "We may be liable with respect to the collection, storage and use of the personal and professional information of our professionals and our current practices may not be in compliance with proposed new laws and regulations." DHI Group employed unlawful methods to collect personal and professional information from Oilpro and other Internet-based companies with full knowledge that its practices were not in compliance with the other companies' terms and conditions or governing laws.

**F.      Counter-Defendants have caused and threaten ongoing harm to Oilpro.**

25.      Counter-Defendants' knowingly and intentionally breached the Oilpro Terms and Conditions—which they agreed to abide by when they used the Oilpro Website—and circumvented the Technological Safeguards employed by Oilpro. In so doing, they have violated federal law, including the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et. seq. (the "DMCA"), and engaged in unlawful acts of breach of contract and trespass.

26.      Counter-Defendants' unlawful conduct of pilfering data from the Oilpro website degrades the value of Oilpro's recruitment products, in which Oilpro has invested substantially over the years. Oilpro has also suffered and will continue to suffer additional harms as a result of Counter-Defendants' activities, including, but not limited to, increased strain on and disruption of its network servers and the expenditure of time and resources to investigate and respond to this misconduct.

27.      Oilpro has suffered harm to its computer systems, and has expended significant human, financial, and technological resources, investigating and responding to Counter-Defendants' unlawful activities, at a cost to Oilpro of more than $5,000.

## IV.  Claims for Relief

### Count 1: Trespass to Chattels

28.      Counter-Plaintiff repeats and realleges the allegations set forth in paragraphs 1–27 as if fully set forth herein.

29.      Counter-Defendants intentionally, and without authorization, accessed and interacted with the Oilpro Website and Oilpro's computer systems and servers.

30.      Counter-Defendants' access to the Oilpro Website and the information contained therein required Counter-Defendants to abide by the Oilpro Terms and Conditions. By violating the Oilpro Terms and Conditions, Counter-Defendants unlawfully gained

access to and interfered and intermeddled with the Oilpro Website and Oilpro's computer systems and servers.

31.     Counter-Defendants' unauthorized interference with and access to the Oilpro Website and Oilpro's computer systems and servers among other harms, reduces Oilpro's capacity to service its users because it occupies and uses Oilpro's resources.

32.     Counter-Defendants' conduct constitutes trespass and the threat of future injury to Oilpro requires that Counter-Defendants be enjoined from continuing such conduct.

## Count 2: Breach of Contract

33.     Counter-Plaintiff repeats and realleges the allegations set forth in paragraphs 1–32 as if fully set forth herein.

34.     Use of the Oilpro Website and use of Oilpro services are governed by and subject to the Oilpro Terms and Conditions.

35.     Counter-Defendants accessed the Oilpro website and accepted and agreed to the Oilpro Terms and Conditions, which are enforceable and binding on the Counter-Defendants.

36.     Defendants accessed the Oilpro Website with knowledge of the Oilpro Terms and Conditions and all of the prohibitions. Despite their knowledge of the User Agreement and the prohibitions contained therein.  Counter-Defendants accessed and continue to access the Oilpro Website to, among other things, scrape, crawl, or use other automated technology or software to gain access to the Oilpro Website without the consent of Oilpro.

37.     Counter-Defendants' actions, as described above, have willfully, repeatedly, and systematically breached the Oilpro Terms and Conditions.

38.     Oilpro has performed all conditions, covenants, and promises required of it in accordance with the Oilpro Terms and Conditions.

39.     Counter-Defendants' conduct constitutes breach of contract and the threat of future injury to Oilpro requires that Counter-Defendants be enjoined from any continued breach and to ameliorate and mitigate the injuries of Oilpro. Oilpro is entitled to injunctive relief against Counter-Defendant, enjoining it from further breaches of the Oilpro Terms and Conditions.

## Count 3: Violations of Digital Millennium Copyright Act

40.     Counter-Plaintiff repeats and realleges the allegations set forth in paragraphs 1–39 as if fully set forth herein.

41.     Oilpro employs the Technological Safeguards to protect Oilpro's computers and servers from unauthorized access. The Technological Safeguards effectively control access to the copyright materials on the Oilpro Website, including the homepage, news-feed, and member profile pages, and protect Oilpro's exclusive rights in these copyrighted materials.

42.     Despite Oilpro's best efforts to protect the Oilpro Website from unauthorized access, Counter-Defendants circumvented the Technological Safeguards and gained unauthorized access to  Oilpro's copyrighted materials, including without limitation the copyrighted Oilpro Website, in violation of 17 U.S.C. § 12091(a).

43.     Counter-Defendants' circumventions have caused Oilpro irreparable harm. Unless restrained and enjoined, Defendants will continue to commit such acts. Oilpro's remedies at law are not adequate to compensate it for these inflicted and threatened injuries, and thus Oilpro is entitled to injunctive relief as provided by 17 U.S.C. § 1203.

## Count 4: Copyright Infringement

44.     Counter-Plaintiff repeats and realleges the allegations set forth in paragraphs 1–43 as if fully set forth herein.

45.     Counter-Plaintiff owns the Oilpro Website, which is an original work and Counter-Plaintiff has filed an application for a copyright for the Oilpro Website.

46.     Counter-Defendant has copied the Oilpro Website and published that data and information on the DHI Open Web commercial service.

47.     Counter-Defendant continues to hold and make use of the information copied from the Oilpro Website and will continue to do so unless it is restrained and enjoined from doing so, and thereby threaten Oilpro with irreparable harm.

## V.  Application for Injunctive Relief

48.     Counter-Plaintiff repeats and realleges the allegations set forth in paragraphs 1–47 as if fully set forth herein.

49.     The actions of Counter-Defendant threaten Counter-Plaintiff with irreparable injury for which there is no adequate remedy at law. Counter-Plaintiff seeks a preliminary injunction and then a permanent injunction requiring that Counter-Defendant:

  a.     Make no further use of the data and information that was downloaded from the Oilpro Website;

  b.     Delete all data and information obtained from the Oilpro Website;

  c.     Identify all persons with whom Counter-Defendant shared the data and information that was downloaded from the Oilpro Website; and

  d.     Refrain from accessing or using Oilpro's website for any commercial purpose; and

  e.     Refrain from using automated means to access the Oilpro Website and download data, member profiles, and other information from the Oilpro Website.

## VI.  Prayer

For the foregoing reasons, Counter Plaintiff respectfully requests that, following a jury trial, the Court enter an injunction in Oilpro's favor, as set forth in paragraphs 44 and 45, and award Oilpro such other relief as the Court deems just and proper.

Dated: August 5, 2016                              Respectfully Submitted,

GARDERE WYNNE SEWELL LLP

James G. Munisteri
Texas Bar No. 14667380
1000 Louisiana, Suite 2000
Houston, Texas 77002-5007
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jmunisteri@gardere.com

Peter S. Vogel
Texas Bar No. 20601500
Sara Ann Brown
Texas Bar No. 24075773
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667
pvogel@gardere.com
sabrown@gardere.com

**ATTORNEYS FOR DEFENDANT AND
COUNTER-PLAINTIFF SINGLE
INTEGRATED OPERATIONS PORTAL,
INC. D/B/A OILPRO AND OILPRO.COM**

## CERTIFICATE OF SERVICE

I certify that on August 5, 2016, a copy of the forgoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties registered to receive such notice, including the following attorneys for Plaintiff DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc.:

| | |
|---|---|
| **Kevin T. Jacobs** | Counsel for Plaintiffs DHI Group, Inc. f/k/a Dice |
| **Justin Lipe** | Holdings, Inc. and Rigzone.com, Inc. |
| **Christine Ng** | |
| Baker Botts L.L.P. | |
| One Shell Plaza | |
| 910 Louisiana Street | |
| Houston, Texas 77002-4995 | |
| Telephone: (713) 229-1234 | |
| Facsimile: (713) 229-7847 | |
| kevin.jacobs@bakerbotts.com | |
| justin.lipe@bakerbotts.com | |
| christine.ng@bakerbotts.com | |
| | |
| **Richard B. Harper** | |
| **Douglas W. Henkin** | |
| Baker Botts L.L.P. | |
| 30 Rockefeller Plaza | |
| New York, NY 10112 | |
| Telephone: (212) 408-2500 | |
| Facsimile: (212) 408-2501 | |
| richard.harper@bakerbotts.com | |
| douglas.henkin@bakerbotts.com | |
| | |
| **George Edwards III** | Counsel for Defendant Jeremy Antonini |
| **Murtaza Sutarwalla** | |
| 2555 N. MacGregor Way, Suite 100 | |
| Houston, Texas 77004 | |
| Telephone: (832) 717-2562 | |
| Fax: (713) 583-8715 | |
| george@eslawpartners.com | |
| murtaza@eslawpartners.com | |

**Howard L. Close**                    Counsel for Defendant Bryan Robins
**E. Marie Jamison**
**Andrew C. Nelson**
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Fax: (713) 572-4320
close@wrightclose.com
jamison@wrightclose.com
nelson@wrightclose.com

**Susan L. Bickley**                   Counsel for Defendant David W. Kent, Jr.
**Barry Abrams**
**Jack W. Higdon**
**Emery G. Richards**
BLANK ROME LLP
717 Texas Ave, Suite 1400
Houston, Texas 77002
Tel: (713) 228-6601
Fax: (713) 228-6605
SBickley@BlankRome.com
BAbrams@BlankRome.com
JHigdon@BlankRome.com
ERichards@BlankRome.com

_____
                              Sara Ann Brown

# Exhibit A
Available at: http://oilpro.com/terms-and-conditions

# OILPRO TERMS AND CONDITIONS

**Last Updated**: Sep 2, 2015

## Terms & Conditions

The content on this Site is provided by Oilpro and its licensors and content providers. The "Site" refers to http://oilpro.com and all other Web properties owned or operated by Oilpro now and in the future (or anything that replaces, supplements, or supersedes the Web as the site of Oilpro). Oilpro is a fully owned subsidiary of Single Integrated Operations Portal, Inc.

The basic agreement is the Terms & Conditions ("T&C") which you are now reading. The T&C sets out the legal terms by which Oilpro makes its web site and services available. When you visit Oilpro, you will automatically be bound by the T&C. By using the Site, you accept our then current T&C, as revised and updated.

## Description of Services

What is Oilpro?

Oilpro provides you with access to a variety of resources and tools:

1.   Q&A forums (questions and answers covering a variety of industry topics);

2.   Posts (blogs and other informational material);

3.   News, analysis, and reports (both original content and links to 3rd party sites);

4.     Specific product information (posts, Q&A, and links to 3rd party sites);

5.     Online communities, such as profiles, professional networks, user groups, or other communication tools; and

6.     A variety of other services

(collectively "Services"). All Services offered by Oilpro, including any updates, enhancements, new features, and/or the addition of any new Web properties, are subject to the T&C.

Our Site is a 'free' site for the Oil & Gas community to share material and experiences. In order to enable Oilpro to host and operate the Site, and keep its use free to you, we need to impose legal terms on you that establish our basic rights and responsibilities between us, and restrict your ability to take actions against us that could increase our costs of operating the site, or impose onerous obligations on us.

## Use of Services

We need you to comply with our T&C in order to fix practical and effective rules for the orderly functioning of the Site as we see it.

Your use of the Services is subject to your continued compliance with these T&C and any other agreements, guidelines or rules that Oilpro may post in respect of its Services. We can terminate your access to the Site without warning if you fail to comply with the T&C or any other applicable Agreement, guidelines or rules published by Oilpro.

## Community Standards

Be respectful of each other, and please recognize that we are not responsible for the acts of the community

All posts are the sole responsibility of the Contributors providing or posting such material . We do not guarantee a person's identity. Do not assume that people are who they say they are, know what they say they know, or are affiliated with whom they say they are affiliated. Content may include material that some persons will find offensive, indecent or objectionable. Always use caution when giving out any personally identifiable information in any Services.

Nothing submitted to Oilpro or to any Communications Services on our Site shall be deemed confidential. Do not reveal any private information, including but not limited to health, financial and personally identifiable information, if you do not wish this information to be published. You must not reveal the health or other private information of third parties without their knowledge and consent.

Oilpro does not control or endorse the content, messages or information found in any Services, and is not and cannot be responsible for content, messages or information, or the accuracy, integrity, or quality thereof. Oilpro will not be responsible for any reliance or decisions made based on such content, messages or information. Oilpro specifically disclaims any liability with regard to the Services and any posts, and any actions resulting from your participation in any Services and use of any Material. Managers, administrators and hosts may not be authorized spokespersons of Oilpro, and their views do not necessarily reflect those of Oilpro.

**Communication Services**

The Services may contain e-mail services, comments, forums, communities, profile pages, and/or other message or communication facilities designed to enable you to communicate with others (each a "Communication Service" and collectively "Communication Services"). You agree to use the Communication Services only to post, send and receive messages and material that are proper

and, when applicable, related to the particular Communication Service. By way of example, and not as a limitation, you agree that when using the Services, you will not:

1.  Use the Services in connection with surveys, contests, promotions, pyramid schemes, chain letters, junk email, spamming or any duplicative or unsolicited messages (commercial or otherwise).

2.  Upload, post, email, otherwise transmit, or post links to Oilpro with respect to any raffle, contest or game requiring a fee by participants.

3.  Defame, abuse, harass, stalk, threaten or otherwise violate the legal rights (such as rights of privacy and publicity) of others.

4.  Publish, post, upload, distribute or disseminate any inappropriate, profane, defamatory, obscene, indecent or unlawful topic, name, material or information.

5.  Upload, post, email, otherwise transmit, or post links that exploit the images of children under the age of 18, or that disclose personally identifying information belonging to children under 18 or harm minors in any other way or make any sexual request on behalf of a minor or make any sexual request of a minor.

6.  "Stalk" or otherwise harass another.

7.  Use, download or otherwise copy, or make available (whether or not for a fee) to a person or entity: any directory of users of the Services or other user or usage information or any portion thereof;

8.  Upload, download, use, or otherwise copy, or make available (whether or not for a fee) any file(s) that contain text, images, photographs, software or other material protected by trade secret, or any intellectual property laws, including, by way of example, and not as limitation, cop-

yright or trademark or service mark or patent laws (or by rights of privacy or publicity) unless you own or control the rights thereto or have received all necessary consent to do the same.

9.      Use any material or information which are made available through the Services in any manner that infringes any copyright, trademark, patent, trade secret, or other proprietary right of any party.

10.     Modify, publish, transmit, settle, transfer or sell, reproduce, create derivative works from, distribute, perform, link, display or in any way exploit Oilpro database other than for the limited purposes for which material is licensed for your use.

11.     Use or exploit any part of the Site or any software deployed in connection with the Site as, or as the content of, a service offered or supplied to other persons or entities without the express written consent of Oilpro. For example, you will not create a site or maintain a site that links to our Site for the purpose of using, indexing, reformatting, or searching and retrieving, material from our site for the benefit of users of your site, without our knowledge and express consent; we want those users to come directly to our site to obtain material as we have spent considerable time, effort, and financial resources to build and maintain the Site and to attract submissions of Code and Documents, and to attract a wide base of users.

12.     Decompile, disassemble, modify, translate, adapt, reverse engineer, create derivative works from, or sublicense any software deployed in connection with Oilpro's delivery and operations. Your access to Oilpro is limited to your rights to use Services to which you are entitled to use, and only for the limited purposes of your licensed use of such Services.

13. Upload, post, email, otherwise transmit, or post links to, any content that facilitates hacking or that promotes any illegal activity, including instructions for illegal activity.

14. Upload files that contain viruses, worms, trojan horses, time bombs, trap doors, cancelbots, corrupted files, or any other similar software or programs or malicious code that may damage the operation of another's computer or property of another or are intended to interrupt, destroy or limit the functionality of Oilpro.

15. Use automated means, including spiders, robots, crawlers, agents, or the like to download data from any database of Oilpro, or from the Site itself (for example, site or page scraping is prohibited).

16. Exploit known or unknown weaknesses of the scripts or servers to disrupt or alter the Site's operation.

17. Advertise or offer to sell or buy any goods or services for any business purpose unless such Communications Service specifically allows such messages.

18. Download any file posted by another user of the Services that you know, or reasonably should know, cannot be legally reproduced, displayed, performed, and/or distributed in such manner.

19. Falsify or delete any copyright management information, such as author attributions, legal or other proper notices or proprietary designations or labels of the origin or source of software or other material contained in a file that is uploaded.

20. Restrict or inhibit any other user from using and enjoying the Services.

21. Violate any code of conduct or other guidelines which may be applicable for any particular Service.

22.     Harvest or otherwise collect or store information about others, including e-mail addresses.

23.     Use, download or otherwise copy, or provide (whether or not for a fee) to a person or entity any directory of users of the Services or other user or usage information or any portion thereof.

24.     Violate any applicable laws or regulations.

25.     Create a false identity for the purpose of misleading others.

26.     Impersonate any person, including an employee, contractor, forum leader, guide or host of Oilpro, or falsely state or otherwise misrepresent your affiliation with a person or entity.

27.     Employ misleading email addresses or falsify information in the header, footer, return path, or any part of any communication, including emails, transmitted through Oilpro.

28.     Create multiple accounts with the purpose of altering polls or affecting voting.

29.     Upload, post, email, otherwise transmit, or post links to any material, or act in any manner, that is offensive to Oilpro community or the spirit of these T&C.

30.     Breach any posted limitations on usage, reproduction and/or dissemination; you are responsible for adhering to such limitations if you download the materials.

**Contributors Agreement**

You represent, warrant, and confirm that:

a.      No Infringement: To the best of your knowledge and belief, after reasonable inquiry, your Work does not knowingly infringe the rights of

any third party, including but not limited to, rights in copyrights, patents, trade marks, service marks, trade secrets, privacy, personality, or other proprietary rights.

b.   Oilpro is committed to helping companies, people and organizations protect their intellectual property rights. To report claims of intellectual property infringement, including but not limited to copyright and trademark infringements, please send an email to support@oilpro.com

c.   Using a company or business name, logo, or other trademark-protected materials in a manner that may mislead or confuse others or be used for financial gain may be considered a trademark policy violation. Accounts with clear intent to mislead others will be suspended; even if there is not an explicit trademark policy violation, attempts to mislead others may result in suspension.

d.   You have necessary Rights to your Work: You are the author of the Work and have not assigned your rights or had such rights vest in any third party by contract, operation of law or otherwise or if not the author, you have secured all necessary rights and licenses from the owner(s); and you have the right to grant the rights and licenses contained herein.

e.   No malicious code: You have not included, and to the best of your knowledge and belief, after reasonable inquiry, your Work does not contain, any virus, Trojan horse, worm, spyware, adware, or other harmful or malicious code.

f.   We have the right to identify you: Oilpro can and shall publish your name and/or site ID in connection with your Work, and if you require end users to contact you for any reason in connection with licensing of your Work, Oilpro can and shall publish your contact information.

g.    We don't want to breach other publisher's rights: If the Work is a pre-
viously published work, Contributor must give Oilpro notice of the prior
publication and provide the consent of all copyright holders to the
Work being posted on Oilpro and made available to users of the Site.

The Work is otherwise provided "as is", "where is", "as available", without war-
ranty or guarantee of any kind. This means no express, implied or statutory
warranty, including without limitation, warranties or conditions of merchanta-
bility or fitness for a particular purpose.

Nothing in this Contributor's Agreement restricts or limits your pre-existing
rights to use, publish, perform, or distribute your Work.

Submissions are Received Without Payment to You: Your submissions and the
rights and licenses you grant are provided without cost to Oilpro and to par-
ticipants in Oilpro Site. You accept that you receive benefit sufficient to con-
stitute any necessary good and valuable consideration for the rights and
licenses granted herein.

Rights of Oilpro: You grant Oilpro, its affiliated companies and necessary sub-
licensees a worldwide, perpetual, royalty-free, irrevocable, non-exclusive, fully
assignable and transferable right and license, to edit, adapt, translate, refor-
mat your Work, to post your Work (eg. publish, display, perform, digitally per-
form) anywhere on our Site, to do what Oilpro feels it needs to do to manage
and update the Site, to make and maintain back-up and archival copies, and
to make your Work available to End Users in accordance with this Agreement
and the Oilpro EULA.

Oilpro has no obligation to police compliance with any participant's use or
misuse of any Work and the Contributor releases Oilpro from all liability aris-
ing from any use or misuse of the Work by a participant in Oilpro Site.

By making any submission of Work to Oilpro, you understand that you have read and agreed to the above usage terms. These terms will be strictly enforced.

**Minors**

We do not want to have responsibility for issues concerning minors

In cases where you have authorized a minor to use the Oilpro Site, a site owned by Oilpro or any of the Services, you recognize that you are fully responsible for: (i) the online conduct of such minor; (ii) controlling the minor's access to and use of the Oilpro Site, a site owned by Oilpro or any of the Services; and (iii) the consequences of any misuse by the minor. You acknowledge that some of the areas of Oilpro Site (or affiliated sites) may contain material that is inappropriate for minors.

**Privacy**

Oilpro values your privacy and you can find our privacy policy here.

**Limitation of Liability**

The "We are not liable clause". This allows us to keep our costs down and still allow relatively free and open disclosure from our contributors

OILPRO AND/OR ITS RESPECTIVE SUPPLIERS AND CONTRIBUTORS MAKE NO REPRESENTATIONS ABOUT THE SUITABILITY OF THE INFORMATION CONTAINED IN THE MATERIAL PUBLISHED AS PART OF THE SERVICES FOR ANY PURPOSE. ALL MATERIAL IS PROVIDED "AS IS", "WHERE IS", "AS AVAILABLE", WITHOUT WARRANTY OF ANY KIND. OILPRO AND/OR ITS RESPECTIVE SUPPLIERS HEREBY DISCLAIM ALL WARRANTIES AND CONDITIONS WITH REGARD TO ALL MATERIAL, INCLUDING ALL WARRANTIES AND CONDITIONS

OF MERCHANTABILITY, WHETHER EXPRESS, IMPLIED OR STATUTORY, FITNESS FOR A PARTICULAR PURPOSE, TITLE AND NON-INFRINGEMENT.

THE MATERIAL PUBLISHED ON THE SERVICES COULD INCLUDE TECHNICAL INACCURACIES OR TYPOGRAPHICAL ERRORS. CHANGES ARE PERIODICALLY ADDED TO THE INFORMATION HEREIN. OILPRO AND/OR ITS RESPECTIVE SUPPLIERS MAY MAKE IMPROVEMENTS AND/OR CHANGES IN THE PRODUCT(S) AND/OR THE PROGRAM(S) DESCRIBED HEREIN AT ANY TIME.

**YOU RELEASE, INDEMNIFY AND HOLD HARMLESS OILPRO, ITS AFFILIATES, EMPLOYEES, CONTRACTORS, AGENTS, AND ASSIGNS FROM ALL LIABILITY FOR LOSS OR DAMAGE HOWSOEVER OCCASIONED RESULTING FROM YOUR USE, MISUSE, RELIANCE UPON, OR INABILITY TO USE ANYTHING FOUND ON OILPRO, AND FROM OILPRO'S USE, MISUSE, OR NON-USE OF ANY POSTS SUBMITTED, AND FROM ANY BUGS, VIRUS OR OTHER MALICIOUS CODE, ERRORS IN, INTERRUPTION, SUSPENSION, OR TERMINATION OF ANY SERVICES.**

IN NO EVENT SHALL OILPRO AND/OR ITS RESPECTIVE SUPPLIERS BE LIABLE FOR ANY DIRECT, SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES WHATSOEVER RESULTING FROM USE, LOSS OF USE, LOSS OF DATA OR LOSS OF PROFITS, OR OTHERWISE, WHETHER IN AN ACTION OF CONTRACT, NEGLIGENCE OR OTHER TORTIOUS ACTION, ARISING OUT OF OR IN CONNECTION WITH THE USE OR PERFORMANCE OF MATERIAL AVAILABLE FROM THE SERVICES, THE PROVISION OF OR FAILURE TO PROVIDE SERVICES, OR INFORMATION AVAILABLE FROM THE SERVICES. ABSENT GROSS NEGLIGENCE OR GROSS MISCONDUCT BY OILPRO, IN NO EVENT SHALL Oilpro BE LIABLE FOR ANY DAMAGES WHATSOEVER, UNDER ANY LEGAL THEORY.

## Links to Other Sites

If another site causes you damages, look to that other site for relief

Oilpro does not endorse the owners of, or the content, products or services on any third-party Web sites. Linked sites are not under the control of Oilpro and Oilpro is not responsible for the contents of linked third-party sites, in-dexes or directories, sites framed within this Site, or third-party advertise-ments, or any changes or updates to such sites. Oilpro is not responsible for any form of transmission received from any linked site, and Oilpro does not make any representations regarding their content, accuracy or non-infringement. Oilpro does not endorse any product or service advertised on this Site. Your use of third-party Web sites is at your own risk and subject to the terms of use for such sites. You should be aware that both the terms of use and the privacy policies of linked sites may differ from those of Oilpro.

## Limitation of Action

In the event that any action or other proceeding is sought to be brought against Oilpro for any purpose, you agree, notwithstanding any legislative Statute of Limitations to the contrary, that such proceeding must be brought within one year of the action or event giving rise to the cause of action, or such proceedings shall be forever barred as against Oilpro and any persons who in law or at equity could claim contribution or indemnity against Oilpro.

## Protection against Your Breach

We need to be able to operate a site that many people can feel comfortable using, without liability to us

You agree to indemnify, defend and hold harmless Oilpro, its affiliates, licen-sors and suppliers, and the directors, officers, employees, agents, licensees, representatives and independent contractors of the foregoing from any and

all claims, liabilities, costs, damages or losses they may incur (including, without limitation, attorney's fees) arising out of a violation or alleged violation by you of these T&C or arising from material posted by you or contributed by you on the Site. You agree to cooperate as fully as reasonably required in the defense of any such claim.

Oilpro reserves the right (but is not obligated) to do any or all of the following:

1.     Record the dialogue submitted through the Services.

2.     Investigate an allegation that a communication(s) do(es) not conform to these policies and/or the T&C and determine in its sole discretion to remove or request the removal of the communication(s).

3.     Delete, move or edit communications that are determined, in the sole discretion of Oilpro, to be abusive, defamatory, obscene, in violation of copyright, patent, or trademark laws, otherwise illegal, disruptive, or otherwise unacceptable for any reason.

4.     Terminate a user's access to any or all of the Services or the Site upon any breach of these policies and/or the T&C.

5.     Monitor, edit or disclose any communication posted in the Site.

6.     Edit or delete any communication posted in the Site, regardless of whether such communication violate Oilpro's standards.

Oilpro reserves the right to take any action it deems necessary to protect the personal safety of our guests or the public. Oilpro has no liability or responsibility to users of this Site or the Services or any other person or entity for performance or nonperformance of the aforementioned activities**.**

**Assignability**

Oilpro, its successors and assigns, shall have the right to assign or transfer this Agreement, all other agreements between the parties, and all Oilpro's benefits in their absolute discretion and from time to time.

**Relationship of Parties**

You and Oilpro are independent contractors. Nothing in this Agreement or any schedules or documents incorporated by reference herein or into which this Agreement is incorporated by reference into, create a partnership, joint venture, agency, or employment relationship between you and Oilpro or give you any rights or authority to bind Oilpro to any contractual or other obligations.

**Submission of Ideas and Suggestions**

Oilpro does not accept or consider unsolicited ideas, including new ideas and suggestions as to improvements to the Site, marketing, advertising, promotions, new product and service offerings, product and service names and marks ("Submissions"). Please do not send any original creative artwork, samples, demos, or other works for any such purposes. We wish to avoid confusion or misunderstanding or dispute when Oilpro's products, services or strategies might seem similar to Submissions. Consequently, we advise you that any Suggestion made to Oilpro will not be treated as proprietary information of you, and will be received by Oilpro without any obligations of confidence whatsoever. Second, you grant Oilpro, its affiliated companies and necessary sub-licensees permission to use and a grant of a worldwide, non-terminable, royalty-free, full assignable and transferable right and license in perpetuity to use and apply your Suggestions for any purpose(s) Oilpro considers fit in its sole discretion. Third, Oilpro is under no obligation to use your Suggestion or pay you anything for your Suggestion. Fourth, you confirm that

you will own or otherwise control all of the rights to your Submission including, without limitation, all the rights necessary for you to provide, post, upload, input or submit, or for Oilpro to use your Submissions.

If you identify problems with the usability, operability, or interoperability of Oilpro or any Services, you may deliver or suggest amendments or "bug fixes" for Oilpro's consideration. Oilpro shall have the absolute right to incorporate all such amendments or "bug fixes" accepted by Oilpro into products and Services provided by Oilpro for all purposes, without any payment or other compensation to you. All right, title and interest to any submitted amendments or "bug fixes", whether accepted or not, shall transfer to Oilpro at no cost to Oilpro as a royalty free right granted in perpetuity.

If you wish to present a business proposition between yourself and Oilpro on a confidential basis, you should first enter into negotiations with Oilpro to sign a non-disclosure agreement, and only after such non-disclosure agreement is signed will any disclosure be deemed confidential, and only to the extent and for the purposes contained in that agreement.

**Material Inducement**

You expressly acknowledge that Oilpro has entered into this agreement, and has and will make its Site and Services available to you in reliance upon the limitations and exclusions of liability and the disclaimers set forth herein, and that the same form an essential basis of the bargain between you and Oilpro. You expressly agree that the limitations and exclusions of liability and the disclaimers set forth herein will survive, and continue to apply in the case of, a fundamental breach or breaches, the failure of essential purpose of contract, the failure of any exclusive remedy or termination of this agreement.

**General**

If any provision of these T&C is found to be invalid by any court having competent jurisdiction, the invalidity of such provision shall not affect the validity of the remaining provisions of these T&C, which shall remain in full force and effect. No waiver of any of these T&C shall be deemed a further or continuing waiver of such term or condition or any other term or condition. Your obligations to Oilpro contained in these T&C and in all applicable agreements between yourself and Oilpro shall survive termination.

**Governing Law, Choice of Forum and Agreement to Arbitrate**

This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Texas, United States of America, without regard to principles of conflicts of law, and any action regarding same or the use of this website and the services provided by Oilpro shall be initiated and maintained in a forum of competent jurisdiction in Houston, Harris County, Texas, United States of America. Any such legal actions or disputes shall be resolved by binding arbitration pursuant to the rules of the American Arbitration Association.

**Exhibit A -** Oilpro's Amended Answer and Counterclaims
Oilpro Terms and Conditions                                                                                      page 52
Gardere01 - 8925152v.10

# Exhibit B

**AFFIDAVIT**

I, the undersigned, Jason R. Fulmer, am of age, competent to testify, am a citizen and resident of the United States, and have personal knowledge of the following matters.

On July 25, 2016 I submitted an application for U.S. copyright registration for the work entitled *"Oilpro.com website"* to the United States Copyright Office, via the eCO (Electronic Copyright Office) portal, on behalf of the copyright claimant Single Integrated Operations Portal, Inc.   The application was assigned Case # 1-3838435591.   Attached hereto is a copy of the Confirmation of Receipt and Acknowledgement of Uploaded Deposit, as received from the United States Copyright Office, confirming the filing of the application for U.S. copyright registration.

_____
Jason R. Fulmer

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| COUNTY OF DALLAS | § | |

BEFORE ME, the undersigned, a Notary Public, on this day personally appeared Jason R. Fulmer known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 5th day of August, 2016.

**[SEAL]**

_____
NOTARY PUBLIC, STATE OF TEXAS

_____
Printed Name

LISA A. ALCALA
Notary Public
State of Texas
ID # 2990712
My Comm. Expires 11-19-2018

**Fulmer, Jason**

| | |
|---|---|
| **From:** | Copyright Office <noreply@loc.gov> |
| **Sent:** | Monday, July 25, 2016 1:53 PM |
| **To:** | Fulmer, Jason |
| **Subject:** | Confirmation of Receipt |

THIS IS AN AUTOMATED EMAIL - PLEASE DO NOT REPLY.

Your Application and payment for the work Oilpro.com website were received by the U.S.Copyright Office on 7/25/2016.

PLEASE NOTE:  Your submission is not complete until you upload or mail the material you are registering. To do so, logon to https://eco.copyright.gov/eService_enu/ and click on case number 1-3838435591 in the Open Cases table. Follow the instructions to either upload a digital copy or mail a physical copy (with shipping slip attached) of the work being registered. Additional instructions and requirements for submitting the material being registered can be found at http://www.copyright.gov/eco/tips/.

SHIPPING SLIPS:  If you mail physical copies of the material being registered, the effective date of registration will be based on the date on which we receive the copies WITH CORRESPONDING SHIPPING SLIPS ATTACHED.

A printable copy of the application will be available within 24 hours by clicking the My Applications link in the left top most navigation menu of the Home screen.

You may check the status of this claim via eCO using this number 1-3838435591. If you have questions or need assistance, Copyright Office contact information can be found at http://www.copyright.gov/help/index.html#general.

United States Copyright Office

Exhibit B - Oilpro's Amended Answer and Counterclaims                              Page 54

**Fulmer, Jason**

| | |
|---|---|
| **From:** | Copyright Office <cop-rc@loc.gov> |
| **Sent:** | Monday, July 25, 2016 3:51 PM |
| **To:** | Fulmer, Jason |
| **Subject:** | Acknowledgement of Uploaded Deposit |

THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

The following files were successfully uploaded for service request 1-3838435591

File Name :oilprowebsite1.pdf
File Size :607308 KB
Date/Time :7/25/2016 3:00:11 PM

File Name :oilprowebsite7.pdf
File Size :144684 KB
Date/Time :7/25/2016 3:00:10 PM

File Name :oilprowebsite5.pdf
File Size :867707 KB
Date/Time :7/25/2016 3:00:11 PM

File Name :oilprowebsite9.pdf
File Size :176285 KB
Date/Time :7/25/2016 3:00:10 PM

File Name :oilprowebsite11.pdf
File Size :187786 KB
Date/Time :7/25/2016 3:00:12 PM

File Name :oilprowebsite4.pdf
File Size :142470 KB
Date/Time :7/25/2016 3:00:10 PM

File Name :oilprowebsite6.pdf
File Size :177491 KB
Date/Time :7/25/2016 3:00:10 PM

File Name :oilprowebsite8.pdf
File Size :270525 KB
Date/Time :7/25/2016 3:00:10 PM

File Name :oilprowebsite10.pdf
File Size :539716 KB
Date/Time :7/25/2016 3:00:11 PM

File Name :oilprowebsite3.pdf

File Size :328444 KB
Date/Time :7/25/2016 3:00:10 PM

File Name :oilprowebsite2.pdf
File Size :1085944 KB
Date/Time :7/25/2016 3:00:12 PM

[THREAD ID: 1-1RO6XE4]

United States Copyright Office