# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., | |
| Plaintiffs, | |
| vs. | |
| David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, Estevan Dufrin, Matthew Kent, Bryan Robins, Jeremy Antonini, and John Does Nos. 1-10, | |
| Defendants. | Civil Action Number: 16-cv-01670 |
| Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, | |
| Counter-Plaintiff, | |
| vs. | |
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., | |
| Counter-Defendants. | |

## Oilpro's Second Amended Answer and Counterclaims

Defendant Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com ("Oilpro" and "Counter-Plaintiff") files its second amended answer and counterclaims against Plaintiffs and Counter-Defendants DHI Group, Inc. f/k/a Dice Holdings, Inc. ("DHI Group") and Rigzone.com, Inc. ("Rigzone" and together with DHI Group, the "Counter-Defendants").

## Oilpro's Answer to Original Complaint

1.     Oilpro admits that the Original Complaint purports to assert the causes of action alleged in Paragraph 1 but denies that it is liable for the causes of action referenced in paragraph 1.

2.     Oilpro denies the allegations in paragraph 2 as stated.

3.     Oilpro denies the allegations in paragraph 3 as stated.

4.     Oilpro admits that David Kent is facing criminal charges in New York federal court for conspiracy and wire fraud and further admits on information and belief that Dufrin appears to have become a cooperating witness with authorities; Oilpro denies the remaining allegations in paragraph 4 as stated.

5.     Oilpro admits the allegations in paragraph 5 as stated.

6.     Oilpro admits the allegations in paragraph 6 as stated.

7.     Oilpro admits the allegations in paragraph 7.

8.     Oilpro admits the allegations in paragraph 8.

9.     Oilpro admits the allegations in paragraph 9 as stated.

10.     Oilpro admits that Matthew Kent resides in Texas but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 10 as stated.

11.     Oilpro admits the allegations in paragraph 11 as stated.

12.     Oilpro admits that Jeremy Antonini resides in Texas but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 12 as stated.

13.     Oilpro denies the allegations in paragraph 13 as stated.

14.     Oilpro denies the allegations in paragraph 14 as stated.

15.    Oilpro admits that the Plaintiffs assert federal claims but denies the remaining allegations in paragraph 15 as stated.

16.    Oilpro admits that the Plaintiffs assert state claims but denies the remaining allegations in paragraph 16 as stated.

17.    Oilpro admits that David Kent resides in Montgomery County, Texas and further admits that Montgomery County lies within the territorial boundary of the Houston Division of the Southern District of Texas, denies that any wrongful conduct occurred, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 17 as stated.

18.    Oilpro admits that this Court has personal jurisdiction over it but denies the remaining allegations in paragraph 18 as stated.

19.    Oilpro admits that venue for this lawsuit is proper in this Court but denies the remaining allegations in paragraph 19 as stated.

20.    Oilpro admits that Rigzone.com aggregated industry news and offered job postings for professionals working in the oil and gas industry but denies the remaining allegations in paragraph 20 as stated.

21.    Oilpro admits that in August 2010, DHI Group acquired Rigzone but Oilpro denies the remaining allegations in paragraph 21 as stated.

22.    As a result of Oilpro's substantial efforts, the value of the Oilpro website and the profiles of the Oilpro members exceeds $20 million.

23.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 22 as stated.

24.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 23 as stated.

25.     Oilpro admits that Rigzone has offered an online platform specific to professionals in the energy industry and therefore denies the remaining allegations in paragraph 24 as stated.

26.     Oilpro admits that prior to DHI Group's acquisition, Rigzone allowed oil and gas professionals to upload resumes to its website; that those resumes were assigned unique numerical identifiers; and were maintained on a database but Oilpro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 25 as stated.

27.     Oilpro admits that prior to DHI Group's acquisition, Rigzone allowed oil and gas professionals to upload their resumes which could be used to apply for job openings posted by recruiters and employers and that recruiters and employers who paid for access could solicit Rigzone candidates directly for job opportunities (depending on an individual candidate's privacy settings) but Oilpro denies the remaining allegations in paragraph 26 as stated.

28.     Oilpro denies the allegations in paragraph 27 as stated.

29.     Oilpro admits that prior to the acquisition by DHI Group, Rigzone derived revenue from selling advertising space on its website but Oilpro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 28 as stated.

30.     Oilpro denies the allegations in paragraph 29 as stated.

31.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 30 as stated.

32.     Oilpro denies the allegations in paragraph 31 as stated.

33.     Oilpro denies the allegations in paragraph 32 as stated.

34.     Oilpro admits that (a) David Kent complied with the non-compete agreement with DHI Group, (b) David Kent publicly announced the launch of oilpro.com on October 1, 2013, and (c) oilpro.com was available to the entire public on October 1, 2013 but Oilpro denies the remaining allegations in paragraph 33.

35.     Oilpro denies the allegations in paragraph 34 as stated.

36.     Oilpro denies the allegations in paragraph 35 as stated.

37.     Oilpro admits that Rigzone.com permitted direct access to the resumes of Rigzone's candidates without account credentials; Oilpro denies the remaining allegations in paragraph 36 as stated.

38.     Oilpro denies the allegations in paragraph 37 as stated.

39.     Oilpro denies the allegations in paragraph 38 as stated.

40.     Oilpro admits that after the sale of Rigzone to DHI Group, David Kent continued to work with Rigzone as an employee of DHI Group but denies the remaining allegations in paragraph 39 as stated.

41.     Oilpro admits that David Kent caused the incorporation of SIOPCO but Oilpro denies the remaining allegations in paragraph 40 as stated.

42.     Oilpro admits that Oilpro.com displayed a countdown ticker prior to its launch but Oilpro denies the remaining allegations in paragraph 41 as stated.

43.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 42 as stated.

44.     Oilpro admits that Oilpro.com launched in October 2013 but Oilpro denies the remaining allegations in paragraph 43 as stated.

45.     Oilpro admits that Dufrin was hired by Oilpro following the expiration of his non-compete, that Dufrin at one time reported to David Kent, and is currently employed by Oilpro but Oilpro denies the remaining allegations in paragraph 44 as stated.

46.     Oilpro admits that former Rigzone employees have joined Oilpro but Oilpro denies the remaining allegations in paragraph 45 as stated.

47.     Oilpro admits that Matthew Kent was hired by Oilpro, is David Kent's brother, and was previously employed by Rigzone but Oilpro denies the remaining allegations in paragraph 46 as stated.

48.     Oilpro admits that Robins was hired by Oilpro and had previously been employed by Rigzone but Oilpro denies the remaining allegations in paragraph 47 as stated.

49.      Oilpro admits that Antonini was hired by Oilpro and was previously employed by Rigzone but Oilpro denies the remaining allegations in paragraph 48 as stated.

50.     Oilpro denies the allegations in paragraph 49 as stated.

51.     Oilpro denies the allegations in paragraph 50 and the footnote thereto as stated.

52.     Oilpro denies the allegations in paragraph 51 as stated.

53.     Oilpro admits that David Kent sent an email to the CEO of DHI Group on April 24, 2014, and refers to the email for a full and complete description but Oilpro otherwise denies any allegations in paragraph 52 that are inconsistent with that document.

54.     Oilpro refers to the email referenced in paragraph 53 for a full and complete description but Oilpro denies the remaining allegations in paragraph 53 as stated.

55.      Oilpro denies the allegations in paragraph 54 as stated.

56.      Oilpro admits that by January 2016, the Oilpro database had grown to at least 500,000 members but Oilpro denies the remaining allegations in paragraph 55 as stated.

57.      Oilpro denies the allegations in paragraph 56 as stated.

58.      Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 57 as stated.

59.      Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 58 as stated.

60.      Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 59 as stated.

61.      Oilpro admits that on or about April 14, 2014, David Kent caused emails to be sent to Rigzone candidates but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 60 as stated.

62.      Oilpro denies that an HTTP request is as described but Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 61 as stated.

63.      Oilpro denies the allegations in paragraph 62 as stated.

64.      Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 63 as stated.

65.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 64 as stated.

66.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 65 as stated.

67.     Oilpro admits that an email address associated with David Kent was used to register and pay for an account with UK DSL and that emails were sent to that address regarding a username and password with UK DSL but Oilpro denies the remaining allegations in paragraph 66 as stated.

68.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 67 as stated.

69.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 68 as stated.

70.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 69 as stated.

71.     Oilpro denies the allegations in paragraph 70 as stated.

72.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 71 as stated.

73. Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 72 as stated.

74. Oilpro admits that on or about April 24, 2014, David Kent communicated with the CEO of DHI Group and otherwise denies the allegations in paragraph 73 as stated.

75. Oilpro admits that DHI Group did not offer to invest in or acquire Oilpro but Oilpro denies the remaining allegations in paragraph 74 as stated.

76. Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 75 as stated.

77. Oilpro admits that Dufrin accessed a Google Analytics account registered to Plaintiffs on or about January 20, 2015, and that David Kent and Dufrin exchanged emails on or about January 20, 2015, and refers to those communications for a full and complete description and denies the remaining allegations in paragraph 76 as stated.

78. Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 77 as stated.

79. Oilpro admits that David Kent and Dufrin sent emails to one another on or about January 21, 2015, and refers to the email for a full and complete description but denies the remaining allegations in paragraph 78 as stated.

80. Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 79 as stated.

81. Oilpro admits that David Kent and Dufrin exchanged emails on or about June 10, 2015; that David Kent wrote an email to several Oilpro employees of Oilpro on or

about December 8, 2014; and Oilpro refers to those communications for a full and complete description but Oilpro denies the remaining allegations in paragraph 80 and the footnote thereto as stated.

82.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 81 as stated.

83.     Oilpro denies the allegations in paragraph 82 as stated.

84.     Oilpro admits that David Kent exchanged emails with Dufrin on or about June 11, 2015, and refers to the email for a full and complete description but denies the remaining allegations in paragraph 83 as stated.

85.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 84 as stated.

86.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 85 as stated.

87.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 86 as stated.

88.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 87 as stated.

89.     Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 88 as stated.

90.    Oilpro denies the allegations in paragraph 89 as stated.

91.    Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 90 as stated.

92.    Oilpro denies the allegations in paragraph 91 as stated.

93.    Oilpro admits that on or about October 25, 2015, David Kent sent an email to the CEO of DHI Group and refers to the email for a full and complete description but denies the remaining allegations in paragraph 92 as stated.

94.    Oilpro denies the allegations in paragraph 93 as stated.

95.    Oilpro admits that on or about October 28, 2015, David Kent sent an email to the CEO of DHI Group and refers to the email for a full and complete description but Oilpro denies the remaining allegations in paragraph 94 as stated.

96.    Oilpro admits that David Kent emailed the CEO of DHI Group in early November and refers to the email for a full and complete description but Oilpro denies the remaining allegations in paragraph 95 as stated.

97.    Oilpro admits that on or about November 11, 2015, David Kent emailed the CEO of DHI Group and refers to the email for a full and complete description but Oilpro denies the remaining allegations in paragraph 96 as stated.

98.    Oilpro admits that on or about November 25, 2015, David Kent emailed the CEO of DHI Group and refers to the email for a full and complete description but Oilpro denies the remaining allegations in paragraph the allegations in paragraph 97 as stated.

99.    Oilpro admits that on or about December 2015, David Kent had a conference call with various employees of DHI Group regarding a number of subjects including Oilpro and its growth strategies but Oilpro denies the remaining allegations in paragraph 98 as stated.

100.   Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 99 as stated.

101.   Oilpro denies the allegations set forth in the last sentence of paragraph 100 and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in paragraph 100 as stated.

102.   Oilpro lacks knowledge or information sufficient to form a belief about the truth of an allegations in this paragraph and therefore denies the allegations in paragraph 101 as stated.

103.   Oilpro admits that on or about January 20, 2016, David Kent met with DHI Group in New York City and discussed a number of topics including growth strategies but Oilpro denies the allegations in paragraph 102 as stated.

104.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations paragraph 103 that are inconsistent with the contents of that spreadsheet.

105.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations paragraph 104 that are inconsistent with the contents of that spreadsheet. Oilpro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in 104.

106.   Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations para-

graph 105 that are inconsistent with the contents of that spreadsheet. Oilpro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations in 105.

107.  Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations paragraph 106 that are inconsistent with the contents of that spreadsheet.

108.  Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of that spreadsheet for a full and complete description but Oilpro denies as stated any allegations in paragraph 107 that are inconsistent with the contents of that spreadsheet.

109.  Oilpro admits that admits that on or about January 27, 2016, David Kent emailed a spreadsheet to the CEO of DHI Group and refers to the content of the spreadsheet and email for a full and complete description but Oilpro denies as stated any allegations in paragraph  108 that are inconsistent with that email and spreadsheet.

110.  Oilpro denies the allegations in paragraph 109 as stated.

111.  Oilpro denies the allegations in paragraph 110 as stated.

112.  Oilpro admits that David Kent sent an email to the CEO of DHI Group on or about April 24, 2014, and refers to the email for a complete discussion but Oilpro denies the remaining allegations in paragraph 111 as stated.

113.  Oilpro denies the allegations in paragraph 112 as stated.

114.  Oilpro denies the allegations in paragraph 113 as stated.

115.  Oilpro denies the allegations in paragraph 114 as stated.

116.  Oilpro denies the allegations in paragraph 115 as stated.

117.  Oilpro denies the allegations in paragraph 116 as stated.

118.    Oilpro admits that a criminal complaint was filed on March 23, 2016, against David Kent, that David Kent waived indictment and Oilpro refers to the complaint for a full and complete description.

119.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

120.    Oilpro denies the allegations in paragraph 119 as stated.

121.    Oilpro denies the allegations in paragraph 120 as stated.

122.    Oilpro denies the allegations in paragraph 121 as stated.

123.    Oilpro denies the allegations in paragraph 122 as stated.

124.    Oilpro denies the allegations in paragraph 123 as stated.

125.    Oilpro denies the allegations in paragraph 124 as stated.

126.    Oilpro denies the allegations in paragraph 125 as stated.

127.    Oilpro denies the allegations in paragraph 126 as stated.

128.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

129.    Oilpro denies the allegations in paragraph 128 as stated.

130.    Oilpro denies the allegations in paragraph 129 as stated.

131.    Oilpro denies the allegations in paragraph 130 as stated.

132.    Oilpro denies the allegations in paragraph 131 as stated.

133.    Oilpro denies the allegations in paragraph 132 as stated.

134.    Oilpro denies the allegations in paragraph 133 as stated.

135.    Oilpro denies the allegations in paragraph 134 as stated.

136.    Oilpro denies the allegations in paragraph 135 as stated.

137.   Oilpro denies the allegations in paragraph 136 as stated.

138.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

139.   Oilpro denies the allegations in paragraph 138 as stated.

140.   Oilpro denies the allegations in paragraph 139 as stated.

141.    Oilpro denies the allegations in paragraph 140 as stated.

142.   Oilpro denies the allegations in paragraph 141 as stated.

143.   Oilpro denies the allegations in paragraph 142 as stated.

144.   Oilpro denies the allegations in paragraph 143 as stated.

145.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

146.   Oilpro denies the allegations in paragraph 145 as stated.

147.   Oilpro denies the allegations in paragraph 146 as stated.

148.   Oilpro denies the allegations in paragraph 147 as stated.

149.   Oilpro denies the allegations in paragraph 148 as stated.

150.   Oilpro denies the allegations in paragraph 149 as stated.

151.   Oilpro denies the allegations in paragraph 150 as stated.

152.   Oilpro denies the allegations in paragraph 151 as stated.

153.   Oilpro denies the allegations in paragraph 152 as stated.

154.   Oilpro denies the allegations in paragraph 153 as stated.

155.   Oilpro denies the allegations in paragraph 154 as stated.

156.   Paragraph 155 relates to a claim against David Kent and Dufrin but Oilpro nevertheless incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

157.   Paragraph 156 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in Paragraph 156.

158.   Paragraph 157 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in Paragraph 157.

159.   Paragraph 158 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 158.

160.   Paragraph 159 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 159.

161.   Paragraph 155 relates to a claim against David Kent and Dufrin but Oilpro nevertheless incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

162.   Paragraph 161 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 161.

163.   Paragraph 162 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 162.

164.   Paragraph 163 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 163.

165.   Paragraph 164 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 164.

166.   Paragraph 165 relates to a claim against David Kent and Dufrin but Oilpro nevertheless incorporates and realleges the responses set forth in paragraphs 1 – 164 as if set forth herein.

167.   Paragraph 166 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 166.

168.   Paragraph 167 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 167.

169.   Paragraph 168 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 168.

170.   Paragraph 169 relates to a claim against David Kent and Dufrin and does not contain allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 169.

171.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

172.   Oilpro denies the allegations in paragraph 171 as stated.

173.   Oilpro denies the allegations in paragraph 172 as stated.

174.   Oilpro denies the allegations in paragraph 173 as stated.

175.   Oilpro denies the allegations in paragraph 174 as stated.

176.   Oilpro denies the allegations in paragraph 175 as stated.

177.   Oilpro denies the allegations in paragraph 176 as stated.

178.   Oilpro denies the allegations in paragraph 177 as stated.

179.   Oilpro denies the allegations in paragraph 178 as stated.

180.   Oilpro denies the allegations in paragraph 179 as stated.

181.   Oilpro denies the allegations in paragraph 180 as stated.

182.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

183.   Oilpro denies the allegations in paragraph 182 as stated.

184.   Oilpro denies the allegations in paragraph 183 as stated.

185.   Oilpro denies the allegations in paragraph 184 as stated.

186.   Oilpro denies the allegations in paragraph 185 as stated.

187.    Oilpro denies the allegations in paragraph 186 as stated.

188.   Oilpro denies the allegations in paragraph 187 as stated.

189.   Oilpro denies the allegations in paragraph 188 as stated.

190.   Oilpro denies the allegations in paragraph 189 as stated.

191.   Oilpro denies the allegations in paragraph 190 as stated.

192.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

193.   Paragraph 192 does not contain any allegations to which Oilpro must respond; to the extent that a response is required, Oilpro denies the allegations in paragraph 192 as stated.

194.   Oilpro denies the allegations in paragraph 193 as stated.

195.   Oilpro denies the allegations in paragraph 194 as stated.

196.   Oilpro denies the allegations in paragraph 195 as stated.

197.   Oilpro denies the allegations in paragraph 196 as stated.

198.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

199.   Oilpro denies the allegations in paragraph 198 as stated.

200.   Oilpro denies the allegations in paragraph 199 as stated.

201.   Oilpro denies the allegations in paragraph 200 as stated.

202.   Oilpro denies the allegations in paragraph 201 as stated.

203.   Oilpro denies the allegations in paragraph 202 as stated.

204.   Oilpro denies the allegations in paragraph 203 as stated.

205.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

206.   Oilpro denies the allegations in paragraph 205 as stated.

207.   Oilpro denies the allegations in paragraph 206 as stated.

208.   Oilpro denies the allegations in paragraph 207 as stated.

209.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

210.   Oilpro denies the allegations in paragraph 209 as stated.

211.    Oilpro denies the allegations in paragraph 209 as stated.

212.    Oilpro denies the allegations in paragraph 211 as stated.

213.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

214.    Oilpro denies the allegations in paragraph 213 as stated.

215.    Oilpro denies the allegations in paragraph 214 as stated.

216.    Oilpro denies the allegations in paragraph 215 as stated.

217.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

218.    Oilpro denies the allegations in paragraph 217 as stated.

219.    Oilpro denies the allegations in paragraph 218 as stated.

220.    Oilpro denies the allegations in paragraph 219 as stated.

221.    Oilpro denies the allegations in paragraph 220 as stated.

222.    Oilpro denies the allegations in paragraph 221 as stated.

223.    Oilpro denies the allegations in paragraph 222 as stated.

224.    Oilpro denies the allegations in paragraph 223 as stated.

225.    Oilpro denies the allegations in paragraph 224 as stated.

226.    Oilpro denies the allegations in paragraph 225 as stated.

227.    Oilpro denies the allegations in paragraph 226 as stated.

228.    Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

229.    Oilpro denies the allegations in paragraph 228 as stated.

230.    Oilpro denies the allegations in paragraph 229 as stated.

231.   Oilpro denies the allegations in paragraph 230 as stated.

232.   Oilpro denies the allegations in paragraph 231 as stated.

233.    Oilpro denies the allegations in paragraph 232 as stated.

234.   Oilpro denies the allegations in paragraph 233 as stated.

235.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

236.   Oilpro denies the allegations in paragraph 235 as stated.

237.   Oilpro denies the allegations in paragraph 236 as stated.

238.   Oilpro denies the allegations in paragraph 237 as stated.

239.   Oilpro denies the allegations in paragraph 238 as stated.

240.   Oilpro denies the allegations in paragraph 239 as stated.

241.   Oilpro denies the allegations in paragraph 240 as stated.

242.   Oilpro denies the allegations in paragraph 241 as stated.

243.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

244.   Oilpro denies the allegations in paragraph 243 as stated.

245.   Oilpro denies the allegations in paragraph 244 as stated.

246.   Oilpro denies the allegations in paragraph 245 as stated.

247.   Oilpro denies the allegations in paragraph 246 as stated.

248.   Oilpro denies the allegations in paragraph 247 as stated.

249.   Oilpro denies the allegations in paragraph 248 as stated.

250.   Oilpro denies the allegations in paragraph 249 as stated.

251.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

252.   Oilpro denies the allegations in paragraph 251 as stated.

253.   Oilpro denies the allegations in paragraph 252 as stated.

254.   Oilpro denies the allegations in paragraph 253 as stated.

255.   Oilpro denies the allegations in paragraph 254 as stated.

256.   Oilpro incorporates and realleges the responses set forth in paragraphs 1 – 117 as if set forth herein.

257.   Oilpro denies the allegations in paragraph 256 as stated.

258.   Oilpro denies the allegations in paragraph 257 as stated.

259.   Oilpro denies the allegations in paragraph 258 as stated.

260.   Paragraph 259 does not contain allegations to which Oilpro must respond; to the extent Paragraph 259 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 259 as stated.

261.   Oilpro denies the allegations in paragraph 260 as stated.

262.   Oilpro denies the allegations in paragraph 261 as stated.

263.   Oilpro denies the allegations in paragraph 262 as stated.

264.   Paragraph 263 does not contain allegations to which Oilpro must respond; to the extent Paragraph 263 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 263.

265.   Paragraph 264 does not contain allegations to which Oilpro must respond; to the extent Paragraph 264 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 264.

266.   Paragraph 265 does not contain allegations to which Oilpro must respond; to the extent Paragraph 265 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 265.

267.   Paragraph 266 does not contain allegations to which Oilpro must respond; to the extent Paragraph 266 does contain allegations to which Oilpro must respond, Oilpro lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in paragraph 266.

268.   Paragraph 267 does not contain allegations to which Oilpro must respond; to the extent Paragraph 267 does contain allegations to which Oilpro must respond, Oilpro denies the allegations in paragraph 267.

## II.  Affirmative Defenses

1.     Plaintiffs' claims are barred by waiver, estoppel and release.

2.     Plaintiffs have failed to mitigate or to reasonably attempt to mitigate their damages, if any, and Oilpro is entitled to an offset in the amount Plaintiffs could have mitigated their damages.

3.     Plaintiffs' damages, if any, are subject to offset for damages caused by Plaintiffs' conduct.

4.     Plaintiffs' claims are barred by laches.

5.     Plaintiffs' claims are barred under the doctrine of unclean hands.

6.     Plaintiffs' claims are barred by fraud.

7.     Plaintiffs' claims are barred because Plaintiffs' own acts and omissions caused or contributed to the Plaintiffs' injury.

8.     Plaintiffs' claims are barred by the applicable statute of limitations.

9.     Plaintiffs' Computer Fraud and Abuse Act claims (Counts 1 – 3) are barred by the 2-year statute of limitation set by 18 U.S.C. 1030(g).

10.     Plaintiffs' Texas Harmful Access by Computer Act claim (Count 10) is barred by the two-year statute of limitations set by Tex. Civ. P. Rem. Code § 143.001(b).

11.     Plaintiffs' Texas Theft Liability Act, Conversion, Trespass to Chattels, and Tortious Interference with Present and Prospective Business Relationships claims (Counts 11 – 13 and 17) are barred by the two-year statute of limitations set by Tex. Civ. P. Rem. Code § 16.003(a).

12.     Plaintiffs' civil conspiracy claim (Count 18) is barred by the two-year statute of limitations imposed by Texas law and also by the statutes of limitations for the underlying torts.

13.     Plaintiffs' aiding and abetting claim (Count 19) is barred by the statutes of limitations for the underlying torts.

14.     Oilpro reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

### III.  Exemplary Damages Cap

15.     If Oilpro is found liable for exemplary damages, those damages must be capped under Texas Civil Practice & Remedies Code section 134A.004(b), the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution.

## Oilpro's Counterclaims Against DHI Group and Rigzone

## I. Parties

1.      Counter-Plaintiff Single Integrated Operations Portal, Inc. d/b/a Oilpro and Oilpro.com is a Texas corporation with its principal place of business in Houston.

2.      Counter-Defendant DHI Group, Inc. is a Delaware corporation and maintains its principal place of business in New York, New York and is a party to this action.

3.      Counter-Defendant Rigzone.com, Inc. is a Texas corporation and maintains its principal place of business in Houston, Texas and is a party to this action.

## II. Jurisdiction and Venue

### A.      Jurisdiction

4.      This Court has subject matter jurisdiction pursuant to the Copyright Act, 17 U.S.C. § 101 *et. seq.*

5.      This Court has supplemental jurisdiction over Counter-Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are so closely related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy and therefore make the Court's exercise of supplemental jurisdiction appropriate.

6.      This Court has both general and specific jurisdiction over Counter-Defendants DHI Group and Rigzone given their Original Complaint and that Counter-Defendant Rigzone's business operates in the Southern District of Texas.  This Court has general and/or specific jurisdiction over Oilpro because it maintains its principal place of business in Texas.

### B.      Venue

7.      Venue is proper in this Division under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Counter-Plaintiff's causes of action oc-

curred in this Division and because Rigzone maintains its principal place of business in this Division.

## III.  Factual Background

**A.    The Oilpro Website is a professional networking and social media site for oil and gas professionals.**

8.    Oilpro owns and operates the website www.oilpro.com (the "Oilpro Website"), a social media website developed specifically for professionals in the oil and gas industry.

9.    The Oilpro Website allows members to stay informed on the latest news in the industry, connect and network with other oil and gas professionals, publish and share posts about the industry, and search for new job opportunities.

10.    The only way for an individual to become an Oilpro member is to visit the Oilpro Website and create a profile. The only information that is required for membership is an email address and the user's first and last name. Members can also upload their photo and create a member profile to share a variety of information with other members including information about their education, industry experience, skills, citizenship, languages, and contact information. Oilpro members can also upload their resumes or CVs to their profile.  The new Oilpro member can then connect to his or her contacts who are already Oilpro members and also send invitations to other colleagues and contacts who have not yet joined Oilpro. Currently, there are over 600,000 Oilpro members.

11.    Thousands of Oilpro members have uploaded their resumes to their Oilpro member profile, but these resumes are only available outside of the Oilpro member's profile when the member submits the resume to an employer or recruiter, in response to a job posting. Employers and recruiters can submit job postings to Oilpro for free or they can purchase a "Pro" subscription that grants access to additional tools and options.

12.     When individuals use the Oilpro Website, they agree to Oilpro's Terms and Conditions, which are attached as **Exhibit A-1** and provide, in relevant part, that users and members may not:

    a.    Use automated means, including spiders, robots, crawlers, agents, or the like to download data from any database of Oilpro, or from the Site itself (for example, site or page scraping is prohibited).

    b.    Harvest or otherwise collect or store information about others, including e-mail addresses.

    c.    Use, download or otherwise copy, or provide (whether or not for a fee) to a person or entity any directory of users of the Services or other user or usage information or any portion thereof.

13.     While the current version of the Terms and Conditions states that they were updated on September 2, 2015, the Terms and Conditions referenced in paragraph 12 had been in force since January 11, 2014, and have not been modified since that time. *See* **Exhibit A-2**.

14.     The Oilpro Website is an original work. Among the significant original elements of the Oilpro Website are the distinctive page layout, design, graphical elements, and organization of member profile pages, as well as the Oilpro homepage and news feed. Oilpro owns a US copyright registration for the Oilpro Website, Registration No. TX 8-258-644. *See* **Exhibit B.**

15.     Oilpro has invested and plans to continue investing substantial time, labor, skill, and financial resources into the development and maintenance of the Oilpro site.

16.     Oilpro owns a trademark for the mark "OILPRO" with the Registration No. 4,725,488 (the "Oilpro Word Mark").

17.     On or about October 1, 2013, Oilpro began using the trademark below on the Oilpro Website:



(the "Oilpro Design Mark").

18.     Since it began using the Oilpro Design Mark, Oilpro has spent substantial time and resources promoting and operating under the Oilpro Design Mark, and has thus created goodwill and public recognition of the Oilpro Design Mark.

19.     Consumers rely on the Oilpro Design Mark to distinguish Oilpro's goods and services from those provided or sold by others, including those of Oilpro's competitors.

20.     As a result of goodwill recognition, extensive sales, and advertising, the Oilpro Design Mark has become highly valuable.

21.     Oilpro has been at all relevant times the sole and exclusive owner of all right, title, and interest in or to the Oilpro Design Mark and has not granted Counter-Defendants any license or permission to use or exploit the Oilpro Design Mark.

**B.      The Oilpro Website contains technological safeguards and security measures to protect Oilpro from unauthorized access.**

22.     Oilpro protects the integrity and security of its network and systems. Among other things, it employs certain technological safeguards and barriers designed to restrict data scrapers and other wrongdoers from gaining unauthorized access to the Oilpro Website.

23.     Oilpro employs technical protocols designed to limit the sorts of bots and webcrawlers that can access the Oilpro Website.

24.     For example, Oilpro employs a robots.txt file, a safeguard that provides a set of instructions to any automated technologies visiting the Oilpro Website. While Oilpro's robots.txt file permits some webcrawlers (e.g., search engines) to view the entire site, it prohibits and is intended to prevent automated programs like those used by nefarious and unauthorized data scrapers.

25.     Oilpro also blocks automated technologies from scraping the data from the Oilpro Website by monitoring for automated technologies and then blocking those IP addresses from accessing Oilpro's computer systems. Oilpro also blocks automated software from scraping the data from the Oilpro Website through website activity monitoring software and by blocking offending IP addresses via Windows Advanced Firewall Software provided by Microsoft (the Robot.txt file, monitoring software, and firewall software constitute the "Technological Safeguards").

**C.    The Rigzone Website is an employment website, focused on the oil and gas industry.**

26.     Counter-Defendants own several online recruiting websites, including the website www.rigzone.com (the "Rigzone Website"), which is used by professionals in the oil and gas industry to access news about the industry, search for jobs, and buy and sell oil-field equipment. The Rigzone Website is not a social media website; it does not allow its members to connect and network with other oil and gas professionals. The Rigzone Website is a traditional job board system. To become a Rigzone member, a user must provide Rigzone with his or her email address, contact information, and current employer. Rigzone members cannot connect to other Rigzone members or invite others to join Rigzone.

**D.  The Counter-Defendants scraped member profile pages from the Oilpro Website and posted them on the DHI Open Web commercial service.**

27.     On or before June 16, 2015, Counter-Defendants knowingly and intentionally circumvented the Technological Safeguards and other Oilpro security measures to use automated means to access the Oilpro Website and improperly download data, member profiles, and other information from the Oilpro Website. This conduct is explicitly barred by the Oilpro Terms and Conditions, which states that users may not "[u]se automated means, including spiders, robots, crawlers, agents, or the like to download data from any database of Oilpro, or from the Site itself."

28.     At the time Counter-Defendants used automated means to scrape the Oilpro Website, they knew or should have known that Oilpro's Terms and Conditions prohibited this conduct because Counter-Defendants' terms of use for their own website prohibit this same sort of conduct. *See* http://www.rigzone.com/terms.asp, last accessed September 18, 2016 (prohibiting, the "[u]se [of] any robot, spider, site search/retrieval application, or other manual or automatic device or process to retrieve, index, "data mine," or in any way reproduce or circumvent the navigational structure or presentation of the Site or its contents").

29.     Upon information and belief, Counter-Defendants have scraped information from websites other than the Oilpro Website in a similar fashion and have developed a negative reputation for this activity on various Internet media websites.

30.     Counter-Defendants then published information from the Oilpro Website on a website owned by DHI Group called Dice Open Web at www.dice.com/open-web (the "DHI Open Web Website"). Counter-Defendants marketed the DHI Open Web Website to paying subscribers (employers and the like) as a way for them to access resume and contact information for possible employment candidates in one convenient location—the DHI Open Web Website—rather than purchasing subscriptions at websites like the Oilpro Website. *See* **Exhibit C**.

31.     Upon information and belief, Counter-Defendants scraped valuable infor-
mation from the Oilpro Website for approximately 600,000 Oilpro Members.

32.     Counter-Defendants did not obtain authority from Oilpro or its members to
post the information scraped from the Oilpro profiles to the DHI Open Web Website.
This unauthorized activity caused Oilpro significant reputational damages as well as lost
business revenues.

33.     In republishing the information scraped from the Oilpro Website, Counter-
Defendants have used the Oilpro Design Mark and thereby caused confusion as to wheth-
er Oilpro authorized or sponsored the content provided on the DHI Open Web Website.

34.     Counter-Defendants' use of the Oilpro Design Mark on the DHI Open Web
Website:

> a.     Is likely to cause, and is causing, confusion, mistake, and
> deception regarding the source, sponsorship and affiliation
> of the goods and services at issue amongst the consuming
> public to the harm of Oilpro;
>
> b.     Unjustly enriches the Counter-Defendants at Oilpro's ex-
> pense; and
>
> c.     Deprives Oilpro of the ability to control the nature and
> quality of the goods and services provided under the Oilpro
> Design Mark and places Oilpro's valuable reputation and
> goodwill wrongfully in the hands of Counter-Defendants.

**E.     Counter-Defendants' December 31, 2015 10K filing warns that their
practices may not be lawful.**

35.     In its December 31, 2015 10K filing with the US Securities and Exchange
Commission, DHI Group disclosed: "We may be liable with respect to the collection,
storage and use of the personal and professional information of our professionals and our
current practices may not be in compliance with proposed new laws and regulations."
DHI Group employed unlawful methods to collect personal and professional information
from Oilpro and other Internet-based companies with full knowledge that its practices

were not in compliance with the other companies' terms and conditions or with governing laws.

**F.      Counter-Defendants have caused and threaten ongoing harm to Oilpro.**

36.      Counter-Defendants knowingly and intentionally breached the Oilpro Terms and Conditions—which they agreed to abide by when they used the Oilpro Website—and circumvented the Technological Safeguards employed by Oilpro. In so doing, Counter-Defendants have violated federal law, including the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et. seq. (the "DMCA"), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1080 et. seq. (the "CFAA"), and have engaged in unlawful acts of breach of contract and trespass.

37.      Counter-Defendants' unlawful conduct of pilfering data from the Oilpro Website degrades the value of Oilpro's recruitment products, in which Oilpro has invested substantially over the years. Oilpro has also suffered and will continue to suffer additional harms as a result of Counter-Defendants' activities, including, but not limited to, increased strain on and disruption of its network servers and the expenditure of time and resources to investigate and respond to this misconduct.

38.      Oilpro has suffered harm to its computer systems and has expended significant human, financial, and technological resources investigating and responding to Counter-Defendants' unlawful activities, at a cost to Oilpro in excess of $5,000.

## IV.  Claims for Relief

### Count 1: Computer Fraud and Abuse in Violation of 18 U.S.C. § 1080

39.      Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

40.     Counter-Defendants knowingly accessed Counter-Plaintiff's protected computers, computer systems, and servers without authorization or exceeding authorized access, and thereby obtained information involved in interstate or foreign communication.

41.     Knowingly and with the intent to defraud, Counter-Defendants accessed Counter-Plaintiff's protected computers, computer systems, and servers without authorization or exceeding authorized access and by means of that conduct furthered the intended fraud and obtained value beyond the use of the computers, computer systems, and servers themselves.

42.     Such unauthorized access has caused damage to Counter-Plaintiff in excess of $5,000 during the past year. Under 18 U.S.C. § 1030(g), Counter-Plaintiff is entitled to its compensatory damages and to the extent that such damages do not provide an adequate remedy at law, injunctive or other equitable relief.

## Count 2: Trespass to Chattels

43.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

44.     Counter-Defendants intentionally, and without authorization, accessed and interacted with the Oilpro Website and with Oilpro's computer systems and servers.

45.     Counter-Defendants' access to the Oilpro Website and the information contained therein required Counter-Defendants to abide by the Oilpro Terms and Conditions. By violating the Oilpro Terms and Conditions, Counter-Defendants unlawfully gained access to and interfered and intermeddled with the Oilpro Website and with Oilpro's computer systems and servers.

46.     Counter-Defendants' unauthorized interference with and access to the Oilpro Website and to Oilpro's computer systems and servers, among other harms, reduces

Oilpro's capacity to service its users because this interference occupies and uses Oilpro's resources.

47.    As a result of the Counter-Defendants' conduct, Counter-Plaintiff has suffered and will continue to suffer damages and irreparable injury.

48.    Alternatively, to the extent that damages do not provide an adequate remedy at law, Counter-Plaintiff requests that Counter-Defendants be enjoined from continuing such conduct.

## Count 3: Breach of Contract

49.    Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

50.    Use of the Oilpro Website and use of Oilpro services are governed by and sub-ject to the Oilpro Terms and Conditions.

51.    Counter-Defendants accessed the Oilpro website and accepted and agreed to the Oilpro Terms and Conditions, which are enforceable and binding on the Counter-Defendants.

52.    Counter-Defendants accessed the Oilpro Website with knowledge of the Oilpro Terms and Conditions and all of the prohibitions contained therein. Despite such knowledge, the Counter-Defendants improperly accessed and continue to access the Oilpro Website to, among other things, scrape, crawl, or use other automated technology or software to gain access to the Oilpro Website and to the information contained therein without the consent of Oilpro.

53.    Counter-Defendants' actions, as described above, have willfully, repeatedly, and systematically breached the Oilpro Terms and Conditions.

54.    Oilpro has performed all conditions, covenants, and promises required of it in accordance with the Oilpro Terms and Conditions.

55.     As a result of the Counter-Defendants' breach of contract, Counter-Plaintiff has suffered and will continue to suffer damages and irreparable injury.

56.     Alternatively, to the extent that damages do not provide an adequate remedy at law, Counter-Plaintiff requests that Counter-Defendant be enjoined from any continued breaches of the Oilpro Terms and Conditions.

### Count 4: Violations of Digital Millennium Copyright Act

57.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

58.     Oilpro employs the Technological Safeguards to protect Oilpro's computers and servers from unauthorized access. The Technological Safeguards effectively control access to the copyright materials on the Oilpro Website, including the homepage, news-feed, and member profile pages, and they protect Oilpro's exclusive rights in these copy-righted materials.

59.     Despite Oilpro's best efforts to protect the Oilpro Website from unauthorized access, Counter-Defendants circumvented the Technological Safeguards and gained un-authorized access to Oilpro's copyrighted materials, including without limitation the copy-righted Oilpro Website, in violation of 17 U.S.C. § 1201(a).

60.     Counter-Defendants' circumventions have caused damage to Oilpro. To the ex-tent that damages do not adequately compensate Oilpro for its losses, Oilpro requests in-junctive relief as provided by 17 U.S.C. § 1203.

### Count 5: Copyright Infringement

61.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

62.     Counter-Plaintiff owns the Oilpro Website, which is an original work, and the Copyright Registration No. TX 8-258-644. *See* Ex. B.

63.     Counter-Defendant has copied the Oilpro Website and has published data and information from the Oilpro Website on the DHI Open Web Website.

64.     Counter-Plaintiff has been damaged by Counter-Defendants' infringement in an amount to be proven at trial. To the extent that damages do not provide an adequate remedy at law, Counter-Plaintiff requests that Counter-Defendant be enjoined from further infringement.

65.     Counter-Plaintiff is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## Count 6: Misappropriation

66.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

67.     Counter-Plaintiff has invested substantial time, skill and financial resources into the creation and maintenance of the Oilpro Website; the Oilpro computer systems and servers, including system and server capacity; as well as the content and information on the Oilpro Website, which is time sensitive.

68.     Without authorization, Counter-Defendants wrongfully accessed the Oilpro Website and Counter-Plaintiff's computer systems and servers, and obtained data from the Oilpro Website without having to make the substantial investment in time, labor, skill, and financial resources made by Counter-Plaintiff.

69.     On information and belief, Counter-Defendants compete with Counter-Plaintiff and have made data from the Oilpro Website available to their customers and to other third parties. As such, Counter-Defendants' use of Counter-Plaintiff's computer systems and servers, including system and server capacity, as well as data from the Oilpro Website, constitutes free-riding on Counter-Plaintiff's substantial investment of time, effort, and expense.

70.     As a result of this misappropriation, Counter-Defendants wrongfully compete and/or enable others to compete with Counter-Plaintiff, and Counter-Plaintiff has been forced to expend additional time and resources including but not limited to investigating and responding to Counter-Defendants' improper activities.

71.     Counter-Plaintiff has been and will continue to be damaged as a result of Counter-Defendants' acts of misappropriation.

72.     To the extent that damages do not adequately compensate it, Counter-Plaintiff seeks injunctive relief.

### Count 7: Trademark Infringement in Violation of 15 U.S.C. § 1051

73.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

74.     Counter-Plaintiff is engaged in interstate commerce.

75.     Counter-Plaintiff has built public recognition in the Oilpro Design Mark, under which it does business in interstate commerce.

76.     Counter-Defendants are making an unauthorized use of the Oilpro Design Mark, and this unauthorized use is likely to cause confusion, mistake, or to deceive the public as to the affiliation, connection, or association between Counter-Defendants on the one hand and Counter-Plaintiff on the other.

77.     As a result of the foregoing, Counter-Plaintiff has been and will continue to be damaged.

78.     In addition to Counter-Plaintiff's damages, Counter-Plaintiff is entitled to re-cover disgorgement of Counter-Defendants' profits, pursuant to 15 U.S.C. § 1117(a).

79.     Counter-Plaintiff's damages should be enhanced for willfulness under 15 U.S.C. § 1117(a), because Counter-Plaintiff's remedies are otherwise inadequate and be-cause Counter-Defendants' conduct was done with the intent to confuse and deceive.

80.     In addition, Counter-Plaintiff has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill. Counter-Defendants are likely to continue to commit their unlawful activities unless restrained and enjoined. Counter-Plaintiff's remedy at law is by itself inadequate to compensate for the injuries inflicted and threatened by Counter-Defendants. Accordingly, Counter-Plaintiff is entitled to injunctive relief, pursuant to 15 U.S.C. § 1116.

81.     Counter-Plaintiff is also entitled to recover its attorneys' fees and costs of suit, pursuant to 15 U.S.C § 1117.

## Count 8: Texas Common Law Trademark Infringement

82.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

83.     The Oilpro Design Mark is eligible for protection.

84.     Counter-Plaintiff is the senior user of its marks.

85.     Counter-Plaintiff and Counter-Defendant are competitors.

86.     Counter-Defendants' use of the Oilpro Design Mark creates a likelihood of confusion between Counter-Defendants on the one hand and Counter-Plaintiff on the other.

87.     As a result of the Counter-Defendants' conduct, Counter-Plaintiff has suffered and will continue to suffer damages and irreparable injury, and the likelihood of confusion will cause irreparable injury for which there is no adequate legal remedy.

## Count 9: Harmful Access by Computer in Violation of
## § 33.02 of the Texas Penal Code

88.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

89.     Counter-Defendants have violated § 33.02 of the Texas Penal Code by knowingly and without effective consent accessing the Oilpro Website. Counter-Plaintiff has been harmed by such illegal conduct.

90.     Pursuant to § 143.991 of the Texas Civil Practice and Remedies Code, Counter-Defendants' knowing and intentional violation of the Texas Penal Code makes them liable for harmful computer access of Oilpro.com.

## Count 10: Unjust Enrichment

91.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

92.     Counter-Defendants knowingly benefited and continue to unjustly benefit from their unauthorized access of the Oilpro Website and their improper use of the proprietary content in it. Counter-Defendants have accepted the benefits and have never compensated Counter-Plaintiff for their unauthorized access to the Oilpro Website or their use of its proprietary information.

93.     Counter-Defendants have been unjustly enriched to the detriment of Counter-Plaintiff.

## Count 11: Interference with Prospective Business Relations

94.     Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

95.     Counter-Defendants interfered with Counter-Plaintiff's prospective business relationships with Oilpro members and subscribers by their independently tortious or unlawful acts, including the acts set forth in Counts 1 – 10 of this Counterclaim.

96.     Counter-Plaintiff has lost customers and subscribers as a result of Counter-Defendants' intentional and tortious interference.

97.    There is a reasonable probability that customers who subscribed to the Dice Open Web Website would have entered into a relationship directly with Oilpro.

98.    Those prospective business relationships were prevented from occurring by the independently unlawful acts of Counter-Defendants, including those acts outlined in Counts 1 – 10 of this Counterclaim.

99.    Counter-Defendants acted with a conscious desire to interfere with Counter-Plaintiff's prospective relationships with Oilpro members and customers, or knew that Counter-Plaintiff's prospective relationships with such members and customers was certain or substantially certain to be impacted as a result of Counter-Defendants' unauthorized conduct.

100.    Counter-Plaintiff has been and will continue to be damaged as a result of Counter-Defendants' interference.

101.    Counter-Plaintiff has suffered and will continue to suffer irreparable injury, and its remedy at law is by itself inadequate to compensate it for the injuries inflicted by Counter-Defendants.

## V.  Attorney's Fees

102.    Counter-Plaintiff has employed the undersigned attorneys to defend and prosecute this suit on its behalf. Counter-Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs incurred in the prosecution of this lawsuit.

## VI.  Application for Injunctive Relief

103.    Counter-Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

104.    The actions of Counter-Defendant threaten Counter-Plaintiff with irreparable injury for which there is no adequate remedy at law. Counter-Plaintiff seeks a permanent injunction, requiring that Counter-Defendants:

a.      Make no further use of the data and information that was obtained from the Oilpro Website;

b.      Delete all data and information obtained from the Oilpro Website;

c.      Identify all persons with whom Counter-Defendant shared the data and information that was taken from the Oilpro Website; and

d.      Refrain from accessing or using the Oilpro Website for any commercial purpose; and

e.      Refrain from using automated means to access the Oilpro Website and to download data, member profiles, and other information from the Oilpro Website.

## VII. Prayer

For the foregoing reasons, Counter Plaintiff respectfully requests that, following a jury trial, the Court enter an injunction in Oilpro's favor, award damages to Oilpro from Counter-Defendants, and award Oilpro such other relief as the Court deems just and proper.

Dated: November 15, 2016                   Respectfully Submitted,

                                           GARDERE WYNNE SEWELL LLP

                                           _____
                                           James G. Munisteri
                                           Texas Bar No. 14667380
                                           Marla Thompson Poirot
                                           Texas Bar No. 00794736
                                           1000 Louisiana, Suite 2000
                                           Houston, Texas 77002-5007
                                           Telephone: (713) 276-5500
                                           Facsimile: (713) 276-5555
                                           jmunisteri@gardere.com
                                           mpoirot@gardere.com

                                           Peter S. Vogel
                                           Texas Bar No. 20601500
                                           Sara Ann Brown
                                           Texas Bar No. 24075773
                                           1601 Elm Street, Suite 3000
                                           Dallas, Texas 75201-4761
                                           Telephone: 214.999.3000
                                           Facsimile: 214.999.4667
                                           pvogel@gardere.com
                                           sabrown@gardere.com

                                           **ATTORNEYS FOR DEFENDANT
                                           AND COUNTER-PLAINTIFF
                                           SINGLE INTEGRATED
                                           OPERATIONS PORTAL, INC.
                                           D/B/A OILPRO AND OILPRO.COM**

## CERTIFICATE OF SERVICE

I certify that on November 15, 2016, a copy of the forgoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties registered to receive such notice, including the following attorneys for Plaintiff DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc.:

**Kevin T. Jacobs**                                Counsel for Plaintiffs DHI Group, Inc. f/k/a Dice
**Justin Lipe**                                     Holdings, Inc. and Rigzone.com, Inc.
**Christine Ng**
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-7847
kevin.jacobs@bakerbotts.com
justin.lipe@bakerbotts.com
christine.ng@bakerbotts.com

**Richard B. Harper**
**Douglas W. Henkin**
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
richard.harper@bakerbotts.com
douglas.henkin@bakerbotts.com

**George Edwards III**                    Counsel for Defendant Jeremy Antonini
**Murtaza Sutarwalla**
2555 N. MacGregor Way, Suite 100
Houston, Texas 77004
Telephone: (832) 717-2562
Fax: (713) 583-8715
george@eslawpartners.com
murtaza@eslawpartners.com

**Howard L. Close**
**E. Marie Jamison**
**Andrew C. Nelson**
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Fax: (713) 572-4320
close@wrightclose.com
jamison@wrightclose.com
nelson@wrightclose.com

Counsel for Defendant Bryan Robins

**Susan L. Bickley**
**Barry Abrams**
**Jack W. Higdon**
**Emery G. Richards**
BLANK ROME LLP
717 Texas Ave, Suite 1400
Houston, Texas 77002
Tel: (713) 228-6601
Fax: (713) 228-6605
SBickley@BlankRome.com
BAbrams@BlankRome.com
JHigdon@BlankRome.com
ERichards@BlankRome.com

Counsel for Defendant David W. Kent, Jr.

_____
Sara Ann Brown