## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DHI GROUP, INC., F/K/A/ DICE HOLDINGS, INC. AND RIGZONE.COM, INC. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:16-CV-01670 |
| DAVID W. KENT, JR., SINGLE | § | |
| INTEGRATED OPERATIONS PORTAL, INC., | § | |
| D/B/A OILPRO AND OILPRO.COM, | § | |
| ESTEVAN DUFRIN, MATTHEW KENT, | § | |
| BRYAN ROBINS, JEREMY ANTONINI, AND | § | |
| JOHN DOE NOS. 1-10, | § | |
| *Defendants*. | § | |

## <u>DEFENDANT BRYAN ROBINS' ANSWER</u>

Defendant Bryan Robins ("Robins") answers Plaintiffs' Original Complaint as follows.[1]

1.     Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

---

[1] On March 22, 2017, the Court adopted the Magistrate Judge's Memorandum and Recommendation on Defendant Bryan Robins' 12(b)(6) Motion to Dismiss. (Doc. 98) The Court dismissed the following claims against Robins: aiding and abetting in violation of the CFAA, SCA, TUTSA, THACA, and TTLA; aiding and abetting in the defendants' violations of state common law torts of misappropriation of confidential information, conversion, trespass to chattels, unfair competition, and tortious interference with business relations; conspiring to violate the SCA (statutory claim); conspiring to violate the CFAA and SCA (common law claims); conspiring to convert assets (conversion); conspiring to misappropriate information (trespass to chattels); and conspiring to commit tortious interference with present and prospective business relationships. (Doc. 93) To the extent that the Court denied the motion to dismiss and there are remaining claims against Robins, Defendant Robins files this answer. *See* FED. R. CIV. P. 12(a)(4)(A).

form a belief about the truth of the factual allegations contained in paragraph 1 of the Original Complaint.

2.    Defendant Robins admits that Dufrin accessed information in Plaintiffs' Google Analytics account and forwarded the information to David Kent, and that David Kent caused emails and telephone calls to be sent to the CEO of DHI Group. As to the remaining allegations in paragraph 2, Defendant Robins lacks knowledge or information to form a belief about the truth of the factual allegations.

3.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 3 of the Original Complaint.

4.    Defendant Robins admits that David Kent is facing criminal charges. As to the remaining allegations in paragraph 4, Defendant Robins lacks knowledge or information to form a belief about the truth of the factual allegations.

5.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 5 of the Original Complaint.

6.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 6 of the Original Complaint.

7.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 7 of the Original Complaint.

8.     Defendant Robins admits the allegations in paragraph 8.

9.     Defendant Robins admits the allegations in paragraph 9.

10.     Defendant Robins admits the allegations in paragraph 10.

11.     Defendant Robins admits the allegations in paragraph 11.

12.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 12 of the Original Complaint.

13.     Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 13 of the Original Complaint.

14.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 14 of the Original Complaint.

15.     Defendant Robins admits generally that the Court has subject matter jurisdiction.

16.    Defendant Robins admits generally that the Court has supplemental jurisdiction.

17.    Defendant Robins admits generally that the Court has jurisdiction over the Defendants. Otherwise, Defendant Robins denies the factual allegations in paragraph 17 to the extent that the allegations are directed at Robins.

18.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 18 of the Original Complaint.

19.    Defendant Robins generally admits that the venue is proper in the Southern District of Texas, Houston Division. Otherwise, Defendant Robins denies the factual allegations in paragraph 19 to the extent that the allegations are directed at Robins

20.    Defendant Robins admits the allegations in paragraph 20.

21.    Defendant Robins admits that DHI acquired Rigzone from David Kent and other Rigzone investors in August 2010. Defendant Robins admits that he received funds from the sale of Rigzone to DHI. As to the remaining allegations in paragraph 21, Defendant Robins lacks knowledge or information to form a belief about the truth of the factual allegations.

22.    Defendant Robins admits the allegations in paragraph 22.

23.     Defendant Robins admits that DHI acquired World Wide Worker and Oil Careers.  As to the remaining allegations in paragraph 23, Defendant Robins lacks knowledge or information to form a belief about the truth of the factual allegations.

24.     Defendant Robins admits that Rigzone has offered an online platform specific to professionals in the oil and gas industry. As to the remaining allegations in paragraph 24, Defendant Robins lacks knowledge or information to form a belief about the truth of the factual allegations.

25.     Defendant Robins admits that Rigzone allows members to create online accounts that contain personal and professional information. Defendant Robins admits that members can use their login credentials to upload resumes and curriculum vitae to be stored in a database. As to the remaining allegations in paragraph 25, Defendant Robins lacks knowledge or information to form a belief about the truth of the factual allegations.

26.     Defendant Robins admits that Rigzone allows paid access by recruiters and employers to solicit members of Rigzone. Defendant Robins admits that Rigzone requires customers to pay to have access and that a member's curriculum vitae is public. As to the remaining allegations in paragraph 26, Defendant Robins lacks knowledge or information to form a belief about the truth of the factual allegations.

27.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 27 of the Original Complaint.

28.     Defendant Robins admits the allegations in paragraph 28.

29.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 29 of the Original Complaint.

30.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 30 of the Original Complaint.

31.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 31 of the Original Complaint.

32.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 32 of the Original Complaint.

33.     Defendant Robins admits the allegations in paragraph 33.

34.     Defendant Robins admits that DHI Group owns and operates numerous other websites that service other professional industries. As to the remaining

allegations in paragraph 34, Defendant Robins lacks knowledge or information to form a belief about the truth of the factual allegations.

35.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 35 of the Original Complaint.

36.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 36 of the Original Complaint.

37.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 37 of the Original Complaint.

38.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 38 of the Original Complaint.

39.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 39 of the Original Complaint.

40.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 40 of the Original Complaint.

41.     Defendant Robins admits Oilpro was brought online in 2013 and the website displayed a countdown ticker prior to its launch.

42.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 42 of the Original Complaint.

43.     Defendant Robins admits that Oilpro's site became operational in October 2013.

44.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 44 of the Original Complaint.

45.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 45 of the Original Complaint.

46.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 46 of the Original Complaint.

47.     Defendant Robins admits that he was hired at Oilpro to serve as head of advertising sales. Defendant Robins admits that he had general knowledge of Rigzone's advertising sales and was previously employed by Rigzone as Advertising

Sales Manager, but was promoted to Vice President after the acquisition. As to the remaining allegations in paragraph 47, Defendant Robins denies the allegations.

48.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 48 of the Original Complaint.

49.     Defendant Robins denies the allegations to the extent they are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 49 of the Original Complaint.

50.     Defendant Robins denies the allegations to the extent they are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 50 of the Original Complaint.

51.     Defendant Robins denies the allegations to the extent they are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 51 of the Original Complaint.

52.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 52 of the Original Complaint.

53.     Defendant Robins admits that he received an email titled "Operation Resume Hoard – Part 1" containing a marketing plan/idea, with no mention of any schemes or hacking. As to the remaining allegations in paragraph 53, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 53 of the Original Complaint. The allegations, therefore, are denied.

54.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 54 of the Original Complaint.

55.     Defendant Robins admits that he received emails where Kent attributed growth of Oilpro to email invitations to contacts of Oilpro members, traditional marketing methods, and "network effects." As to the remaining allegations in paragraph 55, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 55 of the Original Complaint.

56.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 56 of the Original Complaint.

57.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 57 of the Original Complaint.

58.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 58 of the Original Complaint.

59.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 59 of the Original Complaint.

60.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 60 of the Original Complaint.

61.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 61 of the Original Complaint.

62.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 62 of the Original Complaint.

63.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 63 of the Original Complaint.

64.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 64 of the Original Complaint.

65.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 65 of the Original Complaint.

66.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 66 of the Original Complaint.

67.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 67 of the Original Complaint.

68.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 68 of the Original Complaint.

69.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 69 of the Original Complaint.

70.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 70 of the Original Complaint.

71.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 71 of the Original Complaint.

72.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 72 of the Original Complaint.

73.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 73 of the Original Complaint.

74.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 74 of the Original Complaint.

75.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 75 of the Original Complaint.

76.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 76 of the Original Complaint.

77.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 77 of the Original Complaint.

78.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 78 of the Original Complaint.

79.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 79 of the Original Complaint.

80.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 80 of the Original Complaint.

81.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 81 of the Original Complaint.

82.     Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 82 of the Original Complaint.

83.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 83 of the Original Complaint.

84.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 84 of the Original Complaint.

85.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 85 of the Original Complaint.

86.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 86 of the Original Complaint.

87.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 87 of the Original Complaint.

88.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 88 of the Original Complaint.

89.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 89 of the Original Complaint.

90.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 90 of the Original Complaint.

91.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 91 of the Original Complaint.

92.     Defendant Robins admits that he received an email where Kent stated that Oilpro had taken on an investor the previous year and that there were few better fits for the software platform of Oilpro than Rigzone. As to the remaining allegations in paragraph 92, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in paragraph 92 of the Original Complaint.

93.     Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 93 of the Original Complaint.

94.     Defendant Robins admits the allegations in paragraph 94.

95.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegation in the last sentence of paragraph 95 of the Original Complaint.

96.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 96 of the Original Complaint.

97.     Defendant Robins admits David Kent emailed the CEO of DHI Group on November 25, 2015 and refers to the email for the full and complete description of its contents.   Defendant Robins has insufficient knowledge or information regarding the remaining allegations.

98.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 98 of the Original Complaint.

99.     Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 99 of the Original Complaint.

100.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 100 of the Original Complaint.

101.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 101 of the Original Complaint.

102.    Defendant Robins admits that in January 2016, David Kent met with DHI Group in New York City to discuss Oilpro.

103.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 103 of the Original Complaint.

104.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 104 of the Original Complaint.

105.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 105 of the Original Complaint.

106.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 106 of the Original Complaint.

107.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 107 of the Original Complaint.

108.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 108 of the Original Complaint.

109.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 109 of the Original Complaint.

110.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 110 of the Original Complaint.

111.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 111 of the Original Complaint.

112.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 112 of the Original Complaint.

113.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 113 of the Original Complaint.

114.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 114 of the Original Complaint.

115.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 115 of the Original Complaint.

116.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 116 of the Original Complaint.

117.   Defendant Robins admits that a criminal complaint was filed against David Kent. As to the other claims in paragraph 117, Defendant Robins lacks

sufficient knowledge or information to form a belief about the truth of the factual allegations.

118.   Defendant Robins need not admit or deny the allegations in paragraph 118.

119.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 119 of the Original Complaint.

120.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 120 of the Original Complaint.

121.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 121 of the Original Complaint.

122.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 122 of the Original Complaint.

123.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in paragraph 123 of the Original Complaint.

124.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 124 of the Original Complaint.

125.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 125 of the Original Complaint.

126.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 126 of the Original Complaint.

127.   Defendant Robins need not admit or deny the allegations in paragraph 127.

128.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 128 of the Original Complaint.

129.    Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 129 of the Original Complaint.

130.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 130 of the Original Complaint.

131.    Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 131 of the Original Complaint.

132.    Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 132 of the Original Complaint.

133.    Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 133 of the Original Complaint.

134.    Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in paragraph 134 of the Original Complaint.

135.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 135 of the Original Complaint.

136.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 136 of the Original Complaint.

137.   Defendant Robins need not admit or deny the allegations in paragraph 137.

138.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 138 of the Original Complaint.

139.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 139 of the Original Complaint.

140.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 140 of the Original Complaint.

141.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 141 of the Original Complaint.

142.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 142 of the Original Complaint.

143.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 143 of the Original Complaint.

144.   Defendant Robins need not admit or deny the allegations in paragraph 144.

145.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in paragraph 145 of the Original Complaint.

146.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 146 of the Original Complaint.

147.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 147 of the Original Complaint.

148.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 148 of the Original Complaint.

149.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 149 of the Original Complaint.

150.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 150 of the Original Complaint.

151.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 151 of the Original Complaint.

152.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 152 of the Original Complaint.

153.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 153 of the Original Complaint.

154.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 154 of the Original Complaint.

155.   Defendant Robins need not admit or deny the allegations in paragraph 155.

156.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 156 of the Original Complaint.

157.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 157 of the Original Complaint.

158.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 158 of the Original Complaint.

159.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 159 of the Original Complaint.

160.   Defendant Robins need not admit or deny the allegations in paragraph 160.

161.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 161 of the Original Complaint.

162.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins admits the allegations in the first sentence of paragraph 162, but denies all other allegations in paragraph 162.

163.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 163 of the Original Complaint.

164.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 164 of the Original Complaint.

165.   Defendant Robins need not admit or deny the allegations in paragraph 165.

166.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 166 of the Original Complaint.

167.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 167 of the Original Complaint.

168.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 168 of the Original Complaint.

169.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 169 of the Original Complaint.

170.   Defendant Robins need not admit or deny the allegations in paragraph 170.

171.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 171 of the Original Complaint.

172.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 172 of the Original Complaint.

173.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 173 of the Original Complaint.

174.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 174 of the Original Complaint.

175.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 175 of the Original Complaint.

176.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 176 of the Original Complaint.

177.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 177 of the Original Complaint.

178.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 178 of the Original Complaint.

179.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 179 of the Original Complaint.

180.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 180 of the Original Complaint.

181.   Defendant Robins need not admit or deny the allegations in paragraph 181.

182.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 182 of the Original Complaint.

183.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 183 of the Original Complaint.

184.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 184 of the Original Complaint.

185.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 185 of the Original Complaint.

186.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 186 of the Original Complaint.

187.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 187 of the Original Complaint.

188.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 188 of the Original Complaint.

189.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 189 of the Original Complaint.

190.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 190 of the Original Complaint.

191.   Defendant Robins need not admit or deny the allegations in paragraph 191.

192.   Defendant Robins need not admit or deny the allegations in paragraph 192.

193.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 193 of the Original Complaint.

194.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 194 of the Original Complaint.

195.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 195 of the Original Complaint.

196.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 196 of the Original Complaint.

197.   Defendant Robins need not admit or deny the allegations in paragraph 197.

198.   Defendant Robins need not admit or deny the allegations in paragraph 198.

199.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 199 of the Original Complaint.

200.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 200 of the Original Complaint.

201.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 201 of the Original Complaint.

202.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 202 of the Original Complaint.

203.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 203 of the Original Complaint.

204.   Defendant Robins need not admit or deny the allegations in paragraph 204.

205.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 205 of the Original Complaint.

206.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 206 of the Original Complaint.

207.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in paragraph 207 of the Original Complaint.

208.   Defendant Robins need not admit or deny the allegations in paragraph 208.

209.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 209 of the Original Complaint.

210.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 210 of the Original Complaint.

211.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 211 of the Original Complaint.

212.   Defendant Robins need not admit or deny the allegations in paragraph 212.

213.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 213 of the Original Complaint.

214.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 214 of the Original Complaint.

215.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 215 of the Original Complaint.

216.   Defendant Robins need not admit or deny the allegations in paragraph 216.

217.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 217 of the Original Complaint.

218.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 218 of the Original Complaint.

219.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 219 of the Original Complaint.

220.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 220 of the Original Complaint.

221.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 221 of the Original Complaint.

222.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 222 of the Original Complaint.

223.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 223 of the Original Complaint.

224.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 224 of the Original Complaint.

225.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 225 of the Original Complaint.

226.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 226 of the Original Complaint.

227.   Defendant Robins need not admit or deny the allegations in paragraph 227.

228.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 228 of the Original Complaint.

229.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 229 of the Original Complaint.

230.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in paragraph 230 of the Original Complaint.

231.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 231 of the Original Complaint.

232.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 232 of the Original Complaint.

233.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 233 of the Original Complaint.

234.   Defendant Robins need not admit or deny the allegations in paragraph 234.

235.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 235 of the Original Complaint.

236.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 236 of the Original Complaint.

237.   Defendant Robins need not admit or deny the allegations in paragraph 237.

238.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 238 of the Original Complaint.

239.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 239 of the Original Complaint.

240.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 240 of the Original Complaint.

241.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in paragraph 241 of the Original Complaint.

242.   Defendant Robins need not admit or deny the allegations in paragraph 242.

243.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 243 of the Original Complaint.

244.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 244 of the Original Complaint.

245.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 245 of the Original Complaint.

246.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 246 of the Original Complaint.

247.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 247 of the Original Complaint.

248.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 248 of the Original Complaint.

249.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 249 of the Original Complaint.

250.   Defendant Robins need not admit or deny the allegations in paragraph 250.

251.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 251 of the Original Complaint.

252.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in paragraph 252 of the Original Complaint.

253.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 253 of the Original Complaint.

254.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 254 of the Original Complaint.

255.   Defendant Robins need not admit or deny the allegations in paragraph 255.

256.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 256 of the Original Complaint.

257.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 257 of the Original Complaint.

258.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in Paragraph 258 of the Original Complaint.

259.   Defendant Robins need not admit or deny the allegations in paragraph 259 but denies them to the extent that they are directed at Robins.

260.   Defendant Robins need not admit or deny the allegations in paragraph 260 but denies them to the extent that they are directed at Robins.

261.   Defendant Robins need not admit or deny the allegations in paragraph 261 but denies them to the extent that they are directed at Robins.

262.   Defendant Robins lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in paragraph 262 of the Original Complaint.

263.   Robins need not admit or deny the allegations in paragraph 263 but denies them to the extent that they are directed at Robins.

264.   Robins need not admit or deny the allegations in paragraph 264 but denies them to the extent that they are directed at Robins.

265.   Defendant Robins denies to the extent the allegations are directed at Robins. Otherwise, Defendant Robins lacks sufficient knowledge or information to

form a belief about the truth of the factual allegations contained in Paragraph 265 of the Original Complaint.

266.   Defendant Robins need not admit or deny the allegations in paragraph 266.

267.   Defendant Robins need not admit or deny the allegations in paragraph 267. However, Defendant Robins denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

268.   Defendant Robins would show that the occurrence in question as well as the damages complained of were caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendant Robins has no right of control nor for whom Defendant Robins is legally responsible.

269.   Defendant Robins further pleads and is entitled to a jury instruction that Plaintiffs have failed to mitigate their damages and that the alleged injuries are preexisting conditions.

270.   Defendant Robins would show that the occurrence in question as well as the damages complained of were caused in whole or in part, by the acts, omissions, fault, or other conduct of Plaintiffs.

47

271.    Defendant Robins would show that in the event it is found liable to Plaintiffs, Defendant Robins is entitled to a reduction for the liability, fault or other conduct which is attributable to any person, responsible third party, settling party, or other party under Chapter 33 of the Texas Civil Practice and Remedies Code.

272.    Defendant Robins would show that it is entitled to a credit or offset for all monies or consideration paid to Plaintiffs by virtue of any type or form of settlement agreement entered into by and between Plaintiffs and any settling parties or any Defendants herein or any other person or entity not a party to this litigation.

273.    Defendant Robins would show that in the event that it is found liable to Plaintiffs, Defendant Robins is entitled to contribution as provided by the laws and statutes of the State of Texas including, but not limited to, the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code, as well as other applicable laws and statutes.

274.    Moreover, any award of exemplary or punitive damages in this cause is unconstitutional under the Constitution of the United States. First, the recovery of exemplary or punitive damages would deprive Defendant Robins of its constitutional rights to substantive and procedural due process of law and to equal protection under the law, which rights are guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Second, to allow Plaintiffs in this action to recover from Defendant Robins exemplary or punitive damages would deprive Defendant Robins

of his constitutional rights under the Eighth Amendment of the United States Constitution, which prohibits the imposition of excessive fines. Moreover, an award of punitive or exemplary damages also violates Article I of the Texas Constitution, Sections 13, 14, 16, and 19.

275.    For any claims for punitive damages and pre-judgment interest, Defendant Robins invokes the limitations on punitive damages and prejudgment interest contained in the Texas Civil Practice and Remedies Code.

276.    Plaintiffs' claims against Defendant Robins for exemplary damages are governed by Chapter 41 of the Texas Civil Practice & Remedies Code and accordingly limited by Section 41.008(b).

277.    Defendant Robins affirmatively pleads the defense of limitations. Accordingly, Plaintiffs' claims are barred by the applicable two-year statute of limitations.

278.    Defendant Robins seeks and is entitled to attorney's fees under the TTLA. The TTLA mandates that the prevailing party recover attorney's fees. TEX. CIV. PRAC. & REM. CODE § 134.005(b).

279.    Defendant Robins demands a jury trial.

## PRAYER

Defendant Robins asks the Court to dismiss Plaintiffs' complaint with prejudice, assess all costs and fees against Plaintiffs, and grant Defendant Robins all other relief to which Robins may show itself to be justly entitled.

Respectfully Submitted,

*/s/ Howard L. Close*
Howard L. Close
State Bar No. 04406500
S.D. Tex. No. 13362
*Attorney-in-Charge*
E. Marie Jamison
State Bar No. 24044647
S.D. Tex. No. 611126
Andrew C. Nelson
State Bar No. 24074801
S.D. Tex. No. 1619211
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
close@wrightclose.com
jamison@wrightclose.com
nelson@wrightclose.com

***Attorneys for Defendant Bryan Robins***

## CERTIFICATE OF SERVICE

I certify that all counsel of record who are Filing Users of the ECF System of the Southern District of Texas have been served a true and correct copy of the foregoing by electronic submission on April 5, 2017.

*/s/ Howard L. Close*
Howard L. Close