United States District Court
Southern District of Texas
**ENTERED**
January 09, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHI GROUP, INC., F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-1670 |
| DAVID W. KENT, JR. SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ESTEVAN DUFRIN, MATTHEW KENT, BRYAN ROBINS, JEREMY ANTONINI, AND JOHN DOE NOS. 1-10, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiffs DHI Group, Inc. and Rigzone.com, Inc.'s (collectively, "Plaintiffs") Motion to Compel Arbitration (Doc. 133). The court has considered the motion, the response, the replies, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiffs' motion be **DENIED**.

### I. Case Background

Plaintiffs filed this action on June 10, 2016, alleging that Defendants wrongfully stole proprietary information by hacking.[2] Defendant Single Integrated Operations Portal, Inc. d/b/a Oilpro

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated June 16, 2016.

[2] See Doc. 1, Pls.' Compl.

and OILPRO.com's ("Oilpro") filed counterclaims on August 5, 2016, attaching a copy of its website's terms and conditions containing the pertinent arbitration provision as exhibit A.[3]  Plaintiffs moved to dismiss these counterclaims on September 2, 2016, but failed to raise the arbitration provision.[4]  Oilpro filed a second amended counterclaim on November 15, 2015, alleging violations of the Computer Fraud and Abuse Act, the Digital Millennium Copyright Act, the Lanham Act, the Texas Harmful Access by Computer Act, as well as claims for trespass to chattels, breach of contract, copyright infringement, misappropriation, common law trademark infringement, unjust enrichment, and interference with prospective business relations.[5]  Plaintiffs filed a motion to dismiss these counterclaims on December 5, 2016, again failing to raise the arbitration provision.[6]  On April 21, 2017, the court recommended dismissal of Oilpro's claims for trespass to chattels and unjust enrichment.[7]  This recommendation was adopted on October 26, 2017.[8]

On June 9, 2017, before the recommendation was adopted by the court, Plaintiffs filed the pending motion to compel arbitration of

---

[3] See Doc. 34, Ex. A to Def. Oilpro's Am. Ans. & Countercl., Oilpro Terms & Conditions pp. 37-52.

[4] See Doc. 49, Pls.' 1st Mot. to Dismiss.

[5] See Doc. 63, Def. Oilpro's 2d Am. Countercl.

[6] See Doc. 64, Pls.' 2d Mot. to Dismiss.

[7] See Doc. 102, Mem. & Recom. Dated Apr. 21, 2017.

[8] See Doc. 153, Ord. Dated Oct. 26, 2017 p. 21.

Oilpro's counterclaims, contending that the terms and conditions posted on Oilpro's website during the pertinent time period mandated arbitration.[9] The terms and conditions are as follows:

### Governing Law, Choice of Forum and Agreement to Arbitrate

> This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Texas, United States of America, without regard to principles of conflicts of law, and any action regarding same or the use of this website and the services provided by Oilpro shall be initiated and maintained in a forum of competent jurisdiction in Houston, Harris County, Texas, United States of America. Any such legal actions or disputes shall be resolved by binding arbitration pursuant to the rules of the American Arbitration Association.[10]

After the pending motion to compel arbitration was filed, the parties notified the court that the case had settled, and the court conditionally dismissed the case on June 26, 2017.[11] However, the parties failed to reach a final agreement, and the case was reinstated on July 27, 2017, and stayed until Defendant David Kent ("Kent") was sentenced in the Southern District of New York for his criminal actions related to the facts of this case.[12] On October 16, 2017, the court set new deadlines for the case.[13] Oilpro timely

---

[9] See Doc. 133, Pls.' Mot. to Compel Arb. pp. 1-2.

[10] See Doc. 34, Ex. A to Def. Oilpro's Am. Ans. & Countercl. p. 52; Doc. 63-1, Ex. 1 to Oilpro's 2$^d$ Am. Ans. & Countercl., Oilpro's Terms & Conditions p. 12.

[11] See Doc. 139, Conditional Ord. of Dismissal Dated June 26, 2017.

[12] See Doc. 143, Min. Entry Ord. Dated July 7, 2017; Doc. 147, Ord. Dated July 27, 2017.

[13] See Doc. 150, Min. Entry Ord. Dated Oct. 16, 2017.

filed its response to the motion to compel arbitration on October 30, 2017, and both sides subsequently filed additional briefing.[14]

## II.  Legal Standard

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA allows a party that has entered an arbitration agreement to request an order compelling the parties to proceed with arbitration.  9 U.S.C. § 4.  If the court is "satisfied" that an action is subject to an enforceable arbitration provision, the court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.

The United States Supreme Court has repeatedly affirmed that the FAA established "a liberal federal policy favoring arbitration agreements."  CompuCredit Corp. v. Greenwood, 565 U.S. 95, 98 (2012)(quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)); see also AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)(stating that the FAA reflects "both a liberal federal policy favoring arbitration and the fundamental

---

[14] See Doc. 154, Def. Oilpro's Resp. to Pls.' Mot. to Compel Arb.; Doc. 157, Pls.' Reply; Doc. 159, Def. Oilpro's Surreply to Pls.' Mot. to Compel Arb.

principle that arbitration is a matter of contract.")(internal quotations and citations omitted).

Courts perform a two-prong inquiry when determining whether to compel a party to arbitrate: (1) whether the parties agreed to arbitrate, and (2) whether a federal statute or policy overrides the parties' agreement to arbitrate. Dealer Computer Servs., Inc. v. Old Colony Motors, Inc., 588 F.3d 884, 886 (5th Cir. 2009).

The first prong of the inquiry has two parts: (1) "whether a valid agreement to arbitrate exists," and (2) "whether the dispute falls within that agreement." Id. "Beyond this analysis, the courts generally do not delve further into the substance of the parties' disputes." Id. at 886-87. Normally, both of these questions are decided by the court. Kubala v. Supreme Prod. Servs., Inc., 830 F.3d 199, 201 (5th Cir. 2016).

However, when there is a delegation clause in the arbitration agreement, the analysis is different. Id. at 201-02. Under the Kubala framework, the Fifth Circuit recently held that "if a party asserts that an arbitration agreement contains a delegation clause, this court only asks (1) whether the parties entered into a valid arbitration agreement and, if so, (2) whether the agreement contains a valid delegation clause." Reyna v. Int'l Bank of Commerce, 839 F.3d 373, 378 (5th Cir. 2016).

### III. Analysis

Plaintiffs contend that Oilpro must be compelled to arbitrate

due to the terms and conditions posted on its website. Oilpro argues that Plaintiffs have waived their right to compel arbitration.

Arbitration is a right that may be waived. Nicholas v. KBR, Inc., 565 F.3d 904, 907 (5th Cir. 2009). "Although waiver of arbitration is a disfavored finding, waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Id. (quoting Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 497 (5th Cir. 1986))(internal quotation marks omitted). In Nicholas, the Fifth Circuit explained that "[a] party generally invokes the judicial process by initially pursuing litigation of claims then reversing course and attempting to arbitrate those claims," but also that waiver can "result from some overt act in Court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Id. (quoting Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co., 304 F.3d 476, 484 (5th Cir. 2002)). The Fifth Circuit has cautioned that "[o]ne of the primary goals of arbitration is to avoid the expense of litigation." Id.

In the Fifth Circuit, courts determine waiver on a case-by-case basis. In re Mirant Corp., 613 F.3d 584, 589 (5th Cir. 2010). Because "[m]otions to dismiss are not homogenous," filing them can sometimes constitute waiver of the right to compel arbitration.

6

Id. (quoting Hooper v. Advance Am., Cash Advance Ctrs. of Mo., Inc., 589 F.3d 917, 922 (8th Cir. 2009)).  Therefore, the court must examine whether Plaintiffs substantially invoked the judicial process and, if so, was Oilpro prejudiced as a result.  Nicholas, 565 F.3d at 907-08.

**A.  Invocation of the Judicial Process**

Invocation of the judicial process means that a "party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration."  Mirant, 613 F.3d at 589 (quoting Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 329 (5th Cir. 1999)).  "A party waives arbitration by seeking a decision on the merits before attempting to arbitrate."  Id.  (quoting Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd., 575 F.3d 476, 480 (5th Cir. 2009)).

In Mirant, the Fifth Circuit found that the defendant had substantially invoked the judicial process by filing a motion to dismiss based on affirmative defenses.  613 F.3d at 589.  In support of this finding, the court also looked to the fact that the defendant moved to dismiss the complaint with prejudice. Additionally, the defendant did not request to compel arbitration alternatively in the motion to dismiss, instead filing it after the motion to dismiss was partially denied, even though the defendant knew it could have filed the motion to compel arbitration at the outset of the litigation.  Id. at 589-90.  The court stated that

the defendant was seeking "a decision on the merits before attempting to arbitrate" and that this was "easily distinguished from the scenario where a party demonstrates its preference to arbitrate by submitting a dispositive motion only as an alternative to a motion to compel arbitration." Id. (quoting Petroleum Pipe, 575 F.3d at 480). The Fifth Circuit said that it was not convinced that defendant, "having learned that the district court was not receptive to its arguments, should be allowed a second bite at the apple through arbitration," because the court did not want to "encourage litigants to delay moving to compel arbitration until they could ascertain 'how the case was going in federal district court.'" Id. (quoting Petroleum Pipe, 575 F.3d at 482; Hooper, 589 F.3d at 922).

Here, Plaintiffs filed two motions to dismiss, both directed to the merits of the counterclaim. After the court issued its recommendation, Plaintiffs filed the motion to compel arbitration. This motion to compel arbitration was filed ten months after Oilpro first filed its counterclaims with the terms and conditions attached.[15] Additionally, the motion to dismiss was based partially on the affirmative defense of fair use. See Sugar Busters LLC v. Brennan, 177 F.3d 258, 271 (5th Cir. 1999)("[f]air use is an affirmative defense"). Plaintiffs knew of the terms and conditions

---

[15] In its reply, Plaintiffs contend that the terms and conditions were not attached to Oilpro's first amended answer and counterclaim, but they are clearly attached. See Doc. 34, Ex. A to Def. Oilpro's Am. Ans. & Countercl. pp. 37-52.

contained the arbitration provision from the time that Oilpro filed its counterclaim and attached the terms and conditions. The motion to dismiss sought dismissal of Oilpro's counterclaims with prejudice.[16] Looking to <u>Mirant</u>, these factors combined demonstrate that Plaintiffs have substantially invoked the judicial process.

**B. <u>Prejudice</u>**

"In addition to invocation of the judicial process, the party opposing arbitration must demonstrate prejudice before we will find a waiver of the right to arbitrate." <u>Mirant</u>, 613 F.3d at 591 (quoting <u>Nicholas</u>, 565 F.3d at 910). "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." <u>Id.</u> (quoting <u>Nicholas</u>, 565 F.3d at 910).

In <u>Mirant</u>, the court first looked at whether the defendant had requested to compel arbitration in a timely manner, explaining that this was relevant to whether there was prejudice. <u>Id.</u> (quoting <u>Republic Ins. Co. v. PAICO Receivables, LLC</u>, 383 F.3d 341, 346 (5th Cir. 2004)). In this case, Plaintiffs did not make a timely demand for arbitration. Instead of bringing it as an alternative to the motion to dismiss, they sought dismissal of Oilpro's counterclaims, and upon the court's recommendation on that motion, they then filed the motion to compel arbitration. The court in <u>Mirant</u> faced a similar situation, and found that "[a] party cannot keep its right

---

[16] Plaintiffs dispute this in their reply. However, in the replies to both motions to dismiss (Docs. 62, 82), Plaintiffs conclude by asking that the court "dismiss Oilpro's Counterclaim with prejudice." <u>See</u> Doc. 62, Pls.' Reply to 1st Mot. to Dismiss p. 15; Doc. 82, Pls.' Reply to 2d Mot. to Dismiss p. 15.

9

to demand arbitration in reserve indefinitely while it pursues a decision on the merits before the district court." 613 F.3d at 591.

In support of its response, Oilpro attached an affidavit from its attorney explaining that it spent over $90,000 in legal fees in the litigation of its counterclaims, not including the money spent on the motion to compel arbitration or the work involved in defending against Plaintiff's claims.[17] The expenditure of fees weighs in favor of a finding of prejudice to Oilpro. See Mirant, 613 F.3d at 591. Additionally, the fact that Plaintiffs waited until after the court ruled on the motion to dismiss wasted judicial resources and delayed consideration of what should have been a threshold issue. The court finds that Oilpro was prejudiced by Plaintiffs' actions and therefore, Plaintiffs have waived the right to compel arbitration.

## IV.  Conclusion

As the court finds that Plaintiffs' right to arbitration was waived, it need not reach the parties' other arguments. Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' motion be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

---

[17] See Doc. 154-4, Ex. D to Def. Oilpro's Resp., Decl. of James G. Munisteri pp. 1-2.

from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 9th day of January, 2018.

_____
U.S. MAGISTRATE JUDGE