# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, Estevan Dufrin, Matthew Kent, Bryan Robins, Jeremy Antonini, and John Does Nos. 1-10, <br><br> Defendants. | Civil Action Number: 16-cv-01670 |
| Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Counter-Defendants. | |

**Oilpro's Motion to Compel**

Respectfully Submitted,

GARDERE WYNNE SEWELL LLP

*/s/ James G. Munisteri*
James G. Munisteri
Attorney-in-Charge
Texas Bar No. 14667380
S.D. Tex. Bar No. 7294
Marla Thompson Poirot
Texas Bar No. 00794736
Heidi Rasmussen
Texas Bar. No. 24090345
1000 Louisiana, Suite 2000
Houston, Texas 77002-5007
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jmunisteri@gardere.com
mpoirot@gardere.com
hrasmussen@gardere.com

Of Counsel:
Peter S. Vogel
Texas Bar No. 20601500
S.D. Tex. Bar No. 19704
2120 McKinney, Ave Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
pvogel@gardere.com

**ATTORNEYS FOR DEFENDANTS SINGLE INTEGRATED OPERATIONS PORTAL, INC. d/b/a OILPRO AND OILPRO.COM**

# Table of Contents

Table of Contents ............................................................................................................. i

Table of Authorities ....................................................................................................... ii

Summary of Argument ...................................................................................................1

Background .....................................................................................................................1

Arguments and Authorities .............................................................................................4

    A.    Documents related to Oilpro's Counterclaim. ............................................4

    B.    Plaintiffs' boilerplate objections to Oilpro's requests for relevant documents. ..................................................................................................5

        1.    Request for Production Nos. 54-57 .................................................5

        2.    Request for Production No. 94 ........................................................6

        3.    Request for Production Nos. 119-122, 129 .....................................8

        4.    Request for Production Nos. 135-138 ..............................................9

    C.    Improper Answer to Interrogatory No. 1. ................................................11

Request for Relief .........................................................................................................12

Certificate of Conference ..............................................................................................14

Certificate of Service ....................................................................................................15

## Table of Authorities

**Page(s)**

**CASES**

*Array Holdings, Inc. v. Safoco, Inc.*,
 CV H-12-0366, 2012 WL 12896361 (S.D. Tex. Oct. 12, 2012) ................................................4

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
 894 F.2d 1482 (5th Cir. 1990) .......................................................................5, 6, 7, 8, 9, 10

*Valenzuela v. Crest-Mex Corp.*,
 3:16-CV-1129-D, 2017 WL 2778104 (N.D. Tex. June 26, 2017) ............................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(e)(1)(A) ..............................................................................................................4

Fed. R. Civ. P. 33 ..........................................................................................................................12

Fed. R. Civ. P. 33(d) ................................................................................................................2, 11

## Oilpro's Motion to Compel

Defendant and Counter-Plaintiff Single Integrated Operations Portal, Inc. d/b/a Oilpro and Oilpro.com ("Oilpro") files this motion to (1) overrule Plaintiffs and Counter-Defendants' DHI Group, Inc., f/k/a Dice Holdings Inc. and Rigzone.com, Inc.'s (collectively "Plaintiffs") objections to Oilpro's discovery requests and (2) compel Plaintiffs to produce responsive documents.

### I. SUMMARY OF ARGUMENT

Oilpro requests that the Court order complete responses to the following discovery:

- **[Request Nos. 26, 40, 41, 42, 45, 48, 49, 50, 51, 52, 58-66, 68-71, 74, 76, 78, 80, 83, 98, 99, 119-126, and 129] Plaintiffs' motion to compel arbitration does not bar discovery.** Judge Miller has now denied Plaintiffs' motion to compel arbitration. Regardless, Plaintiffs have not obtained a stay of discovery. Nor are they entitled to one.

- **[Request 54-57, 94, 119-122, 129, 135-138] Relevant.** The requested documents all relate to the claims in this matter and are discoverable.

- **[Request 54-57, 94, 119-122, 129, 135-138] Improper, boilerplate objections.** Plaintiffs' boilerplate objections are meritless and insufficient to preserve an objection.

- **[Interrogatory No. 1] Improper interrogatory response.** Plaintiffs failed to substantively respond to Oilpro's Interrogatory No. 1 and failed to verify their response.

### II. BACKGROUND

Plaintiffs still refuse to produce relevant documents. A brief outline of Oilpro's efforts is listed below:

- On September 1, 2016, Oilpro served its first request for production on Plaintiffs.

- On October 3, 2016, Plaintiffs responded and mostly asserted broad, boiler-plate objections.[1]

- On February 2, 2017, Plaintiffs made an initial document production consisting of mainly public documents.

- On May 2, 2017, Oilpro served its third request for production on Plaintiffs.

- On June 1, 2017, Plaintiffs responded.[2]

- After Oilpro's attempts to obtain responsive documents failed, on June 5, 2017, Oilpro moved to compel the production of documents on its first and second request for production.[3] (DE 122).

- On May 12, 2017, Oilpro served its fourth request for production.

- On June 12, 2017, Plaintiffs responded.[4]

- On November 17, 2017, Oilpro served its fifth request for production.

- On December 18, 2017, Plaintiffs responded.[5]

- On December 29, 2017, Oilpro detailed for Plaintiffs the deficiencies in Plaintiffs' responses to Oilpro's first, third, and fourth requests for production.[6]

- On January 10, 2018, Plaintiffs agreed to produce only some responsive documents, but maintained their objections to other requests.[7]

- On January 22, 2018, Oilpro detailed for Plaintiffs the deficiencies in Plaintiffs' responses to Oilpro's fifth request for production and requested a response by January 31, 2018.[8]

- Plaintiffs did not initially respond to Oilpro's January 22, 2018 letter.

---

[1] Ex. A, Plaintiffs' Response to Oilpro's First Request for Production.

[2] Ex. B, Plaintiffs' Response to Oilpro's Third Request for Production.

[3] Oilpro filed an amended motion on June 8, 2017. (DE 129).

[4] Ex. C, Plaintiffs' Response to Oilpro's Fourth Request for Production.

[5] Ex. D, Plaintiffs' Response to Oilpro's Fifth Request for Production.

[6] Ex. E, Oilpro's December 29, 2017 Letter.

[7] Ex. F, Plaintiffs' January 10, 2018 Letter.

[8] Ex. G, Oilpro's January 22, 2018 Letter.

- On January 26, 2018, Oilpro responded to Plaintiffs' January 10, 2018 letter, providing additional clarification on some requests and asking Plaintiffs to confirm whether documents responsive to other requests had been produced.[9]

- On February 5, 2018, Plaintiffs responded, identifying documents responsive to only some requests.[10]

- On February 8, 2018, Oilpro requested that Plaintiffs provide a verified response and specify the records responsive to Interrogatory No. 1, as required by Rule 33(d).[11]

- On February 9, 2018, Oilpro requested a response to their January 22, 2018 letter and scheduled a telephone conference to resolve all issues informally and avoid a motion to compel.[12]

- On February 12, 2018, Plaintiffs provided an amended but unverified response that still failed to provide a substantive response to Oilpro's Interrogatory No. 1.

- On February 13, 2018, Plaintiffs responded to Oilpro's January 22, 2018 letter.

- On February 16 and 20, 2018, Oilpro and Plaintiffs conferred via telephone regarding Oilpro's discovery requests.[13]

Despite the above efforts to resolve these issues, Plaintiffs have not produced relevant documents responsive to certain Oilpro requests and have failed to provide a proper response to Oilpro's Interrogatory No. 1.

---

[9] Ex. H, Oilpro's January 26, 2018 Email.

[10] Ex. I, Plaintiffs' February 5, 2018 Letter.

[11] Ex. J, Oilpro's February 8, 2018 Letter.

[12] Ex. K, Oilpro's February 9, 2018 Email.

[13] Ex. L, Plaintiffs' February 13, 2018 Letter.

## III. ARGUMENTS AND AUTHORITIES

**A.  Documents related to Oilpro's Counterclaim. [Request Nos. 26, 40, 41, 42, 45, 48, 49, 50, 51, 52, 54-57, 58-66, 68-71, 74, 76, 78, 80, 83, 94, 98, 99, 119-126, 129 and 135-138]**

Plaintiffs objected to numerous requests based on their pending motion to compel arbitration.[14] Plaintiffs object to the production of documents related to Oilpro's counterclaim as follows:

> improper to the extent that it relates to Oilpro's Second Amended Counterclaim, which is currently before Judge Johnson under a motion to compel arbitration. Oilpro's Second Amended Counterclaim is premised on the terms and conditions that Oilpro claims apply to its website. Those terms and conditions mandate that any and all claims related to the terms and conditions are subject to mandatory arbitration.[15]

This objection lacks merit for two reasons.

First, on March 5, 2018, Judge Miller adopted this Court's Memorandum and Recommendation denying Plaintiffs' motion to compel arbitration. Based on Judge Miller's ruling, the Court should overrule Plaintiffs' objections based on their motion to compel arbitration and order Plaintiffs to produce responsive documents.

Second, Plaintiffs have not sought, let alone received, a stay of discovery related to Oilpro's Counterclaim. Even if Plaintiffs had sought a stay of discovery related to Oilpro's Counterclaim, Plaintiffs are not entitled to such a stay. One court has specifically noted that the possibility of the court granting a motion to compel arbitration does not

---

[14] These requests include Request for Production Nos. 26, 40, 41, 42, 45, 48, 49, 50, 51, 52, 58-66, 68-71, 74, 76, 78, 80, 83, 98, 99, 119-126, and 129.

[15] *See e.g.* Ex.D, Plaintiffs' Response to Oilpro's Fifth Request for Production No. 119. Many of Plaintiffs' objections to requests in Oilpro's first, third, and fourth requests are based, in part, on Plaintiffs' motion to dismiss, which this Court denied. Plaintiffs, however, have never amended their discovery responses as required under Federal Rule of Civil Procedure 26(e)(1)(A). Based on the parties' attempts to confer, Oilpro understands that Plaintiffs are maintaining these objections based on their motion to compel arbitration.

4

alone justify the extraordinary step of staying discovery. *Valenzuela v. Crest-Mex Corp.*, 3:16-CV-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017). Furthermore, "[a] stay of discovery to allow the Court to resolve purely legal issues may be warranted in some circumstances, but it is the exception, not the rule." *Array Holdings, Inc. v. Safoco, Inc.*, CV H-12-0366, 2012 WL 12896361, at *1 (S.D. Tex. Oct. 12, 2012). Plaintiffs have neither requested nor shown that they are entitled to a stay of discovery based on their motion to compel arbitration. Oilpro requests that the Court compel Plaintiffs to immediately produce the documents responsive to Oilpro's Request for Production Nos. 26, 40-42, 45, 48- 52, 58-66, 68-71, 74, 76, 78, 80, 83, 98, 99, 119-126, and 129.

**B.** **Plaintiffs' boilerplate objections to Oilpro's requests for relevant documents. [Request Nos. 26, 40, 41, 42, 45, 48, 49, 50, 51, 52, 54-57, 58-66, 68-71, 74, 76, 78, 80, 83, 94, 98, 99, 119-126, 129** and **135-138]**

Boilerplate objections — such as an objection that a request is "overly broad, burdensome, and oppressive" — are objections that are "not adequate to voice a successful objection." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (internal citation and quotation marks omitted). Plaintiffs' boilerplate objections should be overruled. Plaintiffs should be compelled to produce responsive documents as outlined below.

   *1.*  *Request for Production Nos. 54-57*

Oilpro requested that Plaintiffs produce:

> "all documents evidencing or related to the communications summary(ies) prepared by or for DHI related to this matter."

> "all documents evidencing or related to the Confluence timeline(s) prepared by or for DHI related to this matter."

> "all documents evidencing or related to a 2014 summary prepared by DHI employees, including but not limited to Jamie Matlin and/or Chad Norville, related to the allegations in the present lawsuit."

"all documents evidencing or related to any 2015 summary prepared by DHI employees, including but not limited to Jamie Matlin and/or Chad Norville, related to the allegations in the present lawsuit."[16]

Despite Oilpro's agreement to narrow these requests to seek only the summaries and timelines, Plaintiffs refused to produce these items. Instead, Plaintiffs stated that they "stand by their objections that the requests are overbroad and fail to identify the documents sought with reasonable particularity."[17] These boilerplate objections are insufficient. *Quarles*, 894 F.2d at 1485 (5th Cir. 1990).

Plaintiffs are well-aware of the documents that Oilpro seeks in these requests. The requests refer specifically to documents that Plaintiffs' corporate representatives described in their depositions. In his deposition testimony, Jason Braddy ("Braddy") testified that he used these documents in preparation or his deposition.[18] Braddy's testimony that he reviewed the Confluence timeline, a communications summary, and a summary prepared by Chad Norville and Jamie Matlin demonstrates that Plaintiffs' objections are utterly baseless. Plaintiffs should be compelled to produce these documents.

   2.   *Request for Production No. 94*

Oilpro requested that Plaintiffs produce "all business models and stated goals for DHI."[19] Plaintiffs objected but, after multiple attempts to confer, agreed to produce the business models and stated goals of Rigzone.[20] Oilpro agreed to narrow this request pro-

---

[16] Ex.B, Plaintiffs' Response to Oilpro's Third Request for Production Nos. 54-57.

[17] Plaintiffs agreed that they would check with their client regarding the production of the Confluence timeline. Ex. M, Plaintiffs' February 23, 2018 Email. To date, Plaintiffs have neither produced nor have they confirmed that they would produce the timeline.

[18] Ex. N, Excerpts from the Deposition of Jason Braddy at 14:14-19; 37:6-14.

[19] Ex. C, Plaintiffs' Response to Oilpro's Fourth Request for Production No. 94.

[20] Ex. M, Plaintiffs' February 23, 2018 Email.

vided that Plaintiffs would also produce the "business models and stated goals" for Dice Open Web.[21] Plaintiffs refused to accept this narrowed request, claiming that Dice Open Web is "a separate entity from any party to the case," and then further narrowed the scope of what they agreed to produce to merely the "**published** business models and stated goals of Rigzone."[22]

Plaintiffs' statement that Dice Open Web constitutes a separate entity appears to be inaccurate based on Plaintiffs' own SEC filings. Specifically, Plaintiffs include "Open Web" in their category of products and services, stating "Open Web technology searches over 200 online sources to append and create profiles of a candidate's professional experience, contributions, history and capabilities . . . ."[23] Further, Dice Open Web is not listed as a subsidiary of DHI on DHI's public filings,[24] and to the extent that it is a subsidiary, Oilpro specifically included subsidiaries in its definition of DHI.[25] Accordingly, any business models and stated goals related to Dice Open Web fall within the scope of Oilpro's original request.

Furthermore, this information is relevant. The business models of Rigzone and those related to Dice Open Web are relevant. For Rigzone, these documents relate to Rigzone's claimed damages. The stated goals and business models will provide insight in to the relative importance placed on various metrics—such as revenue, or new customers, or active members, or member or resume numbers. This information will be critical in

---

[21] Ex. O, Oilpro's February 22, 2018 Email.

[22] Ex. M, Plaintiffs' February 23, 2018 Email.

[23] Ex. P, DHI Group, Inc., Annual Report (Form 10-K) (Feb. 12, 2018).

[24] *Id.*

[25] Ex. Q, Oilpro's Fourth Request for Production to Plaintiffs.

7

highlighting how Plaintiffs valued Rigzone in reality. For Dice Open Web, these documents relate to Oilpro's counterclaim. Oilpro believes that DHI has a customary business practice of wrongfully scraping data in a way expressly prohibited by website terms and conditions.

Additionally, Plaintiffs objections that the request "is vague, overbroad, and seeks documents that are not relevant to any claim or defense in this lawsuit and is disproportionate to the needs of the case and the claims in Plaintiffs' Original Complaint or Oilpro's Amended Counterclaim."[26] Such boilerplate objections fail to voice an objection. *Quarles*, 894 F.2d at 1485. Plaintiffs should be compelled to withdraw their objection and produce responsive documents.

   3.   *Request for Production Nos. 119-122, 129*

Oilpro requested that Plaintiffs produce

> "all communications or other documents evidencing communications between You and Oilpro for the period from October 1, 2013 to present."
>
> "all communications or other documents referring or relating to Oilpro created or received by You, for the period from October 1, 2013 to present."
>
> "all communications or other documents referring or relating to David Kent created or received by You, for the period from October 1, 2013 to present."
>
> "all communications or other documents referring or relating to any actual, potential or proposed accessing, monitoring, scraping, copying viewing, crawling or posting of information or jobs from Oilpro's website or database."
>
> "all documents and communications from any Rigzone customer, advertiser, subscriber or member referring or relating to Oilpro."[27]

---

[26]   Ex. C, Plaintiffs' Response to Oilpro's Fourth Request for Production No. 94.

[27]   Ex. D, Plaintiffs' Response to Oilpro's Fifth Request for Production Nos. 119-122 and 129.

8

Plaintiffs have not produced documents responsive to these requests. Instead, Plaintiffs have asserted improper, boilerplate objections.[28] As discussed above, boilerplate objections are not adequate to raise an objection. *See Quarles*, 894 F.2d at 1485.

Regardless, the communications between Plaintiffs and Oilpro as well as Plaintiffs' communications regarding Oilpro or David Kent are all relevant in this lawsuit. Plaintiffs' communications in which they either refer to scraping or accessing Oilpro's website likely contain information relevant to Oilpro's claims that Plaintiffs accessed Oilpro's website in violation of the terms and conditions of Oilpro's website. Those communications in which Plaintiffs are communicating about Oilpro to their customers are relevant to Plaintiffs' tortious interference claim and alleged damages. Oilpro is entitled to this relevant information and requests that the Court overrule Plaintiffs' improper, boilerplate objections and compel Plaintiffs to produce responsive documents.

### 4. *Request for Production Nos. 135-138*

Oilpro requested that Plaintiffs produce:

> "all documents, offers, proposals, bids, communications and letters of intent received in connection with the divestiture of Rigzone in 2017."
>
> "all communications or other documents between you and AGC Partners related to the divestiture of Rigzone, or the valuation of Rigzone assets."
>
> "all communications with any lender regarding the value of assets pledged as security for financial accommodations, including without limitation any communications with lenders regarding the Rigzone database."
>
> "all communications and reports on the financial condition of Rigzone provided to any lender."[29]

---

[28] *Id.* As discussed above, Plaintiffs also object to these requests based on their motion to compel arbitration.

[29] Ex. D, Plaintiffs' Response to Oilpro's Fifth Request for Production Nos. 135-138.

9

Plaintiffs objected to these requests, asserting several improper, boilerplate objections and stating that these requests are not relevant to this lawsuit. As previously discussed, these boilerplate objections are insufficient to raise an objection. *See Quarles*, 894 F.2d at 1485. In their phone calls on February 16 and February 20, the parties discussed narrowing these requests. Specifically, Oilpro agreed to narrow Request No. 135 to only seek "all offers, proposals, bids letters of intent and any evaluation thereof."[30] Oilpro also agreed to narrow Request No. 136 by limiting the time period to the year 2017.[31] And, Oilpro agreed to limit the communications requested in Request Nos. 137 and 138 to those communications from the time period of January 1, 2013 to January 1, 2016.[32] Despite the attempt to narrow these requests, Plaintiffs refuse to produce responsive documents.[33]

Each of these requests seeks documents related to how Plaintiffs value Rigzone. Plaintiffs' damages model outlines a specific manner in which they claim Rigzone and its assets are valued. More importantly, actual offers will show how other companies valued Rigzone, which undoubtedly was not based on the number of resumes.

Oilpro is entitled to request documents to determine how Rigzone is valued in the real world. Oilpro requests that the Court compel Plaintiffs to withdraw these objections and produce responsive documents.

---

[30] Ex. O, Oilpro's February 22, 2018 Email.

[31] *Id.*

[32] *Id.*

[33] Ex. M, Plaintiffs' February 23, 2018 Email.

### C. Improper Answer to Interrogatory No. 1.

Oilpro requested that Plaintiffs "list the number of resumes in the Rigzone Resume database by month from January 1, 2013 to January 1, 2017." Plaintiffs responded that subject to several boilerplate objections "please see the documents produced in response to Oilpro's Request for Production No. 141."[34] On January 9, 2018, Oilpro requested that Plaintiffs amend their interrogatory answer to comply with Rule 33(d).[35] Plaintiffs amended their Interrogatory answer by identifying documents that are not responsive to Oilpro's request.[36] Plaintiffs stated in the February 16, 2018 call with Oilpro that they have no further responsive documents. Under Rule 33(d) Plaintiffs have the option to produce business records in lieu of responding to the interrogatory *"[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party . . . ."* FED. R. CIV. P. 33(d).

Plaintiffs did not produce records sufficient to determine the number of resumes in Rigzone's database by month. The records Plaintiffs produced showed only the resumes **added** per month.[37] No way exists for Oilpro to ascertain from the documents listed the number of resumes per month. Accordingly, Oilpro requests that the Court compel Plaintiffs to respond to the interrogatory by listing the total number of resumes in Rigzone's database by month.

---

[34] Ex. R, Plaintiffs' Responses to Oilpro's First Interrogatories and Sixth Request for Production, Interrogatory No. 1.

[35] Ex. S, Oilpro's January 9, 2018 Email.

[36] Ex. T, Plaintiffs' Amended Response to Oilpro's First Interrogatory.

[37] *See* Ex. U, DHI_0005532.

Additionally, Oilpro requested that Plaintiffs verify their response to Interrogatory No. 1 as is required under Rule 33.[38] Plaintiffs' Amended response is unverified. Oilpro requests that the Court compel Plaintiffs to verify their amended response to Interrogatory No. 1.

## IV. REQUEST FOR RELIEF

Defendant Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com respectfully requests that the Court grant its Motion to Compel Discovery and enter an order compelling Plaintiff DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc. to produce documents responsive to Oilpro's discovery requests.

---

[38] Ex. J, Oilpro's February 8, 2018 Letter.

Dated: March 5, 2018

Respectfully Submitted,

GARDERE WYNNE SEWELL LLP

*/s/ James G. Munisteri*
James G. Munisteri
Attorney-in-Charge
Texas Bar No. 14667380
S.D. Tex. Bar No. 7294
Marla Thompson Poirot
Texas Bar No. 00794736
Heidi Rasmussen
Texas Bar. No. 24090345
1000 Louisiana, Suite 2000
Houston, Texas 77002-5007
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jmunisteri@gardere.com
mpoirot@gardere.com
hrasmussen@gardere.com

Of Counsel:
Peter S. Vogel
Texas Bar No. 20601500
S.D. Tex. Bar No. 19704
2120 McKinney, Ave Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
pvogel@gardere.com

**ATTORNEYS FOR DEFENDANTS SINGLE INTEGRATED OPERATIONS PORTAL, INC. d/b/a OILPRO AND OILPRO.COM**

## Certificate of Conference

I certify that, along with other attorneys at my office, I have made numerous attempts to confer with Plaintiffs regarding their deficient discovery responses. These attempts include multiple letters, emails, and phone calls. Plaintiffs still refuse to produce responsive documents.

                                                          */s/ James G. Munisteri*
                                                           James G. Munisteri

**Certificate of Service**

I certify that on March 5, 2018, a copy of the forgoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties registered to receive such notice, including the following:

Justin Guy Lipe
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002
713-229-1312
Justin.lipe@bakerbotts.com
**Counsel for Plaintiffs DHI Group,
Inc. and Rigzone.com, Inc.**


Derek Hollingsworth
Rusty Hardin and Associates LLP
1401 McKinney St., Suite 2250
Houston, TX  77010
dhollingsworth@rustyhardin.com
**Counsel for Defendant Matthew Kent**

*/s/ James G. Munisteri*
James G. Munisteri
