IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DAVID W. KENT, JR., SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ESTEVAN DUFRIN, MATTHEW KENT, BRYAN ROBINS, JEREMY ANTONINI, AND JOHN DOES NOS 1-10, <br><br> *Defendants.* | C.A. NO.: 16-cv-01670 |

**PLAINTIFFS' ANSWER AND AFFIRMATIVE
DEFENSES TO OILPRO'S COUNTERCLAIMS**

Plaintiffs DHI Group, Inc. f/k/a Dice Holdings, Inc. and Rigzone.com, Inc. (collectively, "Plaintiffs") respectfully submit their Answer and Affirmative Defenses to Oilpro's Second Amended Counterclaims (Dkt. 63) filed by Defendant Single Integrated Operations Portal, Inc. d/b/a Oilpro and Oilpro.com ("Oilpro"). Except as otherwise expressly admitted, Plaintiffs deny each and every allegation contained in the Amended Complaint, and respond to Oilpro's counterclaims as follows:

**Parties**

1. Plaintiffs admit the allegations contained in Paragraph 1.

2. Plaintiffs admit the allegations contained in Paragraph 2.

3. Plaintiffs admit the allegations contained in Paragraph 3.

## Jurisdiction and Venue

4. Plaintiffs admit that this Court has subject matter jurisdiction over this action.

5. Plaintiffs admit that this Court has supplemental jurisdiction over Oilpro's state law claims.

6. Plaintiffs admit that this Court has both general and specific jurisdiction over all parties in this case.

7. Plaintiffs admit that venue is proper in this District.

## Factual Background

8. Plaintiffs admit that Oilpro once owned and operated the website www.oilpro.com. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 8 and, therebefore, deny those allegations.

9. Plaintiffs admit that Oilpro was designed to allow job seekers to create free accounts with minimal profile information and that Oilpro made those profiles publicly available. Otherwise, Plaintiffs deny the allegations in Paragraph 9.

10. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, deny those allegations.

11. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, deny those allegations.

12. Plaintiffs admit that Oilpro.com was available and accessible at no cost to anyone with access to the internet. Plaintiffs further admit that Oilpro did not require visitors to its website to read or even access Oilpro's "terms and conditions." Plaintiffs admit that Oilpro profile data—including the data posted on Dice Open Web—was publicly available. Otherwise, Plaintiffs deny the allegations in Paragraph 12.

13. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, deny those allegations.

14. Plaintiffs admit that Exhibit B to Oilpro's Second Amended Answer and Counterclaims is a Certificate of Registration issued under the seal of the United States Copyright Office ("the Certificate") with an effective date of October 12, 2016. Dkt. 63-2. Plaintiffs admit that the copyright certificate was applied for by Oilpro's counsel in this case—Gardere Wynn Sewell LLP—more than four months after Plaintiffs filed their Original Complaint against Oilpro and David W. Kent (among others) in this case. Dkt. 1. Plaintiffs admit that Work Digital ceased copying publicly available information from Oilpro prior to October 12, 2016. Plaintiffs admit that the Certificate purports to cover a work titled "Oilpro.com website." *Id.* Plaintiffs admit that the Certificate shows that the "work" titled "Oilpro.com website" was first published on July 25, 2016. *Id.* Plaintiffs admit that the Certificate says that the "Author" of "Oilpro.com website"—Single Integrated Operations Portal, Inc.—created "text, artwork." *Id.* Plaintiffs admit that the Certificate *excludes* from Oilpro's claim of copyright protection "text, photograph(s), artwork" but *includes* "text, artwork." *Id.* Plaintiffs admit that the Certificate does not reference any attachments or describe the "text, artwork" Oilpro apparently claims are

3

copyrightable beyond those two words ("text, artwork"). *Id.* Plaintiffs deny that "Oilpro website" is an original work, or that "text, artwork" are copyrightable.

15. Plaintiffs deny the allegations in Paragraph 15. Plaintiffs admit, however, that Oilpro *avoided* having to invest substantial time, labor, skill, and financial resources into the development and maintenance of Oilpro by illegally hacking into Plaintiffs' website and stealing its trade secrets. Plaintiffs also admit that Oilpro's founder, CEO, and majority shareholder pleaded guilty to criminal misconduct arising out of David Kent's actions.[1]

16. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, deny those allegations.

17. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, deny those allegations.

18. Plaintiffs deny the allegations in Paragraph 18. When one runs a Google search for "Oilpro," the first result that pops up is an article published in the Houston Chronicle on July 31, 2017 with the headline "Oilpro shutting down months after founder pleads guilty to theft."[2] Indeed, eight out of the ten links which appear on the first page

---

[1] *See* Ex. A (October 6, 2017 Department of Justice Press Release: Oilpro.com Founder Sentenced to Prison for Hacking Into Competitor's Computer System). This press release can also be viewed online at https://www.justice.gov/usao-sdny/pr/oilprocom-founder-sentenced-prison-hacking-competitor-s-computer-system.

[2] Ex. B (July 31, 2017 Houston Chronicle Article: "Oilpro Shutting Down Months After Founder Pleaded Guilty to Theft"). This article can also be viewed online at: https://www.chron.com/business/energy/article/Oilpro-shutting-down-months-after-founder-plead-11721198.php.

of a Google search for "Oilpro.com" link to content which describes the greed, fraud, and criminality of Oilpro's founder, CEO, and majority owner, David Kent.[3]

19. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, deny those allegations.

20. Plaintiffs deny the allegations contained in Paragraph 20.

21. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of Oilpro's assertion that Oilpro has at all relevant times been the "sole and exclusive owner of all right, title, and interest in or to the so called "Oilpro Design Mark" and therefore deny this allegation. Plaintiffs admit that Oilpro has never expressly granted Plaintiffs a license or permission to "use or exploit the Oilpro Design Mark."

22. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, deny those allegations.

23. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, deny those allegations.

24. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, deny those allegations.

25. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, deny those allegations.

---

[3] *See* Ex. C (Printout of Page 1 Results of March 29, 2018 Google Search for "Oilpro.com"). The two results which do not link to content that mentions David Kent's misconduct are (1) a link to Oilpro's "LinkedIn Page" and (2) a link to Oilpro.com's own press release about its own counterclaims. In other words, the only content that does not describe Kent's criminal misconduct is content that Oilpro itself authored.

26. Plaintiffs admit that Rigzone offers an on-line platform specific to professionals in the energy industry and has developed marketing and engagement methods to create and present content that energy professionals find valuable. Plaintiffs admit that these efforts attract professionals with the specific intent to advance their careers in the energy industry, and it is that focus and attraction that generates value for Rigzone's customers (recruiters and employers in the energy industry worldwide). Plaintiffs admit that Rigzone allows members to upload their resumes as part of their user profiles, which can be used to apply for job openings posted by recruiters and employers. Plaintiffs further admit that recruiters and employers who pay for access to Rigzone's members can also solicit members (depending on an individual member's privacy settings) directly for job opportunities. Plaintiffs also admit that Rigzone's Members Database is a closed environment, meaning that only Rigzone's paying customers may access it. In other words, unlike other websites such as LinkedIn, the member profiles on Rigzone are not published, or otherwise made available, to the public. Otherwise, Plaintiffs deny the allegations in Paragraph 26.

27. Plaintiffs admit that Work Digital used various automated software programs to copy data from some publicly available Oilpro member profile pages, a process sometimes referred to as data "scraping." Plaintiffs deny the remainder of the allegations contained in Paragraph 27.

28. Plaintiffs deny the allegations contained in Paragraph 28.

29. Plaintiffs deny the allegations contained in Paragraph 29.

30. Plaintiffs admit that Dice Open Web aggregates publicly available information collected by Work Digital about job candidates collected from third party websites alongside explicit references to the original source of the publicly available, non-proprietary, unprotected information. Plaintiffs further admit that in its candidate profiles, Dice Open Web purposely refers back to the original source(s) of data and information aggregated from websites like Oilpro. Plaintiffs further admit that Dice Open Web never attempted to pass information collected from Oilpro (or any other website) off as its own. Otherwise, Plaintiffs deny the allegations contained in Paragraph 30.

31. Plaintiffs deny the allegations contained in Paragraph 31.

32. Plaintiffs admit that they never discussed "scraping" with Oilpro at all. Otherwise, Plaintiffs deny the allegations in Paragraph 32.

33. Plaintiffs deny the allegations contained in Paragraph 33.

34. Plaintiffs deny the allegations contained in Paragraph 34.

35. Plaintiffs never filed a 10K (or other publicly available document) with the Securities and Exchange Commission on December 31, 2015, therefore, Plaintiffs deny the allegations contained in Paragraph 35. Plaintiffs also deny that the form 10K filed by DHI Group, Inc. *for the fiscal year ended December 31, 2015* (which was filed on February 10, 2016) contains language quoted in Paragraph 35. Plaintiffs admit that the language quoted in Paragraph 35 does appear in the form 10K filed by DHI Group, Inc. on February 10, 2015 for the period ending on February 31, 2014 alongside an explanation that the assertion quoted by Oilpro related not only to United States law, but also the laws, rules, and regulations of the European Union. Finally, Plaintiffs admit that the language quoted

by Oilpro in Paragraph 35 appears alongside a clear, unequivocal assertion: "We [DHI] strive to comply with all applicable laws, policies, legal obligations and industry codes of conduct relating to privacy and data protection, to the extent possible. However, it is possible that these obligations may be interpreted and applied in new ways and/or in a manner that is inconsistent from one jurisdiction to another and may conflict with other rules or our practices or that new regulations could be enacted."

36. Plaintiffs deny the allegations contained in Paragraph 36.

37. Plaintiffs deny the allegations contained in Paragraph 37.

38. Plaintiffs deny the allegations contained in Paragraph 38. Plaintiffs admit, however, that Oilpro avoided having to invest substantial time, labor, skill, and financial resources into the development and maintenance of Oilpro by illegally hacking into Plaintiffs website and stealing its trade secrets. Plaintiffs also admit that Oilpro's founder, CEO, and majority shareholder pleaded guilty to criminal misconduct arising out of David Kent's actions. [4]

### Count I: Computer Fraud and Abuse Violations of 18 USC § 1080

39. Plaintiffs repeat and incorporate by reference the responses contained in each of the foregoing Paragraphs.

40. Plaintiffs deny the allegations contained in Paragraph 40.

41. Plaintiffs deny the allegations contained in Paragraph 41.

---

[4] *See* Ex. A (October 6, 2017 Department of Justice Press Release: "Oilpro.com Founder Sentenced to Prison for Hacking Into Competitor's Computer System"). This press release can also be viewed online at https://www.justice.gov/usao-sdny/pr/oilprocom-founder-sentenced-prison-hacking-competitor-s-computer-system.

42. Plaintiffs deny the allegations contained in Paragraph 42.

## Count II: Trespass to Chattels

43. On October 26, 2017, the Court dismissed Oilpro's Trespass to Chattels claim. Therefore, no response to Paragraph 43 is necessary.

44. On October 26, 2017, the Court dismissed Oilpro's Trespass to Chattels claim. Therefore, no response to Paragraph 44 is necessary.

45. On October 26, 2017, the Court dismissed Oilpro's Trespass to Chattels claim. Therefore, no response to Paragraph 45 is necessary.

46. On October 26, 2017, the Court dismissed Oilpro's Trespass to Chattels claim. Therefore, no response to Paragraph 46 is necessary.

47. On October 26, 2017, the Court dismissed Oilpro's Trespass to Chattels claim. Therefore, no response to Paragraph 47 is necessary.

48. On October 26, 2017, the Court dismissed Oilpro's Trespass to Chattels claim. Therefore, no response to Paragraph 48 is necessary.

## Count III: Breach of Contract

49. Plaintiffs repeat and incorporate by reference the responses contained in each of the foregoing Paragraphs.

50. Plaintiffs deny the allegations contained in Paragraph 50.

51. Plaintiffs deny the allegations contained in Paragraph 51.

52. Plaintiffs deny the allegations contained in Paragraph 52.

53. Plaintiffs deny the allegations contained in Paragraph 53.

54. Plaintiffs deny the allegations contained in Paragraph 54.

55. Plaintiffs deny the allegations contained in Paragraph 55.

56. Plaintiffs deny the allegations contained in Paragraph 56.

### Count IV: Violations of the Digital Millennium Copyright Act

57. Plaintiffs repeat and incorporate by reference the responses contained in each of the foregoing Paragraphs.

58. Plaintiffs deny the allegations contained in Paragraph 58.

59. Plaintiffs deny the allegations contained in Paragraph 59.

60. Plaintiffs deny the allegations contained in Paragraph 60.

### Count V: Copyright Infringement

61. Plaintiffs repeat and incorporate by reference the responses contained in each of the foregoing Paragraphs.

62. Plaintiffs deny the allegations contained in Paragraph 62.

63. Plaintiffs deny the allegations contained in Paragraph 63.

64. Plaintiffs deny the allegations contained in Paragraph 64.

65. Plaintiffs deny the allegations contained in Paragraph 65

### Count VI: Misappropriation

66. Plaintiffs repeat and incorporate by reference the responses contained in each of the foregoing Paragraphs.

67. Plaintiffs deny the allegations contained in Paragraph 67

68. Plaintiffs deny the allegations contained in Paragraph 68.

69. Plaintiffs deny the allegations contained in Paragraph 69.

70. Plaintiffs deny the allegations contained in Paragraph 70

71. Plaintiffs deny the allegations contained in Paragraph 71.

72. Plaintiffs deny the allegations contained in Paragraph 72.

### Count VII:  Trademark Infringement in Violation of 15 USC § 1051

73. Plaintiffs repeat and incorporate by reference the responses contained in each of the foregoing Paragraphs.

74. Plaintiffs admit that they are engaged in interstate commerce.

75. Plaintiffs admit that Oilpro once did business in interstate commerce. Plaintiffs deny that Oilpro presently does business in interstate commerce. Otherwise, Plaintiffs deny the allegations in Paragraph 75.

76. Plaintiffs deny the allegations contained in Paragraph 76.

77. Plaintiffs deny the allegations contained in Paragraph 77.

78. Plaintiffs deny the allegations contained in Paragraph 78.

79. Plaintiffs deny the allegations contained in Paragraph 79.

80. Plaintiffs deny the allegations contained in Paragraph 80.

81. Plaintiffs deny the allegations contained in Paragraph 81.

### Count VIII:  Texas Common Law Trademark Infringement

82. Plaintiffs repeat and incorporate by reference the responses contained in each of the forgoing Paragraphs.

83. Paragraph 83 consists of statements and conclusions of law to which no response is required.  To the extent any response may be required, Plaintiffs deny the allegations contained in Paragraph 83.

84. Paragraph 84 consists of statements and conclusions of law to which no response is required. To the extent any response may be required, Plaintiffs deny the allegations contained in Paragraph 84.

85. Plaintiffs admit that Oilpro was a competitor of Rigzone.com.

86. Plaintiffs deny the allegations contained in Paragraph 86.

87. Plaintiffs deny the allegations contained in Paragraph 87.

### Count IX:  Harmful Access by Computer in Violation of § 33.02 of the Texas Penal Code

88. Plaintiffs repeat and incorporate by reference the responses contained in each of the forgoing Paragraphs.

89. Plaintiffs deny the allegations contained in Paragraph 89.

90. Plaintiffs deny the allegations contained in Paragraph 90.

### Count X: Unjust Enrichment

91. On October 26, 2017, the Court dismissed Oilpro's Unjust Enrichment claim. Therefore, no response to Paragraph 91 is necessary.

92. On October 26, 2017, the Court dismissed Oilpro's Unjust Enrichment claim. Therefore, no response to Paragraph 92 is necessary.

93. On October 26, 2017, the Court dismissed Oilpro's Unjust Enrichment claim. Therefore, no response to Paragraph 93 is necessary.

### Count XI: Interference with Prospective Business Relations

94. Plaintiffs repeat and incorporate by reference the responses contained in each of the forgoing Paragraphs.

95. Plaintiffs deny the allegations contained in Paragraph 95.

96. Plaintiffs deny the allegations contained in Paragraph 96.

97. Plaintiffs deny the allegations contained in Paragraph 97.

98. Plaintiffs deny the allegations contained in Paragraph 98.

99. Plaintiffs deny the allegations contained in Paragraph 99.

100. Plaintiffs deny the allegations contained in Paragraph 100.

101. Plaintiffs deny the allegations contained in Paragraph 101.

### Attorney's Fees

102. Plaintiffs deny the allegations in Paragraph 102.

### Application for Injunctive Relief

103. Plaintiffs repeat and incorporate by reference the responses contained in each of the forgoing Paragraphs.

104. Plaintiffs deny the allegations contained in Paragraph 104.

### PLAINTIFFS' AFFIRMATIVE AND OTHER DEFENSES

1. Oilpro has failed to state a claim against Plaintiffs upon which relief can be granted.

2. Oilpro's claims are barred, in whole or in part, by the doctrine of laches, acquiescence, equitable estoppel, and unclean hands, at least because of Oilpro's delay in enforcing its alleged rights, its acquiescence and equitable estoppel through affirmative actions taken on its website to permit copying, and its own actions towards other websites—including Rigzone.com—which are common within industry practice.

3. Oilpro's state law claims for breach of contract, harmful access by computer, and interference with prospective business relations are pre-empted by the federal Copyright Act. 17 U.S.C. § 301.

4. Oilpro's claims are barred in whole or in part under 17 U.S.C. § 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of the Oilpro's alleged work.

5. Oilpro's claims are barred, in whole or in part, by the First Amendment of the Constitution of the United States of America.

6. Oilpro's claims fail, in whole or in part, because Plaintiffs' use of Oilpro's copyrighted materials, if any, constitutes fair use.

7. Oilpro's claims fail, in whole or in part, because Plaintiffs' use of Oilpro's copyrighted materials, if any, is *de minimis.*

8. Oilpro's claims fail, in whole or in part, because the material allegedly copied is not owned or registered by Oilpro.

9. Oilpro's claims fail, in whole or in part, because Oilpro lacks standing to bring any claim premised on copyright.

10. Oilpro's claims fail, in whole or in part, because the allegedly used material is not eligible for protection under the Copyright Act.

11. Oilpro's claims fail, in whole or in part, because Oilpro's "terms and conditions" are unconscionable.

12. Oilpro's claims fail, in whole or in part, because Plaintiffs are not parties to Oilpro's "user agreement" and/or "terms and conditions."

13.     Oilpro's claims, if any, are subject to a set-off of the amounts that Oilpro owes Plaintiffs.

14.     Oilpro's claims fail, in whole or in part, because Plaintiffs have long since ceased any acts or conduct that Oilpro alleges to have violated Oilpro's rights.

Plaintiffs reserve the right to assert any other affirmative defenses during and following discovery in this action.

## PLAINTIFFS' REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs pray that Oilpro's counterclaims be dismissed, and that this Court award Plaintiffs their costs and reasonable attorneys' fees in defending against Oilpro's counterclaims, and award such other and further relief to which Plaintiffs may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

**JORDAN, LYNCH & CANCIENNE PLLC**

By: *s/ Walter Lynch*
    **Walter Lynch**
    State Bar No. 24046330
    Federal I.D. No. 965265
    **Amir Halevy**
    State Bar No. 24065356
    Federal I.D. No. 1259956
    **Joseph ("Jeb") W. Golinkin II**
    State Bar No. 24087596
    Federal I.D. No. 2515657
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713-955-4020 (Telephone)
    713-955-9644 (Fax)
    wlynch@jlcfirm.com
    ahalevy@jlcfirm.com
    jgolinkin@jlcfirm.com

ATTORNEYS FOR PLAINTIFFS DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 3rd day of April, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

    */s/ Jeb Golinkin*
    Joseph W. Golinkin II