# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br>               Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro, et al., <br>               Defendants. <br><br> Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, <br>               Counter-Plaintiff, <br><br> vs. <br><br> DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br>                Counter-Defendants. | Civil Action Number: 16-cv-01670 |

## MOTION TO STRIKE PLAINTIFFS' EXPERT EVELINA ASLANYAN

FOLEY GARDERE
FOLEY & LARDNER LLP

James G. Munisteri
Texas Bar No. 14667380
Marla T. Poirot
Texas Bar No. 00794736
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jmunisteri@foley.com
mpoirot@foley.com

Sara Ann Brown
Texas Bar No. 24075773
2021 McKinney, Suite 1600
Dallas, Texas 75201-3340
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
sabrown@foley.com

ATTORNEYS FOR DEFENDANTS

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................................................................... 2
TABLE OF AUTHORITIES ..................................................................................................... 3
SUMMARY OF THE ARGUMENT ........................................................................................ 5
BACKGROUND ......................................................................................................................... 6
ARGUMENT AND AUTHORITIES ........................................................................................ 6
    A.    Aslanyan's Designation Violates Rule 26(a). ............................................................ 6
        1.    Aslanyan is "specially employed to provide expert testimony" but did not provide a written report as required by Rule 26(2)(B). ..................... 7
        2.    Designation insufficient under Rule 26(a)(2)(C). ......................................... 9
    B.    Aslanyan's Testimony Does Not Satisfy Standards Under Rule 702 and *Daubert*. ...................................................................................................................... 11
    C.    The Prejudice of Aslanyan's Testimony Substantially Outweighs its Probative Value ........................................................................................................ 14
CONCLUSION ......................................................................................................................... 15
CERTIFICATE OF SERVICE ............................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**                                                                                                                            **Page(s)**

*Beane v. Utility Trailer Manufacturing Co.*,
    No. 2:10 CV 781, 2013 WL 1344763 (W.D.La. Feb.25, 2013) .................................................4

*Carr v. Montgomery Cty., Tex.*,
    2015 WL 5838862 (S.D. Tex. Oct. 7, 2015) ...............................................................................5

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) ..............................................................................................................8, 11

*Diamond Consortium, Inc. v. Manookian*,
    4:16-CV-00094, 2017 WL 2936218 (E.D. Tex. July 10, 2017) ............................................3, 4

*Downey v. Bob's Disc. Furniture Holdings, Inc.*,
    633 F.3d 1 (1st Cir. 2011) ..........................................................................................................3

*Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*,
    7:12-CV-00133-O, 2014 WL 3744976 (N.D. Tex. July 30, 2014) ........................................3, 4

*Everett Fin., Inc. v. Primary Residential Mortg., Inc.*,
    No. 3:14-CV-1028-D, 2017 WL 90366 (N.D. Tex. Jan. 10, 2017) ...........................................5

*General Electric Co. v. Joiner*,
    522 U.S. 136 (1997) ..................................................................................................................8

*Group Health Plan, Inc. v. Philip Morris Inc.*,
    188 F. Supp. 2d 1122 (D. Minn. 2002) .....................................................................................9

*Hathaway v. Bazany*,
    507 F.3d 312 (5th Cir. 2007) .....................................................................................................9

*Johnson v. Arkema, Inc.*,
    685 F.3d 452 (5th Cir. 2012) .....................................................................................................8

*Joy v. Bell Helicopter Textron, Inc.*,
    999 F.2d 549 (D.C. Cir. 1993) ..................................................................................................9

*Kim v. Time Ins. Co.*,
    267 F.R.D. 499 (S.D. Tex. 2008) ..............................................................................................4

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ..................................................................................................................8

*Luci Bags LLC v. Younique, LLC*,
    4:16-CV-00377, 2017 WL 4310123 (E.D. Tex. Sept. 28, 2017) ..............................................4

*Mathis v. Exxon Corp.*,
    302 F.3d 448 (5th Cir. 2002) ........................................................................................8

*Mays v. State Farm Lloyds*,
    98 F. Supp. 2d 785 (N.D. Tex. 2000) ...........................................................................8

*Paz v. Brush Engineered Materials, Inc.*,
    555 F.3d 383 (5th Cir. 2009) ........................................................................................9

*Sun Ins. Mktg. Network, Inc. v. AIG Life Ins. Co.*,
    No. 8:01-CV-2302-T-30MSS, 2003 WL 1738838 (M.D. Fla, Mar. 27, 2003) ...........9

*Tolan v. Cotton*,
    CIV.A. H-09-1324, 2015 WL 5332171 (S.D. Tex. Sept. 14, 2015) (Harmon, J.) ..............3, 5

**Other Authorities**

Fed. R. Civ. P. 26(2)(B) ..........................................................................................................3

Fed. R. Civ. P. 26(a) ...............................................................................................................3

Fed. R. Civ. P. 26(a)(2)(B) ..............................................................................................2, 3, 5

Fed. R. Civ. P. 26(a)(2)(C) ........................................................................................1, 3, 4, 5, 8

Fed. R. Civ. P. 37(c)(1)....................................................................................................1, 5, 8

Fed. R. Evid. 403 ..............................................................................................................2, 11

Fed. R. Evid. 702 ........................................................................................................1, 8, 9, 11

Fed. R. Evid. 703 ............................................................................................................1, 8, 11

Defendants Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com ("Oilpro") and David W. Kent, Jr. ("Kent" and collectively with Oilpro "Defendants") file this motion to strike the expert report of Evelina Aslanyan ("Aslanyan").

## SUMMARY OF THE ARGUMENT

Plaintiffs DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., ("Plaintiffs") designated Evelina Aslanyan as a non-retained expert to testify regarding "the means and methods used by Oilpro to take data and information from Rigzone's computer systems and membership database, and the use of that data and information."[1] Aslanyan, an agent with the Federal Bureau of Investigation, participated in criminal investigation and prosecution of David Kent. For the following reasons, Defendants ask that the Court exclude any expert testimony by Aslanyan.

*First,* Aslanyan should be excluded under Federal Rule of Civil Procedure 37(c)(1) because Plaintiffs' expert disclosure was insufficient. While not compensated by Plaintiffs, Aslanyan was "specially employed" to offer expert testimony in this case and was required to produce an expert report under Rule 26(a)(2)(C). Even if she were excepted from providing a report, Plaintiffs' disclosure failed to provide the required summary of the facts upon which her testimony and opinions are based.

*Second*, Aslanyan's opinions and testimony rely on faulty evidence provided to her by Plaintiffs, which Aslanyan incorporates directly into her opinions. Under Federal Rules of Evidence 702 and 703, together with *Daubert*, such testimony is inadmissible.

*Third,* Aslanyan should be excluded under Federal Rule of Evidence 403 because the risk of undue prejudice to the Defendants (*i.e.,* that the jury will assign special weight to her testimony because of her position with the FBI) would outweigh its probative value.

---

[1] Ex. N-10 at 3 ¶3.

## BACKGROUND

Plaintiffs designated Aslanyan under Federal Rule of Civil Procedure 26(a)(2)(B), summarizing her expected testimony as follows:[2]

> In addition, Ms. Aslanyan is expected to testify that:
>
> i. Oilpro began illegally accessing Rigzone's computer systems and member database in October 2013 and continued its unauthorized access until April 15, 2014, during which time approximately 100,000 HTTP requests from Oilpro misappropriated member information from approximately 96,000 resumes;
>
> ii. between April 4, 2014 and April 6, 2014, in particular, 13,000 accounts were accessed by Oilpro;
>
> iii. in early 2015, Estevan Dufrin accessed Rigzone's Google Analytics account without authorization and retrieved nonpublic information about Rigzone, including statistics regarding its web traffic;
>
> iv. Oilpro then engaged in a second round of illegal access into Rigzone's computer systems and member database beginning on or around June 17, 2015 and continuing until on or around August 2, 2015, during which time 750,000 HTTP requests from Oilpro misappropriated member information from approximately 700,000 resumes;
>
> v. Oilpro again attempted to access Rigzone's computer systems and member database in December 2015; and
>
> vi. in total, approximately 796,000 accounts were accessed by Oilpro without authorization during the first and second rounds of Oilpro illegally accessing Rigzone's computer systems and member database. Of the illegally accessed accounts, over 111,000 joined Oilpro.

While Aslanyan may have firsthand knowledge regarding the FBI's investigation and Plaintiffs' involvement in that investigation, her intended testimony relates to the facts underlying this case. Yet, Aslanyan has no firsthand knowledge.

## ARGUMENT AND AUTHORITIES

**A.    Aslanyan's Designation Violates Rule 26(a).**

"A party offering evidence who fails to provide information or identify witnesses in the manner required in the rules may not use the information at trial and the testimony must be excluded." *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 7:12-CV-00133-O, 2014 WL 3744976, at *7 (N.D. Tex. July 30, 2014). Here, Aslanyan has no firsthand knowledge

---

[2] Ex. N-10 at 3.

regarding the facts giving rise to this lawsuit—she learned everything from her third-party investigation—and she is, therefore, a "specially employed" witness who must provide an expert report under Rule 26(a)(2)(B) (regardless of whether she is paid for her testimony). But even if considered under Rule 26(a)(2)(C), Plaintiffs' disclosure of Aslanyan's anticipated testimony is insufficient. In either case, Aslanyan's testimony should be excluded from trial.

> 1. *Aslanyan is "specially employed to provide expert testimony" but did not provide a written report as required by Rule 26(2)(B).*

When an "expert comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B)." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011) "'A retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, is recruited to provide expert opinion testimony.' A witness is 'specially employed' under Rule 26(a)(2)(B) when 'he has no personal involvement in facts giving rise to the litigation, but is engaged to provide opinion testimony, regardless of whether he is compensated or simply volunteers.'" *Diamond Consortium, Inc. v. Manookian*, 4:16-CV-00094, 2017 WL 2936218, at *2 (E.D. Tex. July 10, 2017); *Tolan v. Cotton*, CIV.A. H-09-1324, 2015 WL 5332171, at *7 (S.D. Tex. Sept. 14, 2015) (Harmon, J.)) (a "witness is 'specially employed' if he or she has no personal involvement in the facts giving rise to a case and is instead engaged specifically by a party to provide opinions and testimony bearing on the particulars of a case, without monetary payment for those services" (quoting *Huffman v. City of Conroe*, No. H–07–1964, at *7, 6 (S.D.Tex. July, 31, 2008) (Atlas, J.)).

By contrast, "testimony under Rule 26(a)(2)(C) arises not from . . . enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *Diamond Consortiun,* 2017 WL 2936218 at *2 (internal quotations omitted); *Beane v. Utility Trailer Manufacturing Co.*, No. 2:10 CV 781, 2013 WL 1344763, at *3 (W.D.La. Feb.25, 2013) ("the distinction between a 26(a)(2)(B) expert and a 26(a)(2)(C) expert is that 26(a)(2)(C)

7

experts' conclusions and opinions arise from firsthand knowledge of activities they were personally involved in before the commencement of the lawsuit, and not conclusions they formed because they were recruited to testify as an expert after-the-fact."); *Eagle Oil & Gas Co. v. Travelers Property and Casualty Co.*, Civ. A. No. 7:12–cv–00133–O, 2014 WL 3744976, at *8 (N.D.Tex. July 30, 2014) ("Travelers has not established that Sones had first-hand knowledge or was a percipient witness ... so as to escape the requirement that he submit a full expert report"). "When an [individual] testifies as a 26(a)(2)(C) expert, such testimony is limited to expert opinions based on the expert's personal knowledge and observations." *Luci Bags LLC v. Younique, LLC*, 4:16-CV-00377, 2017 WL 4310123, at *5 (E.D. Tex. Sept. 28, 2017); *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (limiting the scope of the expert opinions to those that were based on the expert's personal knowledge and observations).

Here, Aslanyan's expert testimony comes not from firsthand knowledge and observations but rather—like all 26(2)(B) experts—through relying on information provided to her by Plaintiffs.[3] This testimony is not based on Aslanyan's "ground-level involvement in the events giving rise to the litigation." Rather, she comes to the facts as a stranger, relying on data and information collected and provided from others to support her testimony. For example, Chad Norville testified that he provided Aslanyan with a spreadsheet to rely on for her calculations regarding the number of HTTP requests made and accounts and resumes accessed (as discussed further below, Aslanyan's reliance on this information, which is not reliable, is an additional reason to exclude her testimony).[4] Because Aslanyan is not testifying regarding her first-hand knowledge, she was required to provide an expert report under Rule 26(a)(2)(B), which she did not do. Her testimony must be excluded under Rule 37(c)(1).

---

[3] Ex. N-10 at 3.

[4] Ex. J [Norville Deposition Transcript] 292:17-292:23; 302:13-302:21; 305:23-306:01.

## 2. *Designation insufficient under Rule 26(a)(2)(C).*

Even if Aslanyan could be considered an expert under Rule 26(a)(2)(C), Plaintiffs must provide a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C)(ii). "Merely stating a conclusion without offering 'actual substance of the opinions and testimony' and without providing a summary of the facts the expert used to reach its opinions falls short of the disclosure requirements of Rule 26(a)(2)(C)(ii). *Tolan*, No. H-09-1324, 2015 WL 5332171, at *2. The disclosure must also "contain at least a summary of the facts upon which the opinions are based." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-CV-1028-D, 2017 WL 90366, at *2 (N.D. Tex. Jan. 10, 2017); *Carr v. Montgomery Cty., Tex.*, 2015 WL 5838862, at *3 (S.D. Tex. Oct. 7, 2015) (holding that conclusory disclosures at issue were insufficient).

Here, Plaintiffs' expert designation merely lists Aslanyan's conclusions, without providing even a summary of the facts she used to reach these conclusions.[5] Not only is there no basis for this testimony provided in the expert disclosure regarding the facts relied upon, but Defendants have been unable to obtain the source for this information in discovery. For example, Plaintiffs disclose that Aslanyan will testify that of "the illegally accessed accounts, over 111,000 joined Oilpro."[6] Aslanyan first swore to the 111,000 number in the criminal complaint filed on March 22, 2016.[7] Defendants have been unable to obtain the underlying data and methodology used to arrive at this number and it stands in stark contrast to the analysis completed by Defendants' expert, Trent Livingston, who found that it was overstated by 5.3 times (Livingston concluded that only 20,905 members joined Oilpro as a result of the First and Second Access).[8]

---

[5] Ex. N-10 at 3.

[6] Ex. N-10 at 3.

[7] *USA v. Kent*, 1:16-cr-00385, DE 1 at 10 ¶17 (S.D.N.Y. March 22, 2016).

[8] Ex. N-9 at 29 ¶65(a).

Defendants sent an interrogatory to the Plaintiffs, asking for the methodology used, the date the analysis was commenced and completed, the information relied on to conduct the analysis, and the information Plaintiffs provided to the FBI.[9] Plaintiffs' merely identified two documents, each created long after the criminal complaint was filed and Aslanyan first swore, under oath, that "111,000 of the Hacked Website-1 Accounts have joined Oilpro."[10] The first document is Kent's 2017 sentencing memorandum, which states:[11]

> obtained improperly by Mr. Kent became members of Oilpro.[25] However, as explained in the Revised PSR, the government agrees "that there is no proof or indication that all 111,000 new Oilpro members joined based on Kent's activities."[26] And certainly, some joined independently of Mr. Kent's conduct, just as many people maintain more than one online social media or professional networking profile. The exact number of users that Oilpro gained as a result of Mr. Kent's actions remains unknown.

The second is an internal Oilpro email sent one month *after* the criminal complaint was filed.[12] These subsequently created documents do not explain the basis for Aslanyan's opinions or proposed testimony. In addition, Plaintiffs' own employees have disclaimed knowledge regarding this calculation:

> Q. [D]o you have any expert opinions on the number of individuals who joined OilPro as a result of Mr. Kent accessing either of the two web pages?
>
> A. I don't, personally.
>
> Q. Do you know of any person within DHI or Rigzone who has done such an analysis?
>
> A. I don't know who has.

---

[9] Ex. N-12 at 3.

[10] *USA v. Kent*, 1:16-cr-00385, DE 1 at 10 ¶17 (S.D.N.Y. March 22, 2016).

[11] *USA v. Kent*, 1:16-cr-00385, DE 48 at 19 (S.D.N.Y. September 22, 2017).

[12] Ex. N-19 [April 25, 2016 email].

> Q. Do you know of any person who has done such an analysis, other than Mr. Livingston, who's been designated by OilPro?
>
> A. To the best of my knowledge, the FBI did. I don't know who else has.
>
> Q. Who at the FBI, when you say to the best of your knowledge?
>
> A. Someone working with Evelina.
>
> Q. Who?
>
> A. I don't know who.[13]

And recently, Plaintiffs have distanced themselves further from this testimony, arguing: "Plaintiffs have not designated an expert on the causation issue with respect to the stolen Rigzone members joining Oilpro."[14] Because Plaintiffs failed to provide a summary of the facts upon which Aslanyan's testimony an opinions are based—even if she is considered a Rule 26(a)(2)(C) expert—the disclosure is insufficient and her testimony must be excluded under Rule 37(c)(1).

**B.      Aslanyan's Testimony Does Not Satisfy Standards Under Rule 702 and *Daubert*.**

Under the framework explained in the Supreme Court's *Daubert* decision, "Rule 702 assigns the district judge a gatekeeping role to ensure that [expert] testimony is both reliable and relevant." *Johnson v. Arkema, Inc.,* 685 F.3d 452, 459 (5th Cir. 2012) (internal quotation marks omitted); *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 592-93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (applying *Daubert* to non-scientific experts). To be admitted, the expert's testimony must be helpful to the jury, which requires that the expert is (1) qualified and (2) that his or her testimony (a) has a reasonable factual basis, (b) is based on reliable methods; and (c) is relevant to facts in issue. FED. R. EVID. 702, 703; *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Daubert*, 509 U.S. at 589.

---

[13] Ex. J [Norville Deposition Transcript] at 95:25-96:16 and *see also* 96:25-97:08.

[14] DE 220 at 5.

"The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." *Mays v. State Farm Lloyds,* 98 F. Supp. 2d 785, 787 (N.D. Tex. 2000).  It is the burden of the party offering an expert to prove by a preponderance of the evidence that the expert's proffered testimony satisfies Rule 702 (as elaborated in Daubert and its progeny). *See, e.g., Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

"Expert testimony that ignores existing data and is based on speculation" or "contains 'elementary' error is not helpful" and is not admissible. FED. R. EVID. 702 (Advisory Committee Notes, 2000 Amendments) (emphasis added); *Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 389 (5th Cir. 2009) (holding that an opinion based on "insufficient, erroneous information," fails the reliability standard). Likewise, "completely unsubstantiated factual assertions" are inadmissible because the "existence of sufficient facts [to support the opinion]... is in all instances mandatory." *Hathaway v. Bazany*, 507 F.3d 312, 318-19 and n. 4 (5th Cir. 2007); *Sun Ins. Mktg. Network, Inc. v. AIG Life Ins. Co.*, No. 8:01-CV-2302-T-30MSS, 2003 WL 1738838, at *3 (M.D. Fla, Mar. 27, 2003) ("A district court should not admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.") (internal citations omitted).

The Court has the responsibility to bar expert opinions based on flawed "facts" or assumptions, in its role as gatekeeper: it is not enough that an opposing party has the opportunity to challenge the faulty foundation during cross examination. *See, e.g., Group Health Plan, Inc. v. Philip Morris Inc.*, 188 F. Supp. 2d 1122, 1134 (D. Minn. 2002) (unrealistic and speculative facts do not "merely affect the weight" that testimony should be given, but require exclusion); *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 569 (D.C. Cir. 1993) ("[I]n view of the patent flaws in [the expert's] testimony, we must resist 'the temptation to answer objections to receipt of expert testimony with the shorthand remark that the jury will give it the weight it deserves.'") (internal citation omitted).

Plaintiffs intend to solicit testimony from Aslanyan regarding the number of HTTP requests and resumes accessed.[15] But discovery has disclosed that this information was provided by Plaintiffs through Chad Norville, who testified that he provided Aslanyan with a spreadsheet to rely on for these calculations.[16] Norville also testified that neither he nor anyone else at DHI audited that spreadsheet to exclude HTTP requests that were rejected or invalid, or returned a blank or duplicate resume. Norville testified:

> Q. And did you do anything to remove duplicates?
>
> A. I did not.
>
> Q. Did you do anything to remove http requests that were denied or rejected?
>
> A. I didn't, no.
>
> Q. Because -- because there is a whole format of different codes that show what happens in response to an http request, is -- is there not?
>
> A. There is, yeah.
>
> Q. Yeah. And not every request is accepted, so to speak, right?
>
> A. Right.
>
> Q. Did you determine how many of those requests were invalid requests?
>
> A. To pull the complete list, I didn't. I didn't create the query, either, so...
>
> Q. And did you determine how many of the 750,000 were actually blank pages?
>
> A. I didn't look at every single one.[17]
>
> . . .
>
> Q. Did you do the analysis to determine of this approximately 796,000 accounts, how many of those requests retrieved blank pages?
>
> A. No, I didn't.[18]

---

[15] Ex. N-10 at 3.

[16] Ex. J [Norville Deposition Transcript] 292:17-292:23; 302:13-302:21; 305:23-306:01.

[17] Ex. J [Norville Deposition Transcript] 124:02-124:22

> . . .
>
> Q. So how many blank pages were returned out of the 796,000?
>
> A. I don't know.
>
> Q. Did you do an analysis?
>
> A. No.[19]
>
> Q. Did you make it perfectly clear to the FBI that you had not gone through that list to take out duplicates or whittle it down to sort of the actual number of resumes?
>
> A. I didn't.[20]

Because the facts and information relied upon by Aslanyan to arrive at her opinions is flawed, her testimony cannot assist the jury and should be excluded under Rules 702 and 703 and *Daubert*.

**C.     The Prejudice of Aslanyan's Testimony Substantially Outweighs its Probative Value.**

Federal Rule of Evidence 403 allows a court to exclude expert testimony from a witness where it may be so misleading or prejudicial that it could confuse the issues of the case. Fed. R. Evid. 403. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595 (citation omitted).

Here, the errors with Aslanyan's testimony discussed above are magnified by her role as an FBI Agent. The jury will award her testimony special weight—weight it would not receive if presented by Plaintiffs' employees—and would be misleading and prejudicial. Accordingly, even

---

[18]   Ex. J [Norville Deposition Transcript] 128:09-128:12.

[19]   Ex. J [Norville Deposition Transcript] 130:02-130:06 and *see also* 294:07-296:02.

[20]   Ex. J [Norville Deposition Transcript] at 302:17-302:21.

if her testimony was not properly excluded for Plaintiffs improper disclosure or its reliance on flawed facts and evidence, it should be excluded under Rule 403.

## CONCLUSION

For the reasons set forth above, Defendants request that the Court exclude the testimony of Evelina Aslanyan and grant them any such further relief to which they have shown themselves justly entitled.

Respectfully submitted,

**FOLEY GARDERE
FOLEY & LARDNER LLP**

*s/ James G. Munisteri*
James G. Munisteri
Texas Bar No. 14667380
Marla T. Poirot
Texas Bar No. 00794736
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jmunisteri@foley.com
mpoirot@foley.com

Sara Ann Brown
Texas Bar No. 24075773
2021 McKinney, Suite 1600
Dallas, Texas 75201-3340
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
sabrown@foley.com

**ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF, SINGLE
INTEGRATED OPERATIONS
PORTAL, INC. D/B/A OILPRO AND
OILPRO.COM AND DAVID W.
KENT, JR.**

## CERTIFICATE OF SERVICE

I certify that on October 12, 2018, a copy of the forgoing was served via email to the following:

Walter Lynch  **Counsel for Plaintiffs DHI Group, Inc. f/k/a**
Amir Halevy  **Dice Holdings, Inc. and Rigzone.com, Inc.**
Jeb Golinkin
JORDAN, LYNCH & CANCIENNE PLLC
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
wlynch@jlcfirm.com
ahavely@jlcfirm.com
jgolinkin@jlcfirm.com

*s/ James G. Munisteri*
James G. Munisteri