IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DAVID W. KENT, JR., SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ET AL., <br> *Defendants.* | C.A. NO.: 16-cv-01670 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT EVELINA ASLANYAN**

Plaintiffs DHI Group, Inc. and Rigzone.com, Inc. (collectively, "Plaintiffs") submit this Response to Defendants' Motion to Strike Plaintiffs' Expert Evelina Aslanyan.

**I.   SUMMARY**

Defendants make three arguments in support of their motion to strike FBI Special Agent Evelina Aslanyan. First, Defendants have the audacity to claim that "Aslanyan has no first hand knowledge regarding the facts giving rise to this lawsuit—she learned everything from her third-party investigation."[1] This argument, of course, ignores the inconvenient fact that the "third party investigation" was conducted by the Federal Bureau of Investigation, and that *Special Agent* Aslanyan was the lead agent investigating David Kent's criminal activities. Second, despite the reality that the findings of the FBI

---

[1] Defendants' Motion to Strike Plaintiffs' Expert Evelina Aslanyan (ECF 230) at pp. 6-7.

were sufficient to induce David Kent to plead guilty, Defendants now claim that the same "facts and information relied upon by [Special Agent] Aslanyan to arrive at her opinions is (sic) flawed."[2] Finally, apparently realizing that neither of the above arguments passes muster, Defendants claim that the fact that Special Agent Aslanyan is an FBI Special Agent makes her testimony too prejudicial.

As discussed below, the law does not support Defendants' arguments. Moreover, the facts do not support Defendants' arguments. Thus, as demonstrated by Defendants' Motion to Strike, all that remains is for them to pound the table. *See U.S. v. Griffin*, 84 F.3d 912, 927 (7th Cir. 1996) ("If the law is against you, argue the facts; if the facts are against you, argue the law; and if they both are against you, pound the table and attack your opponent."). Defendants' Motion to Strike should be denied.

## II.     ARGUMENT

**A. Special Agent Aslanyan is Employed by the FBI, Not DHI.**

It is undisputed that Special Agent Aslanyan is employed by the FBI and that she was the lead agent investigating the factual background that resulted in the criminal complaint against, and eventual guilty plea by, David Kent. Defendants, however, make the ridiculous claim that she was "specially employed to provide expert testimony." Not surprisingly, their cited cases actually belie their argument. One cited case holds that a specially employed expert "comes to the case as a stranger and draws opinions from facts supplied by others, *in preparation for trial*." *Downey v. Bob's Disc. Furniture Holdings, Inc.*,

---

[2] *Id.* at p. 14.

2

633 F.3d 1, 7 (1st Cir. 2011) (emphasis added). A second cited case adds that a specially employed witness "has *no personal involvement* in facts giving rise to the litigation." *Diamond Consortium, Inc. v. Manookian*, 4:16-CV-00094, 2017 WL 2936218 at *7 (E.D. Tex. July 10, 2017) (emphasis added). A third cited case holds that a specially employed witness "has no personal involvement in the facts giving rise to a case and is instead *engaged specifically by a party* to provide opinions and testimony." *Tolan v. Cotton*, CIV.A. H-09-1324, 2015 WL 5332171, at *7 (S.D. Tex. Sept. 14, 2015) (emphasis added). Special Agent Aslayan did not come to this case as a stranger with no personal involvement, nor was she engaged by Plaintiffs to provide testimony; rather, as noted above, she was the lead FBI agent investigating the criminal aspects of David Kent's conduct.

Moreover, Defendants inexplicably cite case law that indisputably establishes Special Agent Aslanyan as an expert who was not specially employed for the litigation: "the distinction between a 26(a)(2)(B) expert and a 26(a)(2)(C) expert is that 26(a)(2)(C) experts' conclusions and opinions arise from firsthand knowledge of activities they were personally involved in before the commencement of the lawsuit, and not conclusions they formed because they were recruited to testify as an expert after-the-fact." *Beane v. Util. Trailer Mfg. Co.*, No. 2:10 CV 781, 2013 WL 1344763, at *3 (W.D. La. Feb.25, 2013). Indeed, she led the investigation that developed the facts and information that led to Plaintiffs' lawsuit.

Alternatively, Defendants argue that the disclosed summary of facts and opinions regarding Special Agent Aslanyan are insufficient. However, the facts and opinions of Special Agent Aslanyan were both disclosed and well known to Defendants. The real

3

issue is that Defendants understandably do not like them, but that is not a sufficient basis for exclusion.

## B. Facts And Information Discovered And Relied Upon By Special Agent Aslanyan Were Sufficiently Reliable To Convince David Kent To Plead Guilty.

Defendants second argument is that any testimony from Special Agent Aslanyan would be based on unreliable facts, and thus should be excluded under *Daubert* and its progeny. Defendants are certainly entitled to dispute the FBI's facts, as they have done through their retained "expert," Trent Livingston, whose only apparent methodology was to use a "black box" process to bolster David Kent's unsupported, and unsupportable, assertion regarding converted members.[3] However, a dispute, real or manufactured, over the facts uncovered by the FBI, does not render those facts flawed or unreliable.

Indeed, those same facts were sufficiently reliable to induce David Kent to plead guilty in Federal court. The unfortunate reality is that David Kent has apparently forgotten his testimony at his sentencing hearing when he claimed that he was "very sorry for any harm that has come to Dice whatever that may be. I honestly don't know the full extent of what the damages were but I accept I'll pay, et cetera, whatever I need to do which has been made clear."[4] David Kent's attempt to run from his own words does not render the facts uncovered by Special Agent Aslanyan, and her colleagues at the FBI, unreliable.

---

[3] *See* Plaintiffs' Motion to Exclude the Unreliable Testimony of Defendants' Expert Trent Livingston (ECF 226).
[4] Tr. of Plea Hearing (ECF 228, Ex. 2) at 32:20-25.

## C. Special Agent Aslayan's Testimony Is Damaging Precisely Because It Is So Probative.

As a last resort, Defendants claim that Special Agent Aslanyan's testimony should be excluded because of her status as a Special Agent of the FBI. Plaintiffs' freely admit that any testimony from Special Agent Aslanyan will be harmful to the Defendants. However, under Federal Rule of Evidence 403, "'damage to a defendant's case is not a basis for excluding probative evidence,' because '[e]vidence that is highly probative invariably will be prejudicial to the defense.'" *U.S. v. Wallace*, 124 Fed. Appx. 165, 167 (4th Cir. 2005); citing *U.S. v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). Moreover, any testimony from Special Agent Aslanyan, as the lead agent in the criminal investigation, is highly probative. Indeed, the "fact that an investigator, trained and experienced in the area . . . [at question] has found that it is likely that such an unlawful practice has occurred, is highly probative of the ultimate issue involved in such cases. Its probative value, we believe, at least outweighs any possible prejudice to defendant." *Smith v. Universal Serv., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972).

### III. CONCLUSION

In light of the above, Plaintiffs respectfully request that the Court deny Defendants Motion to Strike Plaintiffs' Expert Evelina Aslanyan.

Respectfully submitted,

**JORDAN, LYNCH & CANCIENNE PLLC**

By: *s/Walter Lynch*
    **Walter Lynch**
    State Bar No. 24046330
    Federal I.D. No. 965265
    **Amir Halevy**
    State Bar No. 24065356
    Federal I.D. No. 1259956
    **Joseph ("Jeb") W. Golinkin II**
    State Bar No. 24087596
    Federal I.D. No. 2515657
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713-955-4020 (Telephone)
    713-955-9644 (Fax)
    wlynch@jlcfirm.com
    ahalevy@jlcfirm.com
    jgolinkin@jlcfirm.com

ATTORNEYS FOR PLAINTIFFS DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DAVID W. KENT, JR., SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ESTEVAN DUFRIN, MATTHEW KENT, BRYAN ROBINS, JEREMY ANTONINI, AND JOHN DOES NOS 1-10, <br>            *Defendants.* | C.A. NO.: 16-cv-01670 |

**PROPOSED ORDER**

Defendants' Motion to Strike Plaintiffs' Expert Evelina Aslanya is **Denied**.

_____
The Honorable Nancy K. Johnson
United States Magistrate Judge