United States District Court
Southern District of Texas
**ENTERED**
March 22, 2019
David J. Bradley, Clerk

**COURTROOM MINUTES- ORDER**
JUDGE NANCY K. JOHNSON  PRESIDING
DATE: March 21, 2019
ERO:  Yes
MORNING 10:01-11:23AM          AFTERNOON
*******************************************************************************
CIVIL  NO  4:16cv1670

APPEARANCES:

| | |
|---|---|
| DHI Group, Inc. et al | Amir Halevy **(by phone)** |
| | Walter Gaylord Lynch |
| | Joseph Webster Golinkin, II |
| Plaintiffs | |
| vs. | |
| David W. Kent, Jr., et al | James G. Munisteri |
| | Harvey Brown |
| | Sara Ann Brown |
| Defendants | |

*******************************************************************************
DOCKET ENTRY

NKJ: Motion(s) Hearing.

Plaintiffs' Motion to Strike Expert Trent Livingston is **GRANTED** in part, **DENIED** in part for reasons explained on the record.  The court finds that Livingston was timely designated as an expert and Plaintiffs' motion is **DENIED** on that ground.

Plaintiffs also moved to strike the testimony of Livingston on the ground that he had access to documents that were not produced until Livingston was granted access to them for his report.  The court finds that Defendants delayed production of relevant requested documents by continuing to claim a privilege long after its waiver of privilege occurred.  Kent's deposition was on

November 17, 2017, and Defendants continued to assert a privilege in their post-deposition discovery responses until April 2018, when they turned over the privileged material to Plaintiffs and to Livingston in preparation for his expert report. The court finds that this assertion of privilege and the later withdrawal of the claim of privilege to be done for the purposes of gaining an advantage in the litigation. Defendants also selectively waived their privilege to disclose those materials favorable to their position and continued to withhold the Antonini report which concerned the same analysis as Livingston and Kent reports. In <u>In re Application of Chevron Corp. v. 3TM Consulting, LLC</u>, Civ. Action No. H-10-134, 2011 WL 13135155, the court found a waiver of the privilege where a party affirmatively used the privilege to selectively produce materials and to prevent its opponent from challenging its assertion. The court finds this case instructive in the present case.

It is therefore **ORDERED** that Defendants produce the Kent analysis, the Antonini analysis and any other document that bears on the subject matter of those documents within five (5) days.

It is further **ORDERED** because of the self-interested timing in the assertion of the privilege and its later waiver, and the resulting prejudice to Plaintiffs, the following late-produced materials/data-bases may not be relied upon or used in any way by any of Defendants' witnesses: "Oilpro Member Activity by Month," "Oilpro Members by Source," "Report - 111k Incorrect," "Report Member Sources," "Report Members Pvs Revenue by Month," "Step 2 -

Create Source Tables," "Step 3 - Never Emailed Before," and "Step 4 - Load Member Source Table." To the extent that Livingston had access to these files, it is **ORDERED** he must be able to recreate his report and opinions without any use or reference to them.

Plaintiffs' Motion to Exclude the Testimony of Livingston is **GRANTED** in part, **DENIED** in part. Plaintiffs moved to exclude the testimony of Livingston based on unreliability. In responsive briefing, Livingston has substantially bolstered his opinions. After hearing arguments from counsel, the court finds that Plaintiffs may redepose Livingston based on the supplementation of his methodology. Because Livingston's report and earlier deposition were missing critical explanations of his methodology raising credible claims to their unreliability, it is **ORDERED** that an award of attorneys fees is appropriate. Plaintiffs are awarded their reasonable attorneys fees for filing their Motion to Exclude the Testimony of Livingston. The motion for fees must be filed by April 5, 2019. If, after taking the deposition of Livingston, Plaintiffs still believe that Livingston's methodology should be excludable as unreliable, they shall so move within fourteen days from the date of the deposition.

SIGNED in Houston, Texas, this 22nd day of **March**, 2019.

_____
U.S. MAGISTRATE JUDGE