UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHI GROUP, INC. f/k/a DICE HOLDINGS, INC. and RIGZONE.COM, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION H-16-1670 |
| DAVID W. KENT, JR. SINGLE INTEGRATED OPERATIONS PORTAL, INC. d/b/a OILPRO and OILPRO.COM, et al., | § § § § | |
| Defendants. | § § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are objections filed by defendants and counter-plaintiffs Single Integrated Operations Portal, Inc. d/b/a Oilpro, OILPRO.com, and David W. Kent, Jr. (collectively, "Oilpro"). Dkt. 264. After considering the objections, response, reply, other relevant documents in the record, and the applicable law, the court is of the opinion that the objections should be OVERRULED.

### I. BACKGROUND

Plaintiffs and counter-defendants DHI Group, Inc. f/k/a Dice Holdings Inc. and Rigzone.com, Inc. (collectively, "DHI") filed a motion to strike Oilpro's expert report of Trent Livingston under Federal Rule of Civil Procedure 37(c)(1), arguing that Livingston was an improper rebuttal expert whose report is premised on documents that were improperly withheld from production during discovery. Dkt. 215. DHI additionally filed a motion to exclude Livingston's testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993). This case is referred to the Magistrate Judge for pretrial management, and the Magistrate

Judge held a hearing on both motions on March 21, 2019. Dkt. 259. She granted in part and denied in part both motions. *Id.* With respect to the motion to exclude Livingston's testimony, she noted that DHI moved to exclude based on unreliability but that Livingston "substantially bolstered his opinions" in his response to the motion. *Id.* The court considered the record and arguments of counsel at the hearing and held that, due to the supplementation Livingston had provided regarding his methodology, DHI could redepose him. *Id.* She also ordered Oilpro to pay reasonable attorneys' fees for filing the motion to exclude because of the missing explanations in Livingston's expert report. *Id.*

Oilpro objects to the Magistrate Judge's order requiring Oilpro to pay the fees DHI incurred in filing its motion to exclude the testimony of Trent Livingston. Dkt. 264. Oilpro argues that the plaintiffs "knitt[ed] together a heightened and incorrect *Daubert* standard" when seeking exclusion of Livingston's testimony under both Federal Rule of Civil Procedure 37(c) and Federal Rule of Evidence 702 and *Daubert*, and that the Magistrate Judge's order "incorporates this conflated analysis." *Id.* Oilpro contends that Livingston's report satisfies the inquiry under both Rule 702 and Rule 26(a)(2)(B). But, with regard to the motion to exclude under Rule 702, which is the motion the Magistrate Judge referenced when imposing attorneys' fees, Oilpro argues that sanctions would only be available pursuant to the Magistrate Judge's inherent power, which requires a finding of bad faith. *Id.* Oilpro contends that there was no finding of bad faith with regard to the alleged missing methodology. *Id.* Oilpro also argues that the report was not defective under either *Daubert* or Rule 26. *Id.*

DHI contends that Livingston failed to document the steps he took to isolate data in his report, which made it impossible to determine if his methodology supported his conclusions. Dkt. 265. According to DHI, Livingston also could not testify about the steps during his deposition,

but he then "suddenly produced" the information in response to the motion to exclude. *Id.* DHI notes that Oilpro argues that the Magistrate Judge "failed to appreciate the very straightforward difference between Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26(a)(2)(b). *Id.* DHI then hypothesizes that the Magistrate Judge actually "used Rule 26 to save Defendants from the fate they deserved under Rule 702." *Id.* DHI argues that the Magistrate Judge's decision "falls squarely within [the Magistrate Judge's] inherent power to manage her docket" and is certainly not clearly erroneous. *Id.*

In reply, Oilpro argues that it was possible to test Livingston's methodology without the information at issue but, regardless, the Magistrate Judge's order to pay attorneys' fees was clearly erroneous because she considered the sufficiency of a Rule 26 disclosure on a Rule 702 motion to exclude. Dkt. 268. It reasserts that there is no evidence or finding of bad faith and asserts that DHI is merely seeking "to weaponize a simple discovery issue." *Id.* Oilpro urges the court to set aside the finding that the report was deficient and the sanctions. *Id.*

The objections are now ripe for this court's consideration.

## II. LEGAL STANDARD

A party may file objections to a Magistrate Judge's ruling within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). The standard of review used by the district court depends on whether the Magistrate Judge ruled on a dispositive or non-dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). District courts must "modify or set aside any part of [an order on a nondispositive motion] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). For dispositive motions, district courts "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 73(b)(3).

# III. ANALYSIS

The Magistrate Judge has an in depth understanding of both the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and she understands how both sets of rules work in tandem to aid in the efficient and just disposition of civil disputes. In considering whether to allow Livingston's expert testimony and report, she had two motions before her—one relying on the Rules of Civil Procedure and one relying on the Rules of Evidence and *Daubert*. It only makes sense in fashioning the appropriate remedy with regard to this expert testimony and report, which indisputably presents a unique question, that she relied on the Rules that fit the appropriate outcome. Here, notwithstanding Oilpro's adamant arguments that the Magistrate Judge relied on her inherent authority in issuing the sanctions, which would require a finding of bad faith, there is no clear error in imposing sanctions even without bad faith if she did so within the confines of Federal Rule of Civil Procedure 37(c)(1). *Compare* Fed. R. Civ. P. 37(c)(1) (allowing a court to order payment of attorneys' fees when a party fails to disclose or supplement), *with Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) ("In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'").

Under Federal Rule of Civil Procedure 26(a)(2), an expert must provide a written report that must contain, among other things, "a complete statement of all opinions the witness will express and *the basis and reasons for them*." Fed. R. Civ. P. 26(a)(2) (emphasis added). During the hearing, the Magistrate Judge specifically found that "the methodology should have been produced at the time of the report and therefore it was deficient at that time." Dkt. 260 at 51. She therefore imposed attorneys' fees "for the necessity of having to file a motion to exclude based on lack of clarity of where Mr. Livingston has gotten his information." *Id.* In the minute entry, she noted that the report and deposition were both "missing critical explanations of [Livingston's] methodology raising

4

credible claims to their unreliability." *Id.* While there are hints of both the Rules of Evidence and the Rules of Procedure in these rulings, the Magistrate Judge was considering motions filed under both sets of rules relating to the same expert. What is important with regard to the sanctions order is that the Magistrate Judge found Livingston's report deficient under Federal Rule of Civil Procedure 26, which she clearly did.

When a party fails to provide information as required by Rule 26(a), courts turn to remedies found in Federal Rule of Civil Procedure 37(c). Rule 37(c) allows a court, in such circumstances, to exclude the evidence. Fed. R. Civ. P. 37(c)(1). The Magistrate Judge did not choose this remedy, at least at this time, because Oilpro provided the missing information in response to the motion to exclude. Instead, she chose an alternative sanction allowed by Rule 37. The Rule provides that "[i]n addition to or instead of [exclusion], the court, on a motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure." *Id.* Factors courts consider when issuing sanctions under Rule 37 are (1) the party's explanation, (2) any prejudice to the opposing party of allowing the testimony or evidence, (3) the possibility of curing prejudice with a continuance, and (4) the importance of the testimony or evidence. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Oilpro does not argue that it did not have notice and an opportunity to be heard. There was discussion about the deficiency of the report itself when the motion to exclude came up at the hearing, which was a hearing in which the Magistrate Judge was considering issues under both the discovery rules and the Rules of Evidence, and all parties were given an opportunity to discuss how Livingston allegedly did not "show his work" in his expert report. *See* Dkt. 260 at 45 ("The Court: So this is what I want to see, I think, on Mr. Livingston and that is I have concerns about his not showing his work.");Dkt. 260 at 45–46 ("Mr. Munisteri: But he produced the queries in November

5

of 2018. It was, you know, attached to the response to this motion, to the 702 motion. They've not asked for anything else since then."); Dkt. 260 at 46–48 (Mr. Munisteri offers extensive explanations regarding why he believes the report was not deficient); Dkt. 260 at 50 ("Mr. Lynch: I mean it goes back to he should have supplied this in the first place way back when so that I could have these questions for him.").

The court finds that the Magistrate Judge appropriately fashioned a remedy in light of the circumstances and her rulings were not clearly erroneous. It was appropriate and logical for the Magistrate Judge to treat the motion as one to exclude under Rule 37(c) given the context of the hearing and the way in which the argument proceeded, and her failure to issue a finding of bad faith with regard to the failure to disclose the basis of the findings in Livingston's report (or methodology) is not clearly erroneous because issuing this type of sanction under Rule 37 is permissible absent a finding of bad faith. With regard to Oilpro's argument that the report itself was not deficient, the court has reviewed the materials and finds no clear error in the Magistrate Judge's conclusion that it was deficient.[1] Since Oilpro provided the missing information in its response to the motion to exclude, the Magistrate Judge's decision to allow DHI to redepose Livingston and require Oilpro to pay the fees associated with having to file a motion to exclude cures the prejudice to DHI without

---

[1] The expert did not provide the queries he used to search the database and reach his conclusions. Oilpro contends these queries were "additional granular detail unnecessary for a database professional to test [the expert's] methodology" and that requiring this detail in the expert report would "turn [Rule 26] on its head and require expert reports to be manuals that allow the opposing side to avoid the need for designating an expert!" Dkt. 264 at 19–21 (exclamation point in original). The Magistrate Judge disagreed, finding that the report was "missing critical explanations of [Livingston's] methodology." Dkt. 259 at 3. This court finds no clear error in this conclusion and does not believe that requiring an expert to "show his work"—as the Magistrate Judge and parties referred to the issue during the hearing—will turn Rule 26 on its head.

excluding evidence that is important to Oilpro's case, thus perfectly balancing the factors courts consider when awarding Rule 37 sanctions.

### IV. Conclusion

Oilpro's objections are OVERRULED.

Signed at Houston, Texas on May 1, 2019.

_____
Gray H. Miller
Senior United States District Judge