## ATTACHMENT B-1 – PLAINTIFFS' WITNESS LIST

Plaintiffs provides the following list of potential witnesses. Plaintiffs reserve the right to remove any witness from this list or not call any witness on this list. In addition to those individuals listed below, Plaintiffs reserve the right to call any witness on Defendants' Witness List(s) and any witness who may be necessary for purposes of impeachment or rebuttal.

| Name/Address | Nature of their Testimony |
|---|---|
| David Kent<br>c/o James G. Munisteri<br>Foley & Lardner LLP<br>1000 Louisiana Street<br>Suite 2000<br>Houston, TX 77002 | Mr. Kent will testify about his role in the development and sale of Rigzone to DHI. He will explain what he stole and how he stole it. He will also explain how he used the stolen material and what members were worth to his company. He will also describe what steps Rigzone took to protect the information he stole and the steps DHI took to improve on the protection after he sold Rigzone to DHI. |

| Name/Address | Nature of their Testimony |
|---|---|
| Estefan Dufrin<br>6119 Morningcrest Court<br>Spring, TX | Mr. Dufrin will testify about the work he did for both Rigzone and then Oilpro. Specifically, he will testify about his knowledge of what David Kent stole and how he stole it. He will explain how Oilpro used fake recruiters to entice people to join Oilpro.  He will also explain how many members they projected would join Oilpro as a result of Mr. Kent's theft.  Mr. Dufrin will explain how David Kent intended to compete with Rigzone including the "Black Ops," Operation Trojan Horse.  He will also testify about Oilpro's inappropriate use of Rigzone's Google Analytics data as well as Rigzone's Monthly Business Review. |
| Matthew Kent<br>10527 Elmdale Dr.<br>Houston, TX 77070 | Mr. Kent is David Kent's brother and worked for both Rigzone and Oilpro.  He will testify concerning the circumstances of how he began working for Oilpro in violation of his non-compete agreement with Rigzone.  He will also discuss how Rigzone and Oilpro operated including the limitations to the number of resumes a customer could download.  He will explain what value resumes had in Rigzone's and Oilpro's businesses. |
| Jeremy Antonini<br>5739 Summer Star Ln.<br>Frisco, TX 75036 | Mr. Antonini will testify about his work at Rigzone and then at Oilpro.  Specifically, he will explain what steps were taken to protect Rigzone's resume database.  He will also discuss what he did to reactivate members of Oilpro that he determined were not related to Mr. Kent's misappropriation of the Rigzone resumes.  Because Mr. Antonini lives beyond the subpoena range for this Court, Plaintiffs will designate testimony from his deposition taken in this case. |

| Name/Address | Nature of their Testimony |
| --- | --- |
| Jonathan Fairbanks<br>3391 Sleepy Hollow Ct.<br>Houston, TX 77019 | Mr. Fairbanks is the Founder and Managing Partner of GEC, a private equity fund specializing in the energy industry and will testify concerning his December 2014 investment of $3 million for 15% of Oilpro. He will also explain Oilpro's strategic initiatives during the time of his investment, as well as the circumstances regarding the sale of his investment in December 2016. |
| Michael Durney<br>44 Dorchester Rd.<br>Rockville Centre, NY 11570 | Mr. Durney is the former President and CEO of DHI who will testify concerning the acquisition of Rigzone by DHI, the attempts by David Kent to sell Oilpro to DHI and involvement of DHI in the FBI investigation concerning Mr. Kent's thefts of Rigzone resumes. |
| Constance Melrose<br>325 57th St Apt 14D<br>New York, NY 10022 | Ms. Melrose is the former Vice President of Corporate Development at DHI and will testify concerning her knowledge regarding the investments by Plaintiffs to obtain the data and information stolen by Mr. Kent. |
| Chad Norville<br>Rigzone.com<br>14531 FM 529, Suite 225<br>Houston, TX 77095 | Mr. Norville is the current president of Rigzone and was the former Director of Engineering at Rigzone and will testify concerning: (a) security measures taken to protect Rigzone's data, information, and systems before and after acquisition by DHI<br>(b) Plaintiffs' forensic investigation into the hacks by David Kent, and (c) the events and circumstances giving rise to the claims asserted in this lawsuit. |
| Evelina Aslanyan<br>Federal Bureau of Investigation<br>26 Federal Plaza | Ms. Aslanyan will testify concerning her involvement in the FBI investigation of David Kent's efforts to steal several hundred thousand resumes from Rigzone. Based on her education, |

| Name/Address | Nature of their Testimony |
|---|---|
| New York, NY 10278 | training, and experience, Ms. Aslanyan is expected to testify regarding the means and methods used by David Kent to take data and information from Rigzone's computer systems and membership database, and the use of that data and information. Ms. Aslanyan is also expected to testify regarding the FBI's investigation of David Kent's unlawful access into Rigzone's computer systems and member database, and his misappropriation of data and member information from Rigzone's computer systems and member database. Specifically, Ms. Aslanyan is expected to testify that: (a) David Kent began illegally accessing Rigzone's computer systems and member database in October 2013 and continued his unauthorized access until April 15, 2014, during which time approximately 100,000 HTTP requests from David Kent misappropriated member information from approximately 96,000 resumes; (b) between April 4, 2014 and April 6, 2014, in particular, 13,000 accounts were accessed by David Kent; (c) David Kent then engaged in a second round of illegal access into Rigzone's computer systems and member database beginning on or around June 17, 2015 and continuing until on or around August 2, 2015, during which time 750,000 HTTP requests from David Kent misappropriated member information from approximately 700,000 resumes; (d) David Kent again attempted to access Rigzone's computer systems and member database in December 2015; and (e) in total, approximately 796,000 accounts were accessed by David Kent without authorization during the first |

| Name/Address | Nature of their Testimony |
|---|---|
|  | and second rounds of David Kent illegally accessing Rigzone's computer systems and member database. Of the illegally accessed accounts, over 111,000 joined Oilpro. |
| Shane Johnson, Ph.D. Shane Johnson Consulting LLC 5110 Whistling Straits Drive College Station, TX 77845 | Dr. Johnson is a Managing Principal at Shane Johnson Consulting LLC, which provides economic and valuation consulting services including valuation and economic damages analyses.  Dr. Johnson holds a Ph.D. in Finance from Louisiana State University and currently is the Thomas W. Leland Memorial Chair in Finance at the Mays Business School at Texas A&M University.  Based on his finance, economics, and damage quantification training and experience, Dr. Johnson will testify concerning his assessment of damages suffered by Plaintiffs as a result of Defendants' actions in this case. |

| Name/Address | Nature of their Testimony |
|---|---|
| The Honorable Bruce D. Oakley<br>Hogan Lovells<br>700 Louisiana Street, Suite 4300<br>Houston, TX 77002 | Mr. Oakley is a Partner in the litigation section of Hogan Lovells and is the Managing Partner of their Houston office. He has been licensed to practice law in Texas since 1989.  He is admitted in all Texas district courts, the Fifth Circuit Court of Appeals, and the Supreme Court of the United States. He previously served as a Texas state court judge presiding over the 234th District Court in Harris County, Texas, as well as a visiting appellate justice. He is ranked by Chambers in the area of General Commercial Litigation, and he is board certified in Civil Trial Law by the Texas Board of Legal Specialization. He handles cases at both the trial and appellate level in Texas state and federal courts. Mr. Oakley will testify concerning the attorneys' fees, costs, and expenses incurred by Plaintiffs' in prosecuting their claims against Defendants and will offer opinions concerning the amount, reasonableness, and necessity of those attorneys' fees, costs, and expenses. Mr. Oakley's opinions are based on his knowledge, education, training, experience, and expertise; his review of the billing records, selected pleadings, and other case materials. |