ATTACHMENT E-1 – PLAINTIFFS' MOTIONS IN LIMINE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., <br><br> *Plaintiffs*, <br> v. <br> DAVID W. KENT, JR., SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ET AL., <br> *Defendants*. | C.A. NO.: 16-cv-01670 |

## PLAINTIFFS' MOTIONS IN LIMINE

Plaintiffs DHI Group, Inc. and Rigzone.com, Inc. (collectively, "Plaintiffs") file these *Motions in Limine* and request that the Court preclude Defendants from—in the presence of the jury (either directly or indirectly), upon voir dire, statement of the case, examination of witnesses, argument, objections, or in any other manner—presenting, referencing, or introducing the existence of, or evidence, argument, or material from or related to the matters set out below:

1. Any statement that tends to inform the jury of the effect of their answers to specific questions asked of them in the Verdict Form. *See Cate v. Good Bros., Inc.*, 181 F.2d 146, 149 (3d Cir. 1950); *Thedorf v. Lipsey*, 237 F.2d 190 (7th Cir. 1956); *Ratigan v. New York Cent. R.R. Co.*, 291 F.2d 548, 554 (2d Cir. 1961); *Lowery v. Clouse*, 348 F.2d 252, 260–61 (8th Cir. 1965).

   Granted _____                              Denied_____

2. Any reference to the value of Rigzone, DHI, or resumes in the energy industry after August of the 2015. The jury must assess damages based on the value of the collection of resumes at the time of Kent's thefts. *Univ. Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518, 536 (5th Cir. 1974) ("Accordingly the law looks to the time at which the misappropriation occurred to determine what the value of the misappropriated secret would be to a defendant who believes he can utilize it to his advantage, provided he does in fact put the idea to a commercial use.") Any reference to the value of Rigzone, DHI, or resumes in the energy industry *after* the thefts is irrelevant, likely to confuse the jury, and unfairly prejudicial. Fed. R. Evid. 401 & 403. Prohibiting Defendant from discussing the value of Rigzone after the end of Kent's thefts is especially important in this case because the price of oil decreased *after* Kent stole the resumes, and Defendants have expressed their desire to use this fact to suggest that Rigzone today is far less valuable than it was at the time of Kent's hacking.

   Granted _____                              Denied_____

3. Any suggestion or argument that the resumes stolen by Kent are not a "type of information" that is considered a "trade secret" under the Texas Uniform Trade Secrets Act ("TUTSA"). Judge Johnson has ruled that "[t]he contents of the Rigzone resume database are a compilation of resumes which are *undeniably* a 'type of information[.]' Thus, the

2

pertinent question is whether the contents of the resume database meet the TUTSA's secrecy and economic value requirements." (emphasis added). *DHI Grp., Inc. v. Kent*, 397 F. Supp. 3d 904, 919 (S.D. Tex. 2019).

Granted _____                              Denied_____

4. Any statement or argument that is contrary to David Kent's guilty plea is barred by collateral estoppel. *See e.g.*, *SEC v. Causey*, 2015 WL 7301080 at *2 (S.D. Tex. 2015) ("If the prior suit is a criminal case, followed by a civil suit, the general rule is that collateral estoppel applies, regardless of whether the prior criminal conviction was based on a jury verdict or a guilty plea.").   Such arguments include, but are not limited to: (1) Kent accessed client information from the Rigzone database without authorization; (2) the purpose of the unauthorized access was to increase the membership of OilPro; (3) the resumes were taken for Kent's commercial advantage and to help OilPro; (4) Kent understood that what he was doing was "wrong" and was a "crime;" and (5) gaining new members would have increased the value of OilPro to potential acquirers. *See* Transcript of Plea Hearing, S.D.N.Y. Dec. 19, 2016 at 8:23-9:3, 9:9-15, 13:6-9, 13:23-14:2, 15:9-15; attached as Ex. 1.

Granted _____                              Denied_____

5. Any evidence, statement, or argument that David Kent served time in prison or has paid any financial penalties and/or fines to the U.S. government. The probative value of admitting this evidence is substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 401 & 403. The sole purpose of the introduction of information related to Kent's prison sentence or payment of penalties or fines is to create the impression that Kent has already paid for his crimes. But this case is about valuing the damage caused by Kent, and the fact that he went to

prison, or paid penalties or fines to the government, is irrelevant to that task.

Granted _____                                      Denied_____

6. Any reference to any monies Kent paid as criminal restitution as part of his plea bargain with the Federal government. There are significant procedural differences and the goals of criminal restitution differ from civil restitution. *Paroline v. U.S.*, 572 U.S. 434, 453 (2014) ("Aside from the manifest procedural differences between criminal sentencing and civil tort lawsuits, restitution serves purposes that differ from (though they overlap with) the purposes of tort law."). Criminal restitution is part of the defendant's punishment. *Rodriguez-Vargas v. Holder*, 516 Fed. Appx 380, 382 (5th Cir. 2013) ("Our settled law confirms that restitution 'is a criminal penalty and a component of the defendant's sentence.'") (internal citation omitted). Moreover, Plaintiffs have minimal participation in the determination of the restitution. *U.S. v. Sheinbaum*, 136 F.3d 443, 448 (5th Cir. 1998) ("The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant."). Furthermore, the probative value of admitting this evidence is substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 401 & 403. Moreover, it is likely to confuse the jury and will distract it from its charge here, which is to evaluate the damages suffered by DHI due to Kent's conduct without reference to any punishment already imposed on David Kent.

Granted _____                                      Denied_____

7. Any evidence, statement, or argument regarding David Kent's faith or religious beliefs. Evidence of a party's religious beliefs is not admissible to attack or support credibility. *See* Fed. R. Evid. 610.

Granted _____                          Denied_____

8.  Any evidence, statement, or argument that David Kent is sick, in poor
    health, may die, or has suffered medical hardship, or that he may die
    soon. The probative value of admitting this evidence is substantially
    outweighed by its prejudicial effect. *See* Fed. R. Evid. 401 & 403.
    Although Mr. Kent's illness is unfortunate, sympathy for Kent or his
    family should be excluded as not impact the jury's evaluation of the
    value of what Kent stole at the time he stole it.

Granted _____                          Denied_____

9.  Mr. Kent and his lawyers should not be permitted to introduce, refer
    to, or show any photographs of his wife or children, except as it relates
    specifically to Kent's decision to make his wife President of Oilpro
    after his arrest. That Mr. Kent is married or has children is irrelevant
    to the claims, and any reference to them outside of the context of the
    facts of this case is irrelevant and designed to distract the jury from
    objectively evaluating the value of what Kent stole at the time he stole
    it. Fed. R. Evid. 401 & 403.

Granted _____                          Denied_____

10. Any reference to David Kent's arrest, letters he wrote while in prison,
    or suggestion that Kent was somehow a victim of government
    overreach. Kent has produced copies of letters he sent his wife and
    family while in prison, as well as security footage of federal agents
    approaching and entering Kent's home to effectuate his arrest. Such
    evidence is irrelevant to the jury's task in this case, which is to
    determine whether Kent is liable under the theories asserted and
    award damages without regard to or consideration of Mr. Kent's

treatment previously as a result of his criminal acts or any other penalties or consequences that have flowed to Kent or his family as a result of his criminal acts. Fed. R. Evid. 401 & 403.

Granted _____                         Denied_____

11. Any reference to the United States' estimate of damages in connection with the criminal proceedings arising out of David Kent's conduct. Those estimates were made in connection with the assessment of criminal penalties and have no bearing on civil damages, which are the only damages at issue in this case. *See also* arguments and citations referenced above in MIL #6.  Fed. R. Evid. 401 and 403.

Granted _____                         Denied_____

12. Any reference to estimates of damages prepared by Plaintiffs in connection with Kent's criminal case. Those estimates were made in connection with the assessment of criminal penalties and have no bearing on civil damages, which are the only damages at issue in this case.  *See also* arguments and citations referenced above in MIL #6. Fed. R. Evid. 401 and 403.

Granted _____                         Denied_____

13. Any reference to the non-appearance at trial of any person identified as having knowledge of relevant facts or other potential witness or to comment or speculate as to the reason for the non-appearance or the probable testimony of such a witness. Fed. R. Evid. 402, 403. *McClanahan v. U.S.*, 230 F.2d 919, 925–26 (5th Cir. 1956).

Granted _____                         Denied_____

14.  Any negative reference or suggestion that a negative inference may be drawn when a witnesses' testimony is offered by deposition excerpt or video within the Federal Rules of Civil Procedure is improper and should be prohibited. Any such comments are irrelevant and unfairly prejudicial under Rule 403.

Granted _____                    Denied_____

15. Any alleged failure or refusal on the part of Plaintiffs or their counsel to provide the Defendants with discovery, or any suggestion that Plaintiffs have not  engaged in good faith discovery or have withheld or failed to produce any document or other material to which the Defendants claim to be entitled. Fed. R. Evid. 402, 403.

Granted _____                    Denied_____

16. That settlement negotiations have, or have not, taken place between Plaintiffs and Defendants. Fed. R. Evid. 408, 403(b).

Granted _____                    Denied_____

17. Any demonstrative evidence that has not previously been shown to Plaintiffs' counsel outside the presence of the jury.

Granted _____                    Denied_____

18.  That any party will have to pay attorneys' fees, or any reference to the amount or basis of any attorneys' fees, unless a claim for recovery of attorneys' fees in the case will be submitted to the jury.

Granted _____                    Denied_____

19. Any argument or suggestion that an award damages will cause David Kent or his family privation or financial hardship.


Granted _____                              Denied_____


20. Any argument or suggestion that the jurors should put themselves in the position of a party. Such suggestions, arguments or statements are prejudicial appeals to sympathy and/or violate the longstanding prohibition against invoking the "Golden Rule." *Brown v. Parker Offshore Drilling Corp.*, 410 F.3d 166, 180 (5th Cir. 2005).


Granted _____                              Denied_____


21. Any suggestion that Kent's theft of Rigzone's resumes is in any way equivalent to, or like "scraping." Defendant's previous attempt to do so, during the sentencing phase of his plea bargain, was soundly rejected by Judge Cote:

> The defense submissions I think are trying to create a false equivalence with respect to the activity of the victim. They assert that the victim invaded Oil Pro's computer system engaging by implication in the same activity that the defendant engaged in when he hacked Rig Zone's computer system. I don't think they are equivalent or the same. And indeed, I don't know that anything that Rig Zone did here or the victim did here was a violation of law but as I understand it, what happened was that public information on Oil Pro's website was scraped. And it may have been a violation of the terms of

use but as sadly, we know in this computerized age there are all kinds of scraping technologies out there that are used everyday of the week by a variety of ventures and there are various ways that one tries to prevent your information being scraping. But it is of an all together different kind of activity than the kind of hacking in which the defendant engaged.

Sentencing Hearing, S.D.N.Y. Oct. 6, 2017 at 10:7-22; attached as Ex. 2.

Granted _____                              Denied_____

22. Any reference to any ex parte statement of any witness or alleged witness, other than an adverse party or agent of an adverse party, unless and until such witness has been called to testify and has given testimony conflicting with such ex parte statement. A deposition or a statement in business records that have been proven up as required by the Rules of Evidence is not an ex parte statement.

Granted _____                              Denied_____

Signed on this ____ day of _____, 2020.

_____

HON. DAVID HITTNER

9

10