**Joint Pre-Trial Order Attachment E-2**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro, et. al., <br><br> Defendants. <br><br> Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Counter-Defendants. | No: 16-cv-01670 |

## DEFENDANTS' MOTION IN LIMINE

Defendants David W. Kent, Jr. and Single Integrated Operations Portal, Inc. d/b/a Oilpro and Oilpro.com ("Defendants") file this Motion in Limine before any proceedings in the presence of the Jury and prior to the voir dire examination of the Jury, and respectfully request the Court to order:

- DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc. (collectively, "Plaintiffs"), as well as Plaintiffs' attorneys, and all

1

other persons involved in this case on their behalf, be instructed not to mention or bring before the Jury, either directly or indirectly, upon voir dire, opening statements, interrogation of witnesses, argument, objections before the Jury, or any other means or manner inform the Jury or bring to the Jury's attention any of the matters set forth in the paragraphs below, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the Jury, and a favorable ruling has been received as to the relevance and admissibility of such matters.

- Counsel for Plaintiffs be instructed to inform all witnesses called by Plaintiffs not to volunteer, disclose, state or mention to the Jury any of the below-enumerated matters, unless specifically questioned thereon after a prior ruling by this Court.

- That the violation of any of these instructions would constitute harm and deprive Defendants of a fair and impartial trial, and instruct counsel for Plaintiffs that the failure to abide by such order may constitute contempt and necessitate a mistrial.

The specific actions and matters that Defendants request this Court include within its order in limine are as follows:

1. That the parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making argument concerning the Pre-Sentencing Memorandum. The Pre-Sentencing Memorandum contains out-of-court statements offered for the truth of the matter asserted, and is therefore inadmissible hearsay under Fed. R. Evid. 802. The Pre-Sentencing Memorandum is only being offered to inflame the jury based on David Kent's prior criminal conviction and is, therefore, more prejudicial than probative under Fed. R. Evid. 403. Alternatively, should any party or counsel read any portion of the Pre-Sentencing Memorandum, then, under the doctrine of optional completeness, counsel must also read the following quote from the Pre-Sentencing Memorandum: "**the government agrees 'that there is no proof or indication that all 111,000 new Oilpro members joined based on Kent's activities**.'"

  SUSTAINED _____  OVERRULED_____

2. That the parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making argument concerning the Declaration of Evelina Aslanyan or any assertions therein. Aslanyan's Declaration contains out of court statements offered for the truth of the matter asserted, and is therefore inadmissible hearsay under Fed. R. Evid. 802. Aslanyan's Declaration is only being offered to inflame the jury based on David Kent's prior criminal conviction and is, therefore, more prejudicial than probative under Fed. R. Evid. 403. Further, the calculations proffered by Aslanyan in her Declaration are impermissible lay witness opinions that have not been properly vetted through expert disclosures and Daubert challenges and, therefore, should be excluded under Fed. R. Evid. 701.

  SUSTAINED _____  OVERRULED_____

3. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument regarding Shane Johnson's Damage Calculations. Before Mr. Johnson's calculations can come into evidence or be referenced, Mr. Johnson must first lay the appropriate foundation and prove up all the underlying facts supporting his calculations. Mr. Johnson should not be permitted to testify as to his conclusion unless they can prove-up the underlying facts as required by Fed. R. Evid. 901(a).

  SUSTAINED _____  OVERRULED_____

4. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument regarding the fair market value of the resumes. The parties all agree that there was no destruction or dissemination of any trade secret, and, therefore, the fair market value of the trade secrets are not an appropriate measure of damages. Nor is the lost-asset theory applicable when Plaintiffs have not asserted or calculated any loss of income from the resume database, or any decrease in value of the resume database or Rigzone resulting from the events in question. Thus, such testimony or evidence is misleading or likely to confuse the jury and therefore inadmissible under Fed. R. Evid. 403.

  SUSTAINED _____  OVERRULED_____

5. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument regarding any out-of-pocket expenses. All such evidence relates to criminal prosecution and not recoverable. Moreover, none of the expenses spent on the criminal investigation were segregated, and no supporting documents or testimony exist supporting the employee time estimates (and, if they did, all of the employee salary would have been pad anyway and is not recoverable). Any evidence regarding out-of-pocket expenses would be misleading and confuse the issues for the jury. Therefore, such testimony or evidence is inadmissible under Fed. R. Evid. 403

   SUSTAINED   _____   OVERRULED_____

6. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument regarding a reasonable royalty for the use of the resumes. No expert opined or disclosed a reasonable royalty calculation, and, therefore, Plaintiffs have failed to timely disclose a reasonable royalty calculation as required by the Court's Scheduling Order and the Federal Rules of Civil Procedure. The same is true regarding any purported decrease in the value of Rigzone or its resume database, as well as the amount of costs saved by Defendants. Any such proffering will unfairly prejudice Defendants as they have not had adequate opportunity to challenge or rebut such a damage model. Therefore the Plaintiffs should be barred from proffering a reasonable royalty damage model.

   SUSTAINED   _____   OVERRULED_____

7. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument that the Rigzone Purchase Agreement contains the definition of "trade secret" or that David Kent breached any representations or warranties. The Court found that TUTSA definition governs, not the agreement. As such this definition is misleading and will likely confuse the jury, therefore inadmissible under Fed. R. Evid. 403. The definition of trade secret in the Rigzone Purchase Agreement is also an improper legal conclusion and therefore inadmissible under Fed. R. Evid. 701.

   SUSTAINED   _____   OVERRULED_____

8. Referencing or making disparaging remarks including use of the terms "Hacker[s]." David Kent did not hack any of Plaintiffs computer systems, therefore the term is confusing and misleading and inadmissible under Fed. R. Evid. 403. The only reason Plaintiffs wish to use this term is to inflame the passions of the jury, which makes this term more prejudicial than probative under Fed. R. Evid. 402.

   SUSTAINED _____ OVERRULED_____

9. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument concerning Jeremy Antonini's initial calculation of converted Oilpro members. As confirmed by Mr. Antonini, these calculations were made without the information necessary to do so and, as a result, included more than just the converted members. Such testimony would be inaccurate and therefore irrelevant under Fed. R. Evid. 401. Moreover, the calculations proffered by Mr. Antonini are impermissible lay witness opinions that have not been properly vetted through expert disclosures and Daubert challenges and, therefore, should be excluded under Fed. R. Evid. 701.

   SUSTAINED _____ OVERRULED_____

10. Referencing or making disparaging remarks including use of the terms "Trojan Horse" or stating that David Kent ever employed a "Trojan Horse" project or any suggestion that Oilpro or David Kent ever did what was discussed but never done. The term is confusing and misleading because Oilpro and David Kent never did what an email calls Project Trojan Horse, and a non-existent act does not relate to any claims in this case. Thus, use of this term is irrelevant and inadmissible under Fed. R. Evid. 401 and 403. The only reason Plaintiffs wish to use this term is to inflame the passions of the jury, which makes this term more prejudicial than probative under Fed. R. Evid. 402.

    SUSTAINED _____ OVERRULED_____

11. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument concerning any claim that David Kent, Matthew Kent, or any other former Rigzone empoloyee breached their non-compete. Plaintiffs never asserted any such claims. Any such testimony is irrelevant, will likely mislead or confuse the jury,

and is intended to only inflame the passions of the jury. Fed. R. Evid. 401-403.

SUSTAINED _____ OVERRULED_____

12. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument concerning "back door." David Kent accessed the Plaintiffs website using a publicly reachable web address, and the Plaintiffs' own consultant confirmed that David Kent was not one of the five authors of the relevant software code. Therefore it is inaccurate and misleading to claim that David Kent used a "back door" to access Plaintiffs website. Fed. R. Evid. 401-403

SUSTAINED _____ OVERRULED_____

13. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument concerning evidence acquired through the Wayback Machine. Such evidence purports to show the status of a website on a given prior date, but such evidence was not timely produced or properly authenticated. Therefore, the Wayback Machine evidence is inadmissible because no witness can lay a proper foundation or authenticate such evidence. Fed. R. Evid. 901(a)

SUSTAINED _____ OVERRULED_____

14. The parties, witnesses, and counsel for any party be precluded from discussing, referencing, or making any argument concerning Google Analytics or Search Techniques. Plaintiffs abandoned claims concerning Google Analytics and Search Techniques and the Court dismissed the same. Accordingly any evidence or testimony concerning Google Analytics and Search Techniques is irrelevant, misleading, and likely to confuse the jury under Fed. R. Evid. 401-403.

SUSTAINED _____ OVERRULED_____

15. Asking any lay or expert witness to opine regarding legal issues and terms involved in the case, including but not limited to a witness' opinion or understanding of trade secret. These types of inquiries call for legal conclusions that are not helpful for the jury. Fed. R. Evid. 701; *Owen v. Kear McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (Expert testimony may embrace ultimate issue to be decided by jury, but expert witness is

not entitled to tell the jury what result to reach or to give legal conclusions).

SUSTAINED _____ OVERRULED_____

16. Mentioning or asking any questions, directly or indirectly, about discovery matters or disputes.

SUSTAINED _____ OVERRULED_____

17. Any reference to prior punitive damage awards is irrelevant to this case unless offered by Defendants to limit or reduce any punitive damages in this case. *See State Farm Mutual Auto. Insur. Co. v. Campbell*, 538 U.S. 408 (2003). Further, any probative value of prior punitive damage awards is substantially outweighed by their tendency to cause unfair prejudice, to confuse the issues, and to mislead the Jury, therefore the evidence of awards should be excluded. Also, prior judgments are inadmissible hearsay and inadmissible opinion evidence.

SUSTAINED _____ OVERRULED_____

18. Mentioning or asking any questions of any witness which were the subject of an objection by counsel for the Defendants on the basis of attorney-client or attorney-work product privilege unless the subject matter of the objection has been resolved by the Court for the reason that the matters addressed below are not subject to disclosure and are protected by the attorney client and attorney privilege and work product protection. Fed. R. Evid. 501; *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client under federal law, as the oldest of the privileges for confidential communications known to the common law."). The purpose of this motion is to require that the scope of the examination be based on relevant non-privileged matters to avoid the introduction of irrelevant material. Fed. R. Evid. 402.

SUSTAINED _____ OVERRULED_____

19. Any effort to elicit facts or data from a witness relating on any issue until proper foundation to establish that witness can testify on the basis of personal knowledge rather than hearsay. Fed. R. Evid. 602 and 801.

SUSTAINED _____ OVERRULED_____

20. Mentioning or referencing the number of attorneys or legal assistants in Defendants' attorneys' law firm, the number of attorneys or legal assistants working on this case, or the location of Defendants' attorneys' law firms. This information is not relevant or material, and thus is prejudicial in its effect.

    SUSTAINED _____ OVERRULED_____

21. Mentioning or commenting to the Jury about any other case in which counsel for Defendants or counsel for Plaintiffs may have been involved. This information is irrelevant and immaterial. Fed. R. Evid. 401-403.

    SUSTAINED _____ OVERRULED_____

22. Mentioning, referencing, or inferring anything which might tend to inform the Jury of the effect of their answers to the questions posed in the charge, including any comments to the effect that if questions are not answered in a certain way that Plaintiffs receive no recovery.

    SUSTAINED _____ OVERRULED_____

23. Mentioning or making reference to the failure to call any witness that is equally available to all parties or any witness that is not available to or under the control of Defendants or tendering, referring to, reading from, offering or exhibiting any statements or reports from any such witness who is not then and there present in Court to testify and subject to cross-examination by Defendants' counsel.

    SUSTAINED _____ OVERRULED_____

24. Mentioning or stating to the Jury the probable testimony of a witness who is absent or unavailable to Defendants, as such would be hearsay, not relevant, and prejudicial in its effect. Also, mentioning any failure on the part of Defendants to call any expert witness employed to express an opinion.

    SUSTAINED _____ OVERRULED_____

**Joint Pre-Trial Order Attachment E-2**

25. Mentioning or calling any witness, expert, or fact, whose identity, address and/or substance of testimony has not been properly and timely disclosed in response to discovery requests or that has not been disclosed in accordance with the Federal Rules of Civil Procedure and any applicable Orders governing this litigation.

    SUSTAINED _____ OVERRULED_____

26. Referencing or making disparaging remarks including use of the terms "criminals," "greedy," "liars," "frauds," "cheats," "fakers," "imposters," or any inference that Defendants manufactured or generated evidence, for the reason that said terms and allegations have been held to be improper and prejudicial appeals to the passions and sympathies of the Jury.

    SUSTAINED _____ OVERRULED_____

27. Mentioning or asking any questions regarding any settlement demands, offers, or negotiations between Plaintiffs and Defendants in an effort to resolve this dispute. Fed. R. Evid. 403, 408.

    SUSTAINED _____ OVERRULED_____

28. Making any statement which could be considered a plea to gender, race, ethnicity, or age unity because the same is irreparably prejudicial and incurable by instruction.

    SUSTAINED _____ OVERRULED_____

29. Mentioning or referencing any media coverage of lawsuit or issues regarding lawsuit for the reason that such evidence is wholly speculative, "substantially outweighed" by the danger of unfair prejudice, confuses the issues, misleads the Jury, causes delay, and because such information is not relevant to any issue in this case. Fed. R. Evid. 401, 402, 403.

    SUSTAINED _____ OVERRULED_____

30. Mentioning, referencing, or introducing evidence of any prior action and/or omission on the part of Defendants that is not directly related to the incident and allegations at issue. Fed. R. Evid. 407.

    SUSTAINED _____ OVERRULED_____

31. Mentioning, referencing, or introducing evidence of any subsequent remedial measures or actions for the reason that the same is not admissible on the issues of negligence or culpable conduct in connection with the event. Fed. R. Evid. 407.

    SUSTAINED _____ OVERRULED_____

32. Plaintiffs' counsel cannot seek to elicit any opinions from Plaintiffs' experts that have not previously been disclosed in such expert reports.

    SUSTAINED _____ OVERRULED_____

33. Any opinion evidence offered by Plaintiffs' expert regarding punitive damages should be excluded because it will not assist the Jury. Furthermore, testimony about the impact on Defendants of punitive damage awards should be excluded because Plaintiffs' witness lacks the required expertise and the testimony would be speculative. Such evidence would also be unfairly prejudicial. Fed. R. Evid. 702 and 403.

    SUSTAINED _____ OVERRULED_____

34. Any inquiry of the Jury panel as to whether they could award damages in any specific amount or in any specific range because it would be improper to exclude any juror based upon some supposed reluctance to award a sum of money unilaterally established by Plaintiffs' counsel, particularly in the absence of having heard any testimony.

    SUSTAINED _____ OVERRULED_____

35. That no statements or appeal be made to the Jury invoking it to be the conscience of the community in this case with respect to this verdict or that the Jury should do something by its verdict to make the community proud. Such statements suggest to the Jury that it should rule on matters not relevant to the case at bar and that some award of damages is

expected. *Westboro v. Gen. Tire & Rubber Co.*, 754 F.2d 1233 (5th Cir. 1985).

SUSTAINED _____ OVERRULED_____

36. Mentioning, referencing, or introducing any evidence of alleged legal duty issues for the reason that the existence and scope of any legal duty is a legal issue for the Court, would serve to confuse the Jury, and would be unfairly prejudicial. Fed. R. Evid. 403.

SUSTAINED _____ OVERRULED_____

37. Mentioning, referencing, or introducing any evidence, documents, or exhibits that Plaintiffs' counsel failed to timely produce to Defendants and/or failed to list on Plaintiffs' list of exhibits filed prior to the first day of trial. Any reference to documents not previously produced would seriously hinder Defendants' ability to defend against Plaintiffs' claims. Such improper references could not be cured by objections of counsel or instructions by the Court.

SUSTAINED _____ OVERRULED_____

38. Mentioning, referencing or showing to the Jury any exhibit or document that has not been previously tendered to the court and a ruling obtained as to its admissibility. The Court should prohibit reference to any such evidence, even if relevant, unless the Court has found that its probative value is not substantially outweighed by its prejudicial effect. Fed. R. Evid. 403; *Lohrmann v. Pittsburgh Coming Corp.*, 782 F.2d 1156, 1160 (4th Cir. 1986); *Daskarolis v. Firestone Tire & Rubber Co.*, 651 F.2d 937, 940 (4th Cir. 1981); *Jackson v. Johns-Manville Sales Corp.*, 727 F.2d 506, 531 (5th Cir. 1984), cert. denied, 478 U.S. 1022 (1986).

SUSTAINED _____ OVERRULED_____

39. Any attempt during voir dire or opening statement to detail the evidence which Plaintiffs intend to offer, or to read or describe in detail the documents Plaintiffs propose to offer, or anything else that seeks to place matters before the Jury without the Court having an opportunity to examine the admissibility of the same.

SUSTAINED _____ OVERRULED_____

40. Mentioning any action by the Court in ruling upon any matter prior to the actual trial of this case or that the pleadings or other matters filed by Defendants were in a particular form, had a particular title, or were of a particular nature.

    SUSTAINED _____ OVERRULED_____

41. Mentioning that this or any other motion in limine has been filed and/or granted in whole or in part. Fed. R. Evid. 401, 403.

    SUSTAINED _____ OVERRULED_____

42. No mention or comment that Plaintiffs or Plaintiffs' counsel have been required to incur expenses to bring this suit. Such information is not relevant and would result in prejudice to Defendants.

    SUSTAINED _____ OVERRULED_____

43. No mention, comment, testimony or argument that the Jury panel or the juror should "do unto others as you would have them do unto you," should apply the "Golden Rule," or other similar references or comments.

    SUSTAINED _____ OVERRULED_____

44. No mention, comment, testimony, or argument that the Jury should attempt to "send a message" or any other such language which is calculated to have the Jury assess the damages based upon an emotional response and not upon the evidence and the Court's charge. Such could result in prejudice to Defendants.

    SUSTAINED _____ OVERRULED_____

45. Any exhibit previously objected to until such time as the Court rules on Defendants' objections.

    SUSTAINED _____ OVERRULED_____

46. Plaintiffs, Plaintiffs' witnesses, lay and expert, and Plaintiffs' counsel are to refrain from any reference or comment, regarding evidence or testimony from any individual not properly designated.

    SUSTAINED _____ OVERRULED_____

47. Plaintiffs, Plaintiffs' witnesses, lay and expert, and Plaintiffs' counsel are to refrain from any reference, comment, evidence or testimony regarding exhibits not designated to be offered against Defendants in this matter.

    SUSTAINED _____ OVERRULED_____

48. Any request or solicitation for any agreement, stipulation, or understanding from Defendants, their witnesses or counsel, in the presence of the Jury.

    SUSTAINED _____ OVERRULED_____

49. Any reference or statements consisting of commentaries that may have been added to any videotaped depositions. Defendants move this Court to instruct opposing counsel not to include any commentary to any written or videotaped deposition, but to offer only the questions and answers of the witnesses.

    SUSTAINED _____ OVERRULED_____

**FOLEY & LARDNER LLP**

By: */s/ James G. Munisteri*

**James G. Munisteri**
Texas Bar No. 14667380
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jmunisteri@foley.com

**Sara Ann Brown**
Texas Bar No. 24075773
2021 McKinney, Suite 1600
Dallas, Texas 75201-3340
sabrown@foley.com

**Attorneys for Defendants David W. Kent Jr. and Single Integrated Operations Portal, Inc. d/b/a Oilpro and Oilpro.com**

4843-1001-3626.3