IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc.,<br><br>  Plaintiffs,<br><br> vs.<br><br>David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro, et. al.,<br><br>  Defendants.<br><br>Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com,<br><br>  Counter-Plaintiff,<br><br> vs.<br><br>DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc.,<br><br>  Counter-Defendants. | Civil Action No: 16-1670 |

## Defendants Rule 104 Motion on Johnson Testimony

 Defendants David W. Kent Jr. and Single Integrated Operations Portal Inc. ("Oilpro") ask this Court to strike from the plaintiffs' witness list plaintiffs' expert witness Dr. Shane Johnson, and preclude him from testifying at the trial, because: (a) he will provide no fact testimony, (b) his expert testimony is immaterial, (c) his expert testimony is not competent. David Kent and Oilpro hereby renew, and incorporate by reference, the prior *Motion to*

1

*Strike Plaintiffs' Expert Shane Johnson* (Doc. 232). Alternatively, Defendants request that the Court set this motion for an evidentiary hearing in advance of trial at which Defendants and the Court may question Johnson regarding his opinions.

### A. Johnson will provide no fact testimony.

Plaintiffs list Dr. Shane Johnson as an "expert" witness only. His expert report is in the record (Doc. 232 – Ex. G-1). Johnson is not a fact witness.

### B. Johnson's expert damages opinion is immaterial.

As explained in the *Pre-Trial Brief of Oilpro and David Kent,* submitted with the joint pre-trial order, Johnson's expert damages opinion is immaterial.

Plaintiffs seek three categories of damages. One category is the investigation and remediation costs regarding harm to their computer systems and data. Johnson testified he has no opinion on those damages (Doc. 232 – Ex. G at 30-31).

Another category is *"actual loss"* from the alleged misappropriation of trade secrets. In that regard, Johnson purports to calculate a "fair market value" of the resume data David Kent downloaded—namely, the value that Johnson says a reasonable investor would have assigned to that data (Doc. 232 – Ex. G-1 ¶ 26). As discussed in the pretrial brief, that value is not a material issue because there is no evidence that Rigzone actually lost any value to the resume data that Kent obtained (Doc. 232 at 21-22). As undisputed deposition testimony of Plaintiffs' witnesses shows, Rigzone continued

to use the data and its customers were unaware of the data breach. Neither Plaintiffs (through their corporate representative on damages), nor the designated expert witness Johnson, ever evaluated the actual value of the resume database and whether the actual value changed after the events underlying this suit. So Rigzone suffered no injury—no lost profits and no diminution in the value of its database. Thus, Johnson's calculated "fair market value" of the information David Kent had obtained is immaterial; that "value" does not represent an "actual loss" to Rigzone for any purpose, under any cause of action asserted.

Johnson's testimony as to *unjust enrichment*—the other category of damages the Plaintiffs seek—is immaterial for a similar reason. It is undisputed that neither Oilpro nor David Kent made any actual profits or acquired any actual financial gain from the data that David Kent downloaded. Therefore, Johnson calculated, for "unjust enrichment" damages, a *potential* seven-year income stream—i.e., profits Oilpro *might* have earned had it continued in business for several years—which it didn't (Doc. 232 – Ex. G-1 ¶¶ 37, 51, 52, 57). Johnson admits he did not calculate the actual profits of either defendant (Doc. 232 – Ex. G at 15). So that opinion is immaterial, too.

C.  **Johnson's "fair market value" opinion is not competent.**

As is explained in the defendants' *Motion to Strike Plaintiffs' Expert Shane Johnson* (Doc. 232), Johnson's expert damages testimony on "fair market value" of the data obtained is properly excluded as not competent.

3

First, Johnson bases his opinions on false factual assumptions. "Expert testimony that ignores existing data and is based on speculation" or that "contains 'elementary' error is not helpful" and is not admissible. Fed. R. Evid. 702 advisory committee notes 2000; *see Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 389 (5th Cir. 2009) (holding that expert opinion based on "insufficient, erroneous information," fails the reliability standard).

Johnson's expert testimony assumes what he admits are incorrect facts about an issue material to his damages theory: the number of resumes David Kent downloaded and the number of persons "converted to Oilpro members." He testified:

> Q. Did you do anything, other than take that number at face value, to determine whether [796,000] was the correct number of resumes downloaded or not?
>
> A. No, that number is from the criminal and civil complaints.
>
> . . .
>
> Q. My question is did you do anything, other than take at face value the 796,000 number?
>
> A. No.
>
> . . .
>
> Q. Dr. Johnson, am I correct that you accepted at face value the approximately 111,000 estimate that was given to you?
>
> A. Yes . . .
>
> . . .
>
> Q. Did you do any diligence whatsoever to determine whether 111,000 is true or not true?

>   A.   No.
>
>   Q.   And then subsequent to the number that the DOJ gave, you know that in the record Mr. Kent actually testified that number is incorrect? That's what you just said?
>
>   A.   Yes.
>
>   Q.   And you did [ ] nothing to find out which number was correct, 22,000 or 111,000, did you?
>
>   A.   Correct.
>
>   Q.   You accepted the 111,000 or over 111,000 at face value, right?
>
>   A.   Correct.

(Doc. 232 Ex. G [Johnson Dep.] at 107-10, 112). He also relied on a *forecast of projected revenues* without verifying the assumptions underlying that forecast. His opinion based on "completely unsubstantiated factual assertions" are inadmissible because the "existence of sufficient facts" to support an expert's opinion "is in all instances mandatory." *Hathaway v. Bazany*, 507 F.3d 312, 318-19 & n.4 (5th Cir. 2007). "A district court should not admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Sun Ins. Mktg. Network, Inc. v. AIG Life Ins. Co.*, No. 8:01-CV-2302-T-30MSS, 2003 WL 1738838, at *3 (M.D. Fla. Mar. 27, 2003) (citations omitted).

A court must exclude expert opinions based on false "facts" or assumptions. A court may not properly ignore such flaws in the expert opinion "with the shorthand remark that the jury will give it the weight it deserves." *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 569 (D.C. Cir. 1993); *accord*

5

*Group Health Plan, Inc. v. Philip Morris Inc.*, 188 F. Supp. 2d 1122, 1134 (D. Minn. 2002) (same).

Second, Johnson uses no reliable methodology for calculating "fair market value" damages. Among other things, he concedes his methodology is unique—has not previously been used by anyone, ever tested, or subjected to peer review—and that he did not determine what any company in the real world would actually pay for resume data like this (Doc. 232 at 25-27). He relied on other unreliable projections and suppositions—e.g., the extent to which the value of companies like Rigzone derives from the number of resumes in their database—as opposed to the efficiency of the on-line platform or the services provided (Doc. 232 at 27-31).

Pursuant to Federal Rule of Evidence 104, the Defendants ask this Court to strike from the plaintiffs' witness list plaintiffs' expert witness Shane Johnson or, alternatively, set this motion for an evidentiary hearing in advance of trial at which Defendants and the Court may question Johnson regarding his opinions.

Respectfully Submitted,

**FOLEY & LARDNER LLP**

By: */s/ James G. Munisteri*
    **James G. Munisteri**
    Texas Bar No. 14667380
    1000 Louisiana, Suite 2000
    Houston, Texas 77002-2099
    Telephone: (713) 276-5500
    Facsimile: (713) 276-5555
    jmunisteri@foley.com

    **Sara Ann Brown**
    Texas Bar No. 24075773
    2021 McKinney, Suite 1600
    Dallas, Texas 75201-3340
    sabrown@foley.com

    **Attorneys for Defendants David W. Kent Jr. and Single Integrated Operations Portal, Inc. d/b/a Oilpro and Oilpro.com**

## Certificate of Conference

I certify that I conferred with Plaintiffs' counsel regarding the relief requested herein, and counsel cannot agree about the disposition of the motion.

*/s/ James G. Munisteri*
James G. Munisteri

## Certificate of Service

I certify that April 17, 2020, I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ James G. Munisteri*
James G. Munisteri
