## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro, et. al., <br><br> Defendants. <br>————————————————<br> Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Counter-Defendants. | No: 16-cv-01670 |

### Defendants' Objections to Plaintiffs' Proposed Voir Dire Questions

Pursuant to the Court's Trial Setting Order, Defendant David W. Kent, Jr. and Defendant/Counter-Plaintiff Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com ("Oilpro") submit the following objections to Plaintiffs' voir dire questions for use at the trial of this matter.

Oilpro and David Kent respectfully request that the Court strike the following Voir Dire questions:

Oilpro and David Kent object to Question 18 (a), which states:

18. Have you ever signed, or been asked to sign, a confidentiality agreement, non-compete agreement, or nondisclosure agreement?

    a. Does anyone believe that employees or business associates should not have to sign or comply with these types of agreements?

Question 18(a) improperly infringes on the Court and its instructions to the jury and suggests that restrictive covenants and nondisclosure agreements may not be enforceable. This question should be revised to delete Question 18(a), but counsel can still ask panel members follow-up questions without saying or suggesting that such agreements are potentially unenforceable.

Oil Pro and David Kent object to Question 23, which states:

23. Defendant David Kent was charged with and pled guilty to a federal crime for the conduct that provides the basis of this civil lawsuit. Does anyone believe that because he has already been convicted of a federal crime, the Plaintiffs in this case should not be allowed to seek their full damages in this lawsuit?

Oilpro and David Kent do not have an objection to Question 23, per se. However, Plaintiffs argue that Oilpro and David Kent should be prohibited from introducing evidence regarding the approximately $3.3 million restitution payment that David Kent has already paid to Plaintiffs. But Plaintiffs cannot have it both ways: they cannot on the one hand impugn the credibility of David Kent, yet on the other hand prohibit David Kent from introducing evidence of the restitution that underscores David Kent's remorse. If Plaintiffs are permitted to

2

ask question 23, Oilpro and David Kent should be permitted to ask the following follow up question:

> As part of his plea, David Kent paid $3.2 million in restitution to Plaintiffs to compensate them for the harm that he caused. Does anyone believe that because he has already paid restitution and served time, David Kent should pay additional amounts of punitive damages to punish him for the harm he caused to Plaintiffs?

Oilpro and David Kent object to Question 29, which states:

> 29. The law provides in some circumstances that even if a defendant has only taken a copy of something such that the rightful owner could still use the original, it may still be obligated to pay for the value of what was taken. Is anyone unable to award damages if Plaintiffs cannot show that they lost sales or that a defendant made money from their actions?

Question 29 is misleading and misstates the law, and therefore, should not be posed to the jury. Under TUTSA a plaintiff may recover "actual loss" as well as "unjust enrichment" "caused by" misappropriation, or in lieu of either, may recover reasonable royalty. Plaintiffs do not seek reasonable royalty—just actual loss and unjust enrichment damages.

The value that a reasonably prudent investor would have paid for the trade secret is only appropriate as "actual loss" damages (if at all) if the defendant, by appropriating the trade secret, caused the plaintiff to lose some or all of the "fair market value" of the secret. That didn't happen here. This is not a case when, because the defendant revealed the trade secret to the public, the trade secret's value is now $0. In such a case, the market value of that trade secret, measured at

the time it was misappropriated, is the sum by which its value diminished. *See Precision Plating & Metal Finishing, Inc. v. Martin–Marietta Corp.*, 435 F.2d 1262 (5th Cir. 1970) (holding that it was proper to use a "reasonable investor" measure of damage because the defendant had "made such public disclosure of the [secret] process as to amount to a complete destruction of the value of the process.")

Plaintiffs cannot prove an "actual loss" that will justify submission of the "reasonable investor" standard. Rigzone continued to possess and derive revenue from its entire resume database. Nothing was actually lost. Regardless of whether the subset of resumes David Kent downloaded have market value, the question is whether Rigzone actually lost market value in the information that Rigzone continued to use and profit from. The answer is "no." There is no proof that the market value of Rigzone's resume database was any lower after David Kent's actions than it was before his actions. To the contrary, all the witnesses agree that they know of no lost customers or any customers who paid less for their subscriptions due to events in this case. And, there is no proof that the value of Rigzone decreased or that the value of the resume database decreased as a result of David Kent's actions.

In short, Question 29 misstates the law and is therefore an improper question to ask during voir dire.

4

Respectfully Submitted,

**FOLEY & LARDNER LLP**

By:   */s/ James G. Munisteri*
           **James G. Munisteri**
           Texas Bar No. 14667380
           1000 Louisiana, Suite 2000
           Houston, Texas 77002-2099
           Telephone: (713) 276-5500
           Facsimile: (713) 276-5555
           jmunisteri@foley.com

           **Sara Ann Brown**
           Texas Bar No. 24075773
           2021 McKinney, Suite 1600
           Dallas, Texas 75201-3340
           sabrown@foley.com

           and

           **HAYNES AND BOONE, LLP**

           **Lynne Liberato**
           State Bar No. 00000075
           Southern District Bar No. 3072
           **Kent Rutter**
           State Bar No. 00797364
           Southern District Bar No. 20519
           1221 McKinney, Suite 2100
           Houston, Texas 77010-2007
           Telephone: (713) 547-2000
           Facsimile: (713) 547-2600
           lynne.liberato@haynesboone.com
           kent.rutter@haynesboone.com

           **Attorneys for Defendants**
           **David W. Kent Jr. and Single**
           **Integrated Operations Portal, Inc.**
           **d/b/a Oilpro and Oilpro.com**