IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro, et. al., <br><br> Defendants. <br><br> Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc., <br><br> Counter-Defendants. | Civil Action No: 16-1670 |

## Defendants' Trial Brief – Unrelated "Bad Acts"

This Court should not admit evidence of unrelated "bad acts" by the Defendants—e.g., the so-called "Trojan horse project" (a proposal never pursued) and other alleged business practices. This type of evidence is inadmissible under Rule 404: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

1

While Rule 404(b) does not exclude evidence considered "intrinsic" to the case, that description does not fit the evidence Plaintiffs seek to admit. *See United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010). "Other act" evidence is "intrinsic" when it is "inextricably intertwined" with the "crime charged," "both acts are part of a 'single criminal episode,'" or the other acts were "necessary preliminaries" to the crime charged and "complete the story of the crime." *Id.* The same rationale applies in a civil case. *See Waste Management of Louisiana LLC v. River Birch, Inc.*, 920 F.3d 958, 967-68 (5th Cir. 2019) (RICO case) (citing *Elliot v. Turner Constr. Co.*, 381 F.3d 995 (10th Cir. 2004) (evidence admissible in a negligence case because it was "part of the same tortious event" and illustrated events leading plaintiff's injuries)).

As the joint pretrial order explains, Plaintiffs seek damages allegedly arising from Defendants' actions in accessing Plaintiffs' resume database without permission. Plaintiffs' contentions are limited:

> . . . that starting in October 2013, and continuing in 2014 and 2015, David Kent accessed Rigzone.com, downloaded hundreds of thousands of resumes from the website, and then used email addresses listed on those resumes to invite persons to become members of Oilpro.com. DHI and Rigzone . . . allege . . . that the resumes downloaded were Rigzone's trade secrets and confidential or proprietary information.

(Doc. 290 at 4). Plaintiffs' more specific contentions expand on the above as the operative facts supporting their claims (Doc. 290 at 8-12).

At most, the evidence that Plaintiffs seek to admit may show a general antipathy toward Plaintiffs. It is not part of the "same tortious event" of accessing Rigzone.com and downloading resumes. *See Waste Management*, 920 F.3d at 967-68.

Nor is such evidence admissible under Rule 404 "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Plaintiffs do not offer this evidence for any more limited purpose. Indeed, "[t]he circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay." Fed. R. Evid. 404 advisory committee notes (2006 amendments).

This evidence is not admissible as character evidence, either. Rule 404(a) states: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Rule 404(a) was amended in 2006 "to clarify that in a civil case evidence of a person's character is *never* admissible to prove that the person acted in conformity with the character trait." Fed. R. Evid. 404 advisory committee notes (2006 amendments) (emphasis added).

Finally, these matters not only are inadmissible under Rule 404, but they are properly excluded under Rule 403: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . .

3

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time . . . ." Fed. R. Evid. 403. The proposed evidence creates an obvious danger of unfair prejudice and confusing the issues.

For example, Plaintiffs may not try to prove Kent's general antipathy as to DHI and Rigzone or some general intent to harm them. With regard to liability, the relevant "state of mind" issue is "malice," but the statutes define that issue narrowly. Under TUTSA, the issue is "willful and malicious misappropriation"—i.e., malice in the specific acts of misappropriation. Tex. Civ. Prac. & Rem. Code § 134A.004(b). For common law torts, Plaintiffs must prove "that the harm with respect to which the claimant seeks recovery of exemplary damages results from . . . malice." *Id.* § 41.003. In other words, the malice must relate to Kent's conduct in causing the harm, not to other conduct. Evidence of the so-called "Trojan horse project" (an internal idea never implemented) or other general business practices is therefore inadmissible.

Should this Court admit this evidence, the Court should instruct the jury as to its proper scope, and limit their consideration of the evidence solely to those issues for which this Court admits it. Fed. R. Evid. 104 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). Defendants alternatively request such a limiting instruction here.

4

5

Respectfully submitted,

**FOLEY & LARDNER LLP**

By:  */s/ James G. Munisteri*
    **James G. Munisteri**
    Texas Bar No. 14667380
    1000 Louisiana, Suite 2000
    Houston, Texas 77002-2099
    Telephone: (713) 276-5500
    Facsimile: (713) 276-5555
    jmunisteri@foley.com

    **Sara Ann Brown**
    Texas Bar No. 24075773
    2021 McKinney, Suite 1600
    Dallas, Texas 75201-3340
    sabrown@foley.com

    **Attorneys for Defendants**
    **David W. Kent Jr. and Single**
    **Integrated Operations Portal, Inc.**
    **d/b/a Oilpro and Oilpro.com**

## Certificate of Service

I certify that on **November 4, 2020**, I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notice of this filing to all counsel of record in this case.

*/s/ James G. Munisteri*
James G. Munisteri