UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., et al., <br><br> Defendants. | Civil Action No. 16-1670 |

## Defendants' Motion for Supplemental Jury Questionnaire or Voir Dire

Before restarting the trial, Defendants ask that this Court determine, through a supplemental written jury questionnaire, whether the jurors remain qualified to serve and render a verdict after the extended recess. A proposed supplemental questionnaire is attached as Exhibit A. In the alternative, Defendants request that the questions on the questionnaire, or substantially similar ones, be asked of the jurors during additional voir dire before trial resumes.

During the four-month recess in this case, it is entirely possible that—

- one or more or the jurors has learned information about the case, the subject matter, or the participants—for example, by accessing employment or energy-industry websites or conducting internet searches bearing on the subject matter of the case;

- one or more jurors has communicated about the case with a participant, such as another juror;

- jurors or their immediate family members have become employed in a job that prevent them from rendering a fair verdict;

- one or more jurors lost their ability to recall the testimony of two key witnesses in the case—Defendant David W. Kent, Jr. and Chad Norville—and would improperly rely on note-takers or the characterizations of testimony offered by others, *see United States v. Maclean*, 578 F.2d 64, 66 (3d Cir. 1978); and/or

- one or more jurors have failed to follow the Court's instructions during the lengthy recess, or know of other jurors who failed to do so.

The test for determining whether the court adequately questioned prospective jurors regarding potential bias is whether "the means employed to test impartiality have created a reasonable assurance that prejudice would be discovered if present." *United States v. Saimiento-Rozo*, 676 F.2d 146, 148 (5th Cir. 1982). The short supplemental jury questionnaire attached as Exhibit A would accomplish this necessary task. Defendants therefore request that the jurors be directed to complete the questionnaire or answer substantially similar questions orally.

## Request for Relief

Defendants respectfully request that the Court direct the jurors to complete the short, written jury questionnaire attached as Exhibit A before restarting the trial—i.e., before any opening statements of counsel, summaries of prior testimony, or introduction of new testimony. Alternatively, Defendants request that substantially similar questions be asked of the jurors orally during additional voir dire before trial resumes.

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ James G. Munisteri*
James G. Munisteri
Texas Bar No. 14667380
S.D. Tex. Bar No. 7294
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
jmunisteri@foley.com
Tel:     713.276.5500
Fax:     713.276.5555

Sara Ann Brown
Texas Bar No. 24075773
2021 McKinney, Suite 1600
Dallas, Texas 75201-3340
sabrown@foley.com

and

**HAYNES AND BOONE LLP**

Lynne Liberato
Texas Bar No. 00000075
S.D. Tex. Bar No. 3072
Kent Rutter
Texas Bar No. 00797364
S.D. Tex. Bar No. 20519
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
lynne.liberato@haynesboone.com
kent.rutter@haynesboone.com
Tel:     713.547.2000
Fax:     713.547.2600

**Attorneys for Defendants**

## Certificate of Conference

I certify that I conferred with counsel for the plaintiffs regarding the relief this motion requests, and the parties could not reach agreement. Counsel for the plaintiffs indicated that plaintiffs would oppose this request for relief.

*/s/ James G. Munisteri*
James G. Munisteri
