IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc.,<br><br>  Plaintiffs,<br><br>vs.<br><br>David W. Kent, Jr., Single Integrated Operations Portal, Inc. d/b/a Oilpro, et. al.,<br><br>  Defendants.<br><hr>Single Integrated Operations Portal, Inc. d/b/a Oilpro and OILPRO.com,<br><br>  Counter-Plaintiff,<br><br>vs.<br><br>DHI Group, Inc. f/k/a Dice Holdings Inc. and RIGZONE.com, Inc.,<br><br>  Counter-Defendants. | Civil Action No. 16-1670 |

**Defendants' Trial Brief on Ownership of Resume Database**

Defendants submit this trial brief because the ownership of the résumé database is an issue that pervades the jury charge. Specifically, Plaintiffs' incorrect position that DHI was an owner of the résumé database would require additional questions and answer blanks with respect to numerous claims—including TUTSA, common-law misappropriation, breach of fiduciary duty, and RICO.

As shown below, the database was owned solely by Rigzone.

## I. Under Texas law, DHI does not own the assets of its subsidiary, Rigzone.

Before the alleged misappropriation, David Kent sold Rigzone's stock, not its assets, to DHI.[1] Therefore, the entity that owned the résumé database has always been Rigzone, not DHI.[2]

Under Texas law, even "a sale of all the stock in a corporation does not constitute a sale of the corporation's assets."[3] Because "the corporation itself holds the assets, including its causes of action," even a 100% owner "may not sue in [its] own name and for [its] own benefit on a cause of action belonging to the corporation, even if that shareholder is indirectly injured."[4]

---

[1] Transcript of Jury Trial, Nov. 13, 2020, at 92, 106; PX5.

[2] *E.g.,* Doc. 236 at 12 (complaint); DX39 (Rigzone's terms and conditions, state that "The Site, including all pages within and all code related thereto, is the property of Rigzone.com, Inc."); Transcript of Jury Trial, Nov. 13, 2020, at 105 (testimony that Rigzone, not DHI, owned "the résumé file cabinet"), 107 (DHI purchased stock, not "any of the résumés in the file cabinet or the whole file cabinet").

[3] *Docudata Recs. Mgmt. Servs., Inc. v. Wieser*, 966 S.W.2d 192, 197 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

[4] *Lujan v. Navistar, Inc.*, 503 S.W.3d 424, 432 (Tex. App.—Houston [1st Dist.] 2016), *rev'd in part on other grounds*, 555 S.W.3d 79 (Tex. 2018).

This precludes DHI from recovering under any theory for the alleged misappropriation of the résumés or résumé database, for the reasons the Texas Supreme Court explained in *Wingate v. Hajdik*. In *Wingate*, as in this case, the sole shareholder of a corporation (here, DHI) sued a former shareholder for misappropriating the assets of the corporation (here, Rigzone).[5] The court rejected the claim of the sole owner, holding that the claim "indisputably belongs to [the corporation], and [its current owner] is not entitled to recover personally."[6] The Texas Supreme Court reaffirmed this holding in 2015 in *Sneed v. Webre*.[7] Thus, the owner of a corporation "cannot recover personally for misappropriation of corporate assets."[8]

## II. Federal cases are in accord.

Although the ownership issue here is governed by Texas law, federal cases are in accord. "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities."[9] The Supreme Court therefore held in *Dole Food Co. v. Patrickson* that "[a] corporate parent which owns the shares of a subsidiary [DHI] does not, for that reason alone, own or have legal title to the assets of the subsidiary

---

[5] 795 S.W.2d 717, 719 (Tex. 1990).

[6] *Id.*

[7] 465 S.W.3d 169, 188 (Tex. 2015) ("shareholders have no individual or direct claims for injuries to the corporation").

[8] *Argo Data Res. Corp. v. Shagrithaya*, 380 S.W.3d 249, 272 (Tex. App.— Dallas 2012, pet. denied).

[9] *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003).

[Rigzone]."[10] The Fifth Circuit has likewise held that "[a] purchase of stock in a corporation . . . does not constitute the purchase of the corporate assets."[11]

### III. The rule applies to all corporate assets, including trade secrets.

Defendants are aware of only one case addressing this issue with respect to trade secrets under the trade-secret law that governs here, the pre-2017 version of TUTSA. In *St. Jude Medical S.C., Inc. v. Janssen-Counotte*, the trade-secret plaintiff was St. Jude S.C., "the U.S. sales and marketing arm of the global medical technology company, St. Jude Medical, Inc."[12] Judge Sam Sparks held that "it has not [been] shown [that] the plaintiff entity, St. Jude S.C, actually owned [the] trade secrets. Instead St. Jude S.C. broadly claims the Strat Plan without making clear which of the many sub-entities of the complex St. Jude Inc. corporate structure is the actual proprietor of which portions."[13]

Likewise, here DHI cannot assert trade-secret claims because Rigzone is the "proprietor" of the Rigzone database. DHI was merely a holding company; it did not use the database, operate the database, or maintain the database. The sole owner of Rigzone's database is Rigzone.

To grant DHI ownership rights in any Rigzone asset—including a trade secret—would fly in the face of *Wingate*. There, the Texas Supreme Court explained why it is

---

[10] *Id.* at 475.
[11] *Engel v. Teleprompter Corp.*, 703 F.2d 127, 131 (5th Cir. 1983).
[12] No. A–14–CA–877–SS, 2014 WL 7237411, *1 (W.D. Tex. Dec. 17, 2014).
[13] *Id.* at *15.

necessary to strictly prohibit a corporation's owner (like DHI) from claiming ownership of the assets of its wholly owned corporation (like Rigzone). Were that allowed, the Texas Supreme Court explained, the owner's suit could perversely "bar a subsequent suit by the corporation" that legally owns the asset.[14] The correct approach, the court explained, is to allow the action to be brought only by the corporation that owns the asset, "in order that the damages so recovered may be available for the payment of the corporation's creditors, and for proportional distributions to the stockholders as dividends, or for such other purposes as the directors may lawfully determine."[15] As applied here, any proceeds from the misappropriation claim belong solely to Rigzone, so those proceeds will be "available for the payment of [Rigzone's] creditors" without being siphoned off in this litigation by DHI.

---

[14] 795 S.W.2d at 719.

[15] *Id.*

Respectfully submitted,

**FOLEY & LARDNER LLP**

/s/ James G. Munisteri
James G. Munisteri
Texas Bar No. 14667380
S.D. Tex. Bar No. 7294
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
jmunisteri@foley.com
Tel: 713.276.5500
Fax: 713.276.5555

Sara Ann Brown
Texas Bar No. 24075773
2021 McKinney, Suite 1600
Dallas, Texas 75201-3340
sabrown@foley.com

and

**HAYNES AND BOONE, LLP**

Lynne Liberato
Texas Bar No. 00000075
S.D. Tex. Bar No. 3072
Kent Rutter
Texas Bar No. 00797364
S.D. Tex. Bar No. 20519
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
lynne.liberato@haynesboone.com
kent.rutter@haynesboone.com
Tel: 713.547.2000
Fax: 713.547.2600

**Attorneys for Defendants**

## Certificate of Service

I certify that on March 22, 2021, I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

                                       */s/ James G. Munisteri*
                                          James G. Munisteri