UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., et al., <br><br> Defendants. | Civil Action No. 16-1670 |

## Oilpro and David W. Kent, Jr.'s Motion for Judgment and Application of Restitution Offset

Defendants Single Integrated Operating Portal, Inc. d/b/a Oilpro ("Oilpro") and David W. Kent, Jr. ("David Kent")[1] move for judgment to be entered in the form attached as **Exhibit 1** to this filing.

Plaintiffs are not entitled to any recovery in this action. Oilpro prevailed on all claims asserted by Plaintiffs. And, as for Plaintiffs' claims asserted against David Kent, the damages awards ($3,003,036.90 under TUTSA, or $2,506,350 under common-law misappropriation)[2] are less than the

---

[1] Plaintiffs agreed to entry of judgment under Rule 50 as to Oilpro, prior to the Court's submission of questions and instructions to the jury. *See* Docket No. 364.

[2] Plaintiffs cannot, of course, recover on both claims. While the parties have disagreed about some aspects of TUTSA preemption, there has been no dispute that TUTSA preempts a common-law misappropriation claim under the circumstances here, where the jury has found that the materials at issue are trade secrets. *See* Docket No. 360 at 14-15; Tex. Civ. Prac. & Rem. Code § 134A.007(a); *C&M Oilfield Rentals, LLC v. Location Illuminator Techs.*, LLC, No. PE:18-CV-00039-DC-DF, 2020 WL 5745833, at *8 (W.D. Tex. Aug. 3, 2020), *report and recommendation adopted*, No. P:18-CV-039-DC, 2020 WL 7012008 (W.D. Tex. Sept. 30, 2020); *AMID, Inc. v. Medic Alert Fdn. United States, Inc.*, 241 F. Supp. 3d 788, 825-27 (S.D. Tex. 2017).

$3,292,800.00 in restitution that Kent has already paid. A copy of the Superseding Information from the criminal case is attached as **Exhibit 2, along with the** restitution order (**Exhibit 3**) and a copy of the wire-payment confirmation (**Exhibit 4).**

Plaintiffs have repeatedly acknowledged, consistent with applicable law and comments by Magistrate Judge Johnson earlier in this case, that the restitution payment must be offset against any award of TUTSA damages to avoid a double recovery. *See, e.g.*, Docket No. 360-2 at 162:19 – 163:11 (Jury Trial Day 3 Transcript); Docket No. 197 at 40:21 – 42:07 (March 20, 2018 Hearing Transcript); Docket No. 360-1 at 35:06 – 36:01 (Jury Trial Day 2 Transcript). At a March 20, 2018 hearing, in response to a comment on whether the $3.3 million restitution payment would be an offset, Magistrate Judge Johnson stated: "Of course it will." Docket No. 197 at 40:21 – 25. Counsel for Plaintiffs concurred: "we looked at it too and believe it would be as well." Docket No. 197 at 41:03 – 5. When Magistrate Judge Johnson indicated that a motion could resolve the offset issue, counsel for Defendants noted Plaintiffs' agreement stating if "we're agreed then . . . no need for me to raise that", and counsel for Plaintiffs responded: "You're right[.]" Docket No. 197 at 41:17 – 22. Plaintiffs even mentioned the application of the restitution as an offset to the Jury in their closing argument and requested a specific instruction regarding "No Risk of Double Recovery" in the jury charge. (March 25, 2021 Transcript [rough] 66:23 – 67:05); Docket No. 367 at 10 – 11.

Applying the restitution amount as an offset to the Jury's damage award is indeed what the one-satisfaction rule requires. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991) ("The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury") *see also AMX Enterprises, Inc. v. Bank One, N.A.*, 196 S.W.3d 202, 206 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing *Stewart*, 822 S.W.2d at 8) (noting that whether the one satisfaction rule applies is determined not by the causes of action asserted, but by the injury sustained).

Taking the offset into account, the judgment should provide that Plaintiffs take nothing. Accordingly, Kent respectfully requests that the Court enter judgment in the form attached as **Exhibit A.**

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ James G. Munisteri*
James G. Munisteri
Texas Bar No. 14667380
S.D. Tex. Bar No. 7294
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
jmunisteri@foley.com
Tel: 713.276.5500
Fax: 713.276.5555

Sara Ann Brown
Texas Bar No. 24075773
2021 McKinney, Suite 1600
Dallas, Texas 75201-3340
sabrown@foley.com

and

**HAYNES AND BOONE LLP**

Lynne Liberato
Texas Bar No. 00000075
S.D. Tex. Bar No. 3072
Kent Rutter
Texas Bar No. 00797364
S.D. Tex. Bar No. 20519
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
lynne.liberato@haynesboone.com
kent.rutter@haynesboone.com
Tel: 713.547.2000
Fax: 713.547.2600

**Attorneys for Defendants**