IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DAVID W. KENT, JR., SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ET AL., <br><br> *Defendants.* | Civil Action No. 16-1670 |

### PLAINTIFFS' RESPONSE TO DAVID KENT'S APPLICATION FOR RESTITUTION OFFSET

In his Motion for Judgment and Application for Restitution Offset, David Kent argues "the damages awards are less than $3,292,800.00 in restitution that Kent has already paid." (ECF. 381 at 2). Mr. Kent apparently forgot to mention two stubborn facts. First, David Kent paid restitution to DHI, *not Rigzone.* Second, David Kent paid restitution for damages DHI sustained as a result of David Kent's violation of the Computer Fraud and Abuse Act, not for the damages DHI suffered as a result of David Kent's Misappropriation of Confidential Information. For these reasons and the

others set out below, the Court should deny Defendant's Application for Restitution Offset.

1. **Plaintiffs Have Always Agreed David Kent Might Be Entitled To An Offset** *Depending On The Jury's Award.*

David Kent claims "Plaintiffs have repeatedly acknowledged, consistent with applicable law and comments by Magistrate Judge Johnson earlier in this case, that the restitution payment must be offset against any award of TUTSA damages to avoid a double recovery." (ECF 381 at 2). That is not accurate. Instead, Plaintiffs have consistently acknowledged the possibility that David Kent *might* be entitled to an offset *depending on the jury's findings*. For instance, during trial, Plaintiffs counsel explained "It's undisputed that after the jury decides what the damages are in this case, this Court will reduce that award *to the extent that the law deems the award to overlap.* There is zero chance of double recovery. This Court ensures it." (11/13 Trial Tr. at 86:9-13) (emphasis added). This is consistent with the Court's instruction to the jury regarding double recovery:

> You have heard some discussion of criminal restitution being paid in this case. The Court will make a determination after a damages finding, if any, how the payment of criminal restitution *may reduce any award of damages.* Accordingly, there is *no risk that Plaintiffs will recover for the same injury twice.* You are instructed

2

>not to consider the payment of criminal restitution when evaluating any questions related to damages.

(Jury Charge at 8) (Emphasis Added). Mr. Kent nevertheless suggests Plaintiffs stipulated that Kent was entitled to a settlement credit even as to Rigzone. Plaintiffs did no such thing, and Defendants have never thought otherwise. On November 10, 2020, Kent Rutter emailed Plaintiffs' counsel and asked, "would you let me know whether you agree that all claims, except RICO, are subject to the setoff for restitution?" (November 10, 2020 Email Exchange Between Kent Rutter to Walter Lynch, attached as Ex. 1) Walter Lynch responded, "[w]e do not agree that all claims except RICO are subject to the setoff for restitution. Mr. Kent will be entitled to a settlement credit *to the extent the damages overlap*. However, we cannot tell you to what extent that may be *until we see what damages the jury awards*, if any." (*Id.*) (emphasis added).

If that were not clear enough, Jay Munisteri followed up on Mr. Rutter's email, stating "did you email Kent Rutter last night to confirm that the only 'offset complicating factor' to which you were referring was the RICO claim." (November 11, 2020 Email from Jay Munisteri to Walter Lynch, attached as Ex. 2). In response, Plaintiffs' counsel stated "My response to Mr.

3

Rutter last night speaks for itself." (*Id.*) So do these emails: Plaintiffs have always acknowledged Kent *might* be entitled to an offset *depending on the nature of the jury's award.* But Plaintiffs have *never* stipulated that David Kent would be entitled to pay Rigzone less based on restitution payments he made to an entirely different company.

### 2. David Kent Never Paid Rigzone Any Restitution

Defendants very stridently argued—over Plaintiffs' objection—that Rigzone and *only Rigzone* could own a trade secret in Rigzone's Resume Database. Defendants even filed a trial brief on this issue called "Defendants' Trial Brief on Ownership of Resume Database." (ECF 365). In it, Defendants claimed "the database was owned solely by Rigzone" and claimed "the entity that owned the résumé database has always been Rigzone, not DHI." (*Id.* at 2). Kent argued this "precludes DHI from recovering under any theory for the alleged misappropriation of the résumés or résumé database." (*Id.* at 3). Kent made the same argument in its Motion for Judgment as a Matter of Law: "If not barred for the reasons above, the claims based on misappropriation of the résumés—the TUTSA, misappropriation, and fiduciary-duty claims—may be brought only by Rigzone, not DHI." (ECF 360 at 17).

4

Consistent with the above argument, Defendants demanded—over Plaintiffs' strenuous objections—that the jury only be permitted to evaluate *Rigzone's* trade secrets claim. The Court overruled Plaintiffs' objections and adopted Defendants' proposed question regarding trade secrets. (*See* Email Chain With Ms. Alexander Related to Plaintiffs' Request for Clarification Regarding Trade Secrets Question, attached as Ex. 3).

Defendants evidently saw some strategic advantage in forcing Rigzone to prove its trade secret claim by itself. That decision, however, backfired. The jury found that David Kent misappropriated Rigzone's trade secret and awarded *Rigzone* more than $3 million in damages. This proved a costly mistake, as the jury's award of damages to Rigzone is not subject to *any* offset or settlement credit because David Kent did not pay Rigzone a single penny of restitution. Instead, he paid restitution to his victim, "DHI Group, Inc.," *not Rigzone.com, Inc.*:



        Upon the application of the United States of America, by its attorney, JOON H. KIM, Acting United States Attorney for the Southern District of New York, Sidhardha Kamaraju and Andrew K. Chan, Assistant United States Attorneys, of counsel; the presentence report; the Defendant's conviction on Count One of the above Information; and all other proceedings in this case, it is hereby ORDERED that DAVID W. KENT, the Defendant, shall pay restitution in the total amount of $3,292,800.00 to the victim of the offense charged in Count One:

| Name | Address | Amount of Restitution |
|---|---|---|
| DHI Group, Inc. ATTN: Brian P. Campbell, Vice President of Business and Legal Affairs and General Counsel | 1040 Avenue of the Americas, 8th Floor New York, NY 10018 | $3,292,800.00 |
| **TOTAL** | | $3,292,800.00 |

*See* Judgment in a Criminal Case in *United States of America v. David W. Kent*, attached as Ex. 1 to Plaintiffs' Proposed Final Judgment.

    Defendants have provided no support for their position that criminal restitution paid to a particular victim can offset civil damages awarded to a *different party*, because there is none. Moreover, a "defendant seeking a settlement credit under the one-satisfaction rule has the burden to prove its right to such a credit." *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101,

6

107 (Tex. 2018). Here, in addition to other reasons, since the restitution was paid to DHI Group, Inc., Kent cannot prove any right to any offset or settlement credit as to Rigzone.com, Inc.'s damages.

### 3. Kent Has Not Established He Is Entitled To An Offset Against Damages Awarded To DHI Based on Kent's Misappropriation Of DHI's Confidential Information.

David Kent has also not established that he is entitled to an offset against the roughly $2.5 million the jury awarded DHI for Misappropriation of Confidential Information.[1] David Kent was ordered to pay restitution to "DHI Group, Inc." based on Kent's admitted violation of the Computer Fraud and Abuse Act. This fact is reflected in the Criminal Judgment issued in David Kent's Criminal Case. And, if this were not clear enough, Kent's own lawyer told the jury David Kent paid "a substantial amount of restitution to this company [DHI]" because he "accessed computers."

---

[1] Kent argues that DHI Group, Inc.'s misappropriation of confidential information claim is preempted by TUTSA. However, the jury was not presented with a question regarding DHI Group, Inc.'s possible ownership interest in the trade secret, so DHI Group, Inc.'s misappropriation of confidential information claim cannot be preempted. Furthermore, because DHI Group, Inc.'s misappropriation of confidential information claim encompassed more than the misappropriation of Rigzone's resume database—including the misappropriation of additional confidential information such as Rigzone's Google Analytics data and customer contract information to name two—DHI Group, Inc.'s misappropriation of confidential information claim survives as something more than a claim for misappropriation of the confidential information that is the Rigzone resume database.

7

(March 15, 2021 Tr. at 33:23-25). Kent did not and has never claimed his restitution related to his misappropriation of confidential information.

Though the jury was asked whether David Kent violated the Computer Fraud and Abuse Act—which is the basis of Kent's restitution payment to DHI—it did not find any liability as to that claim, so did not award DHI any damages for that cause of action. Instead, it awarded DHI roughly $2.5 million based on its finding that Kent misappropriated DHI's confidential information. Kent's own lawyer effectively conceded that those damages do not overlap during his summation. Specifically, Jay Munisteri argued that "the Computer Fraud and Abuse Act is absolutely something [David Kent] violated, but the rest of this is just an effort to seek money from people when there was no loss." (March 25, 2021 Tr. at 131:21-23). The jury disagreed, and Mr. Munisteri's own arguments establish the damages do not overlap. Accordingly, Plaintiffs are not entitled to any offset.

>Respectfully Submitted,
>
>JORDAN, LYNCH & CANCIENNE PLLC
>
>By: /s/ *Walter Lynch*
>   **Walter Lynch**
>   State Bar No. 24046330
>   Federal ID No. 965265
>   **Amir Halevy**
>   State Bar No. 24065356
>   Federal ID No. 1259956
>   **Joseph ("Jeb") W. Golinkin II**
>   State Bar No. 24087596
>   Federal ID No. 2515657
>   1980 Post Oak Blvd., Ste. 2300
>   Houston, Texas 77056
>   713-955-4020 (Telephone)
>   wlynch@jlcfirm.com
>   ahalevy@jlcfirm.com
>   jgolinkin@jlcfirm.com

## Certificate of Service

I certify that on March 31, 2021, I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

>            */s/ Jeb Golinkin*
>            Joseph W. Golinkin II

9