IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DAVID W. KENT, JR., SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ET AL., <br><br> *Defendants.* | Civil Action No. 16-1670 |

**PLAINTIFFS' RESPONSE TO OILPRO AND DAVID W. KENT, JR.'S OBJECTIONS TO PLAINTIFFS' PROPOSED JUDGMENT**

In their Objections to Plaintiffs' Proposed Judgment, Defendants once again ignore unfavorable facts and unfavorable established law. Moreover, Defendants' claim for *$3,292,800.00* as an offset for "restitution" is not supported by the factual basis for the restitution award and ignores the fact that not only was the restitution based on Kent's plea bargain to his violation of the Computer Fraud and Abuse Act (CFAA), but also his restitution included monies specifically allocated to "costs associated with remediation and investigation of the offense." *See* Oct. 5, 2017 Letter to Judge Cote from

1

U.S. Attorney, Case 1:16-cr-00385-DLC Docket No. 53 (Attached as Ex. 1). Of course, the jury did not award either Plaintiff any such damages. Yet in addition to asserting that restitution paid to one company should be applied to an award to a separate company, Defendants are also claiming credit for restitution unrelated to either the damages awarded to Rigzone or the damages awarded to DHI.

1. **Corporate Separateness Matters.**

It is an indisputable fact that Kent paid restitution to "DHI Group, Inc.," his "victim" under the plea agreement. Neither the Declaration of Dan Cogdell, nor the other documents Defendants have attached in support of their Objections change that underlying fact, supported by the actual restitution documents.[1] No monies were paid to Rigzone.com, Inc. Kent and his criminal attorneys did not designate Rigzone.com, Inc. as a victim to which restitution would be paid. Yet despite having notice that both entities

---

[1] Specifically, the Restitution Order, attached as Ex. 1 to Plaintiffs' Proposed Final Judgment states that the monies were paid to "the victim of the offense charged in Count One: DHI Group, Inc." Moreover, the Criminal Judgment, attached as Ex. 3 to Defendants' Objections, states that "The defendant shall pay restitution in the amount of $3,292,800.00 to the victim set forth on page 6." (*See* p. 5). On page 6, the "victim" is again identified as the DHI Group, Inc.

2

sued him for civil damages, approximately fifteen months before the plea agreement, Kent agreed to pay restitution solely to DHI Group, Inc.

Now Kent wants this Court to ignore that inconvenient fact and requests that his restitution (for specific damages) to the parent corporation offset a damages award to a subsidiary.[2] Unfortunately for Kent, corporate separateness is a fundamental principle of U.S. law. *See e.g. Al Rushaid v. National Oilwell Varco, Inc.*, 757 F.3d 416, 423 (5th Cir. 2014) ("Imputing to a party the actions of its codefendants merely on the ground that the entities are jointly owned or controlled or share representation would contravene the fundamental principle of corporate separateness.") There is nothing in the record to suggest that DHI Group, Inc. was the alter-ego for Rigzone.com, Inc., nor is there any other basis to pierce the corporate veil. Indeed, Defendants' counsel, while arguing that the resume database was owned solely by the "Rigzone entity," and not jointly, told the Court that "we respect the boundaries between the Rigzone entity and the parent corporation." Docket No. 372 at 76:4-7 (Jury Trial Day 6 Transcript).

---

[2] At one time, Rigzone.com Inc., was a wholly owned subsidiary of DHI Group, Inc., but at the time of this trial, that was no longer the case with the majority interest held by an entity called RZHC. *See* Docket No. 360-2 at 221:12-16 (Jury Trial Day 3 Transcript).

And just as the fundamental principle of corporate separateness prevents a parent corporation from being required to assume the liabilities of its separate subsidiaries, the same principle prevents the parent from owning the assets as well. Indeed, Kent's counsel agreed: "[T]he owner of Rigzone *may benefit* if Rigzone gest a recovery because *the value of Rigzone would go up* . . ." Docket No. 372 at 76:10-13 (Jury Trial Day 6 Transcript) (emphasis added).

Moreover, Defendants' reliance on the "one satisfaction rule" is unavailing to prevent Rigzone.com, Inc.'s recovery. The very case they cite, and indeed the language they quote, *Stewart Title*, specifically notes that the rule's purpose is "to prevent *a plaintiff* from obtaining more than one recovery." As noted above, and as litigated throughout this case, there have always been two separate Plaintiffs: DHI Group, Inc., and Rigzone.com, Inc.

## 2. Defendant Overstates the Maximum *Potential* Restitution Offset.

While Plaintiffs believe there is no basis to apply Kent's payment of restitution to the DHI Group, Inc. to an award of damages to Rigzone.com, Inc., Plaintiffs concede that it is possible that the criminal restitution payment may offset the DHI Group, Inc.'s separate jury award for damages from Misappropriation of Confidential Information. That claim, while

broader than misappropriation of just the resume database, included the resume value as part of the claim, and Plaintiffs agree that a significant portion of the restitution award was based on the value of the misappropriated resumes.

However, Defendant repeatedly asserts that he is entitled to a restitution credit of $3,292,800.00. However, his arguments in Court as well as all of his filings on the subject are silent as to the fact that the restitution award included monies specifically based on the costs of remediation and investigation under CFAA; damages not awarded by the jury. Indeed, the Department of Justice's breakdown of the two components of the restitution award demonstrates that $2,932,800.00 was allocated to "the market value of the data that was unlawfully accessed and copied" and $360,000.00 was specifically allocated to the "costs associated with remediation and investigation of the offense." *See* Oct. 5, 2017 Letter (Attached as Ex. 1). Thus, even if the Court were to find that the restitution payment offsets DHI Group, Inc.'s award of damages for Misappropriation of Confidential Information, the maximum amount of the offset would be $2,932,800.00.[3]

---

[3] DHI Group, Inc.'s award of damages, plus prejudgment interest to the day of the wire transfer, totals $2,673,438.33 and thus could be completely offset by the restitution

5

---

payment. However, in the unlikely event that the Court ignores the established law on corporate separateness and applies the restitution payment against the Rigzone.com, Inc.'s award for trade secrets damages, Defendant is mistaken that "no party shall recover any amount on any claim." *See* Defendant's Proposed Final Judgment, Docket No. 381-1. In such a circumstance, Plaintiffs are entitled to prejudgment interest on the total award until the date of the wire transfer, and then to prejudgment interest on that sum, less the $2,932,800.00 restitution payment for the value of the misappropriated resumes, from the date of the wire transfer until the entry of Final Judgment. Under that scenario, Rigzone.com, Inc. would still be due $317,538.18.

6

        Respectfully Submitted,

        JORDAN, LYNCH & CANCIENNE PLLC

        By: /s/ *Walter Lynch*
          **Walter Lynch**
          State Bar No. 24046330
          Federal ID No. 965265
          **Amir Halevy**
          State Bar No. 24065356
          Federal ID No. 1259956
          **Joseph ("Jeb") W. Golinkin II**
          State Bar No. 24087596
          Federal ID No. 2515657
          1980 Post Oak Blvd., Ste. 2300
          Houston, Texas 77056
          713-955-4020 (Telephone)
          wlynch@jlcfirm.com
          ahalevy@jlcfirm.com
          jgolinkin@jlcfirm.com

## Certificate of Service

I certify that March 31, 2021, I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

                                        /s/ *Walter Lynch*
                                        Walter Lynch