UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> David W. Kent, Jr., et al., <br><br> Defendants. | Civil Action No. 16-1670 |

### DEFENDANTS' RULE 54 MOTION FOR FEES AND COSTS

Defendants David W. Kent Jr. and Single Integrated Operations Portal Inc. ("Oilpro") request an award of attorneys' fees and court costs regarding the plaintiffs' claims under the Texas Theft Liability Act ("TTLA"). Oilpro requests its court costs as the prevailing party under Rule 54(d).

## I.   Oilpro is entitled to recover its costs under Rule 54(d).

Rule 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F. 3d 783, 793 (5th Cir. 2006). "A party need not prevail on all issues" in order to be deemed a "prevailing party" under Rule 54(d), but instead the case "must be viewed as a whole to determine who is the prevailing party." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983). The issue when determining whether a party is entitled to costs under Rule 54(d) is "whether the party, as a practical matter, has prevailed." *Kaepa, Inc. v. Achilles Corp.*, No.

- 1 -

98–50559, 2000 WL 729242, at *6 (5th Cir. May 17, 2000) (quoting *Schwartz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985)).[1]

As between Plaintiffs and Oilpro, Oilpro is the prevailing party. At trial, no claims asserted against Oilpro were submitted to the jury. Plaintiffs asked the jury to award $15 million for the alleged injury, so Oilpro prevailed on the plaintiffs' $15 million claims. Oilpro recovered nothing on its counterclaims, but the $27,923 Oilpro sought on those claims is miniscule in comparison to what the plaintiffs asserted against Oilpro—and Oilpro defeated.

Moreover, the amount of time and energy spent in the lawsuit on Oilpro's counterclaims was miniscule in comparison. Oilpro's counterclaims certainly comprised less than 5% of the time and effort in this lawsuit. They should be all but disregarded in determining who is the "prevailing" party as between Plaintiffs and Oilpro. This Court should award Oilpro costs under Rule 54(d), with the amounts to be taxed by the clerk under Rule 54(d)(1).

## II.  Kent and Oilpro should recover fees and costs under TTLA.

### A.  Under the TTLA a prevailing party gets its fees and costs.

The Texas Theft Liability Act ("TTLA") authorizes a lawsuit to recover damages resulting from theft as defined in the Texas Penal Code. Tex. Civ. Prac. & Rem. Code §§ 134.003-.004. Plaintiffs asserted a TTLA claim against Kent and Oilpro (Doc. 236 at 50-51). "Each person who prevails" in such a suit "shall be awarded court costs and reasonable and necessary attorney's fees." *Id.* § 134.005(b). The award is mandatory. "Statutes providing that a party . . . 'shall be awarded' . . . attorney fees are not discretionary." *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Therefore, a court must award fees and costs

---

[1] Kent and Oilpro reserve their right to supplement this motion, if necessary and appropriate, after the entry of any amended judgment, to seek additional costs under Rule 54 and/or Rule 68.

to a defendant who successfully defends a claim under the Act. *Arrow Marble LLC v. Killion*, 441 S.W.3d 702, 705 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The court need not find that the claim is "groundless, frivolous, or brought in bad faith." *Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 686 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

### B. Kent and Oilpro are prevailing parties under the TTLA.

Kent and Oilpro sought summary judgment on the claim (Doc. 231 at 18-19). Plaintiffs said they agreed with them: "A review of Defendants' arguments related to Plaintiffs' Texas Theft Liability Act claim reveals that Defendants are right: they are entitled to summary judgment on that claim, Count XI of Plaintiffs' Complaint" (Doc. 240 at 5). The magistrate recommendation, and this Court's order adopting it, are ambiguous regarding whether summary judgment was granted on the claim (Docs. 278, 279). But the TTLA claim is not in the joint pretrial order; indeed, the only reference to that claim in the JPTO notes that the Defendants' "reasonable attorneys' fee for defending" the TTLA claim remained a contested issue (Doc. 290 at 16). No TTLA issues were submitted to the jury and this Court has awarded no relief on the claim (Doc. 385). Kent and Oilpro are therefore the prevailing party on the claim. *Cf. Rohrmoos Venture v. UTSW DVA Healthcare LLP*, 578 S.W.3d 469, 486 (Tex. 2019) ("A defendant can obtain actual and meaningful relief, materially altering the parties' legal relationship, by successfully defending against a claim and securing a take-nothing judgment on the main issue or issues in the case.").

### C. Kent and Oilpro are entitled to their costs regarding the claim.

This Court must award the defendants their court costs in defending the TTLA claim. As noted above, the prevailing party regarding the TTLA claim "shall be awarded court costs . . . ." Tex. Civ. Prac. & Rem. Code § 134.005(b).

Kent and Oilpro request an award of costs against Plaintiffs, jointly and severally, plus interest under 28 U.S.C. § 1961, for a successful defense against the claim, with the amounts to be taxed by the clerk under Rule 54(d)(1).

### D. The award of fees is mandatory.

This Court must award the defendants their attorneys' fees in defending the TTLA claim. Where state law supplies the rule of decision—as with this TTLA claim—state law controls the award of fees and the reasonableness of fees. *See ATOM Instrument Corp. v. Petroleum Analyzer Co.*, 969 F.3d 210, 216-17 (5th Cir. 2020); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Defendants request fees in defending the TTLA claim from the time it was filed in Plaintiffs' original complaint on June 10, 2016 (Doc. 1 at 43-44) until November 16, 2018, when Plaintiffs, in response to the Defendants' motion for summary judgment on the claim, filed a response conceding that summary judgment was proper on the claim (D0c. 240).

Attached hereto as **Exhibit A** and **Exhibit B** are the declarations of Peter S. Vogel and James G. Munisteri supporting the amount of fees requested. Peter Vogel is the defendants' designated expert witness as to attorneys' fees. He has reviewed the billing statements for the defendants' counsel during the time period in question (Foley & Lardner LLP f.k.a. Gardere Wynne Sewell LLP and Blank Rome LLP) and states his opinion and that counsel's hourly rates are reasonable for the services rendered; that appropriate and experienced counsel and staff had worked on these matters; and that the amount of time spent on these matters was reasonable given the nature of the claims and potential liability.

Mr. Vogel analyzed these issues under the standards set forth in *Rohrmoos Venture v. UTSW DVA Healthcare LLP*, 578 S.W.3d 469 (Tex. 2019), whereby the court first determines a presumptively reasonable fee under the traditional

- 4 -

lodestar method—i.e., "reasonable hours worked multiplied by a reasonable hourly rate"—and then determines whether the fee award should be adjusted up or down based on other pertinent factors. *See id.* 498-501 & n.10.; *see also Columbia Lloyds Ins. Co. v. Liberty Ins. Underwriters, Inc.*, No. 3:17-CV-005, 2019 WL 2296920 (S.D. Tex. May 30, 2019).

In accordance with *ATOM Instrument Corp. v. Petroleum Analyzer Co.*, 969 F.3d 210 (5th Cir. 2020), and *Tony Gullo Motors I LP v. Chapa*, 212 S.W.3d 299 (Tex. 2006), Mr. Munisteri has reviewed the billing statements for the time period in question (from the date the lawsuit was filed until the plaintiffs conceded dismissal of the TTLA claim in response to a summary judgment motion) and has estimated the percentage of hours related to claims for which fees are non-recoverable—e.g., hours related solely to defense of claims other than the TTLA claim, as opposed to discrete legal services defending both the TTLA claim and other claims Plaintiffs asserted. He was lead counsel for the defendants; he was intimately involved in every aspect of the litigation; and he therefore has the personal knowledge to make this estimate.

Mr. Munisteri estimates that of the $2,352,259.00 in attorneys' fees incurred in this time period by defendants' counsel at Foley & Lardner LLP (and its predecessor Gardere, Wynne, Sewell LLP), no more than 85% were incurred solely on services unrelated to the TTLA claim, and therefore 15% of Foley & Lardner's fees ($352,838.85) are recoverable for defending the TTLA claim. Mr. Munisteri further estimates that of the $977,081.00 in attorneys' fees incurred between June 2016 and February 2017 by Kent's counsel at Blank Rome LLP, no more than 90% were incurred solely on services unrelated to the TTLA claim, and therefore 10% of Blank Rome's fees

($97,708.10) are recoverable for defending the TTLA claim.[2] Defendants' total amount of recoverable fees for defending the TTLA claim is $450,546.95.

This is a conservative estimate. As the Munisteri declaration attests—and as this Court's record indicates—the overlap is substantial between the TTLA claim and the claims for TUTSA violations, misappropriation of confidential information, and breach of fiduciary duty. All comprise allegations of the same actions and same injury. In accord with *ATOM Instrument Corp. v. Petroleum Analyzer Co.* and *Tony Gullo Motors v. Chapa*, a percentage far greater than 15% is justifiable, and this Court could properly award as much in its discretion.

Neither Mr. Vogel nor Mr. Munisteri suggest adjustment of the lodestar calculation. The result is that the reasonable fees necessarily incurred defending the TTLA claim is *at least* the amount of $450,546.95 based on the reasonable hours worked and the reasonable hourly rates of counsel involved.

The defendants thus request an award of fees and costs against Plaintiffs, jointly and severally, plus interest under 28 U.S.C. § 1961, for the defendants' successful defense against the claim. This Court should award fees in the sum of $450,546.95 for the defendant' defense of the TTLA claim.

---

[2] Blank Rome was engaged to represent Kent individually shortly after this lawsuit was filed and the firm represented Kent until February 2017, when Blank Rome withdrew and Foley & Lardner appeared as Kent's counsel. Blank Rome's representation of Kent during this initial stage included a higher percentage of services unrelated to the TTLA claim, as a result of the parallel criminal proceeding. Kent entered into a plea agreement in the criminal case in December 2017, shortly before the substitution of counsel. As set forth in Mr. Munisteri's declaration, following the plea agreement, the percentage of fees incurred solely on services unrelated to the TTLA claim decreased.

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ James G. Munisteri*
James G. Munisteri
Texas Bar No. 14667380
S.D. Tex. Bar No. 7294
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
jmunisteri@foley.com
Tel:    713.276.5500
Fax:    713.276.5555

Sara Ann Brown
Texas Bar No. 24075773
2021 McKinney, Suite 1600
Dallas, Texas 75201-3340
sabrown@foley.com

and

**HAYNES AND BOONE LLP**

Lynne Liberato
Texas Bar No. 00000075
S.D. Tex. Bar No. 3072
Kent Rutter
Texas Bar No. 00797364
S.D. Tex. Bar No. 20519
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
lynne.liberato@haynesboone.com
kent.rutter@haynesboone.com
Tel:    713.547.2000
Fax:    713.547.2600

**Attorneys for Defendants**

## Certificate of Conference

I certify that I conferred with counsel for the plaintiffs regarding the relief this motion requests, and the parties could not reach agreement. Counsel for the plaintiffs indicated that plaintiffs would oppose this request for relief.

*/s/ James G. Munisteri*
James G. Munisteri
