# Exhibit A

Declaration of Peter Vogel

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI Group, Inc., et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>David W. Kent, Jr., et al.,<br><br>  Defendants. | Civil Action No. 16-1670 |

## Declaration of Peter S. Vogel on Attorney's Fees

Peter S. Vogel makes this declaration and declares the following as true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. My name is Peter S. Vogel. I am counsel for Single Integrated Operations Portal Inc. ("Oilpro") and David W. Kent Jr. ("Kent"), in this lawsuit. I make this declaration with regard to the services rendered by Foley & Lardner LLP (f/k/a Gardere Wynne Sewell LLP) in connection with the plaintiffs' claims in this lawsuit under the Texas Theft Liability Act, Texas Civil Practice & Remedies Code §§ 134.001-.005.

2. I am Of Counsel at the law firm of Foley & Lardner LLP in Dallas, Texas. I am a member in good standing with the State Bar of Texas and have never been subject to any disciplinary action by the State bar of Texas or any grievance committee. I am admitted to practice in the United States District Courts for the Eastern, Northern, Western, and Southern Districts of Texas. I am further admitted to practice in front of the Fifth Circuit Court of Appeals and the United States Supreme Court.

3. Attached hereto as **Exhibit 1** is my biography.

4.  I have not testified as an attorneys' fees expert at any deposition or evidentiary hearing in the last four years.

5.  This declaration is submitted in support of the defendants' request for attorneys' fees and costs regarding the plaintiffs' claims under the Texas Theft Liability Act ("TTLA").

6.  The Texas Theft Liability Act ("TTLA") provides: "Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." Texas Civil Practice & Remedies Code § 134.005(b). A review of this Court's docket in the present lawsuit shows that the plaintiffs asserted a claim against Oilpro and Kent for violating the Act (Doc. 236 at 50-51); Oilpro and Kent sought summary judgment on the claim (Doc. 231 at 18-19); the plaintiffs agreed that Oilpro and Kent "are entitled to summary judgment on that claim" (Doc. 240 at 5); and this Court's judgment awarded no relief on the claim (Doc. 385). Oilpro and Kent are thus prevailing parties on the claim. *See Arrow Marble LLC v. Killion*, 441 S.W.3d 702, 705 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 686 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

7.  The pretrial order lists for resolution the issue of reasonable attorneys' fees incurred by Oilpro and Kent on this claim (Doc. 290 at 16).

8.  Foley & Lardner LLP (and predecessor Gardere Wynne Sewell LLP) ("Foley") was retained by Oilpro shortly after this lawsuit was filed. In late 2016, Kent retained Foley to represent him in this matter. Kent was previously represented by the law firm of Blank Rome LLP ("Blank Rome"). The Court entered an order granting Blank Rome's motion to withdraw as counsel for Kent on February 6, 2017.

9. I reviewed the billing statements that counsel for the defendants, Foley and Blank Rome, generated in this lawsuit for fees billed to the defendants for the time period in question—namely, from the filing of the lawsuit on June 10, 2016, until the resolution of the plaintiffs' TTLA claims through plaintiffs' concession in a summary judgment response filed on November 16, 2018 (Doc. 240), that judgment for the defendants is properly granted on the TTLA claim (Doc. 231).

10. I am familiar with the types of services appropriately, reasonably, necessarily rendered by lawyers and paralegals in complex commercial litigation such as in this case, and also in conjunction with the representation of clients in the Southern District of Texas. I am familiar with the skill, experience, ability, and expertise appropriately, reasonably, and necessarily required of attorneys and paralegals to render these litigation services; the amount of time and labor that is appropriately, reasonably, and necessarily expended by attorneys and paralegals in rendering such services; and the usual, customary hourly fee rates appropriately, reasonably, and necessarily charged and billed in this district for time expended by attorneys and paralegals rendering these services.

11. My opinions regarding reasonable and necessary attorneys' fees and paralegal's fees in this case are and will be based on my experience and familiarity with attorneys' fees, paralegal's fees, and costs customarily charged and awarded, the amount in controversy, the results obtained, the nature of this case, the amount of time spent on this case, the time and labor required, the skill required to perform the legal services properly, the nature and length of the professional relationship with the clients, the experience, reputation, and ability of the lawyers and paralegals performing

12. In preparing this declaration, I have reviewed pleadings, court filings, and discovery served and received in the case, and have discussed the work done on the case with my co-counsel (including depositions) and examined work product produced in this lawsuit.

13. My opinions are based in part on the tasks that I understand each attorney performed. The attorneys primarily involved with the defense in this case on behalf of Foley are those listed below, and the tasks they performed include, but are not limited to, the following:

    a. James G. Munisteri (Senior Partner)—Lead counsel with overall authority for litigation strategy and legal team; handled day-to-day management of the case; reviewed discovery; interviewed witnesses; took depositions; drafted and revised pre-trial filings on this claim. Significant trial/litigation experience with regard to complex commercial litigation– licensed to practice law since 1986.

    b. Marla T. Poirot (Senior Partner)—Participated in developing and executing the strategy decisions, advising on criminal procedure aspects of defendant, and preparing various motions/briefing, including the summary judgment papers. Criminal law specialty – licensed to practice law since 1995.

    c. Sara A. Brown (Associate/Senior Counsel)—Drafted discovery motions, motions on procedural issues, and reviewed summary judgment briefing; performed legal research; assisted with discovery matters and strategy. Focus on commercial litigation – licensed to practice law since 2011.

    d. Heidi Rasmussen (Associate)—Assisted with most of the legal research and the preparation of the motions and briefing on all matters generally, and preparing the summary judgment papers in particular. Licensed to practice law in 2014.

    e. Lauralee Hubbard (Paralegal)—assisted with organizing documents, discovery, and pleadings; assisted in preparing for depositions and preparing documents for court filings by

the services, and the probability that additional services may be required in the prosecution of this case.

organizing exhibits and preparing exhibit folders/appendices. Paralegal with over 30 years of experience as a litigation paralegal involved with complex commercial and business litigation.

14. During the time period in question, the range of their hourly rates was as follows:

    a. Munisteri ($560-$590).

    b. Poirot ($590-$645).

    c. Brown ($385-$485).

    d. Rasmussen ($320-$351).

    e. Hubbard: ($240-$295).

15. The attorneys primarily involved with the defense in this case on behalf of Blank Rome are those listed below, and the tasks they performed include, but are not limited to, the following:

    a. Barry Abrams (Senior Partner)—Lead counsel with overall authority for litigation strategy and legal team; reviewed pleadings and discovery as well as analysis of evidence and legal research prepared by legal team. Significant trial/litigation experience with regard to complex commercial litigation– licensed to practice law since 1978.

    b. Susan L. Bickley (Senior Partner)—Participated in developing and executing the strategy decisions, preparing legal and evidentiary analysis, managing discovery, and drafting pleadings. Significant trial/litigation experience with regard to complex commercial litigation – licensed to practice law since 1984.

    c. Jack W. Higdon (Partner) -- Participated in developing and executing the strategy decisions. Managed e-discovery and forensic matters, as well as legal research and analysis by the legal team. Focus on commercial litigation – licensed to practice law since 1998

> > d. Emery G. Richards (Associate) — Performed legal research and prepared memoranda summarizing same; assisted with discovery matters and strategy. Focus on commercial litigation – licensed to practice law since 2014.
> >
> > e. Julie Seifert (Paralegal)—assisted with organizing documents, discovery, and pleadings; assisted in preparing discovery responses and document production. Paralegal with over 25 years of experience as a litigation paralegal involved with complex commercial and business litigation.
>
> 16. During the time period in question, the range of their hourly rates was as follows:
>
> > a. Abrams ($750)
> >
> > b. Bickley ($725)
> >
> > c. Higdon ($600)
> >
> > d. Richards ($315)
> >
> > e. Seifert ($234)
>
> 17. I am of the opinion that, during this time period, reasonable hourly rates in this federal court district for attorneys with experience similar to those working on this case range between $550.00 and $750.00 per hour for senior partners, $450.00 and $600.00 per hour for junior partners, and $250.00 and $490.00 per hour for associates and senior counsel (depending upon experience and background), and with paralegal rates ranging between $190.00 and $290.00 per hour for a paralegal having substantial experience with commercial litigation. In reaching this opinion, I considered the following factors:
>
> > a. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

    b. The likelihood that the acceptance of the particular employment will preclude the employment of counsel by others, or cause antagonism with other clients;

    c. The fee or fees customarily charged in this locality for similar legal services;

    d. The amount involved in the controversy, the benefits resulting or lack thereof;

    e. The time limitation imposed by the matter or the circumstances;

    f. The nature and length of the professional relationship of defense counsel with Oilpro and Kent;

    g. The experience, reputation, and ability of lawyers performing the services; and

    h. The contingency or certainty of a fee.

18. I applied these factors consistent with Texas case law—in particular, *Rohrmoos Venture v. UTSW DVA Healthcare LLP*, 578 S.W.3d 469 (Tex. 2019) and *Columbia Lloyds Ins. Co. v. Liberty Ins. Underwriters, Inc.*, No. 3:17-CV-005, 2019 WL 2296920 (S.D. Tex. May 30, 2019)—and the applicable statutes and rules of procedure. Based on the above and my knowledge of the prevailing market rate for similar work in the U.S. District Court for the Southern District of Texas, I am of the opinion that the hourly fee/rate for the legal services provided by the attorneys and paralegals at the Foley & Lardner law firm are within the range of reasonableness.

19. Under *Rohrmoos*, the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked then multiplied by a reasonable hourly rate. Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, (5) the

reasonable hourly rate for each person performing such services. 578 S.W.3d at 489-501.

20. Oilpro and Kent made appropriate use of paralegals in this lawsuit. Compensation for a paralegal's work may be assessed separately and included in the award if the paralegal performed work traditionally done by attorneys. *All Seasons Window & Door Mfg. v. Red Dot Corp.*, 181 S.W.3d 490, 504 (Tex. App.—Texarkana 2005, no pet.); *Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.—Fort Worth 1997, pet. denied). A paralegal is a person not admitted to law practice who, through education, training, and experience, has demonstrated knowledge of the legal system, legal principles, and procedures, and who uses that knowledge to assist an attorney in representing the client. *Gill Sav. Ass'n v. Int'l Sys. Co.*, 759 S.W.2d 697, 703 (Tex. App.—Dallas 1988, writ denied).

21. The paralegals used on this case have knowledge of the legal system, principles, and procedures and have used that knowledge to assist in the representation. Also, under the lawyers' direction and supervision, the paralegals used have done substantive legal work often done by licensed attorneys, including reviewing pleadings and briefs, trial preparation, and assisting with discovery, depositions, and motion practice.

22. As stated above, my opinion as to the amount of reasonable hourly rates for attorneys' fees and paralegal's fees is based upon my experience of nearly 30 years, as a practicing attorney, my involvement with similar types of cases, my knowledge of the hourly rates charged by attorneys and paralegals with similar experience, and my review of the type of case and work performed as set forth in the documents and information reviewed.

23. Based on my experience in complex trial practice, I believe that the hourly rates charged by these lawyers are reasonable and customary in lawsuits of this sort.

24. I was initially involved with determining the litigation strategy in this case, and so I am familiar with the issues and complexity of the case. The total hours during the time period in question – the sum of **7,198.10** hours (5,197.6 by Foley and 2,000.50 by Blank Rome) hours, were reasonable and necessary given the nature and complexity of the litigation.

25. In my opinion, the amount that the defendants' counsel at Foley billed to the defendants in this case for attorney services during the relevant time period—the sum of $2,352,259.00—is a reasonable fee for the necessary services of Oilpro and Kent's counsel in defending this case during that time.

26. In my opinion, the amount that Kent's counsel at Blank Rome billed to the defendants in this case for attorney services during the relevant time period—the sum of $977,081.00—is a reasonable fee for the necessary services of Kent's counsel in defending this case, prior to Blank Rome's withdrawal in February 2017.

27. I have reviewed the Declaration of James G. Munisteri on Attorneys' Fees. Based on my knowledge of the case and review of the billing statements, I believe his assessment—that at least 15% of Foley's fees and 10% of Blank Rome's fees during this time period were incurred for legal services that were reasonable and necessarily related to defending the TTLA claim—is reasonable.

28. In my opinion, $450,546.95 ($352,838.85 for Foley and $97,708.10 for Blank Rome) is a reasonable fee for the necessary services of Oilpro and Kent's counsel in defending against the TTLA claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **April 14, 2021**.

_____
Peter S. Vogel

# Exhibit 1



# Peter Vogel



**OF COUNSEL**
PVOGEL@FOLEY.COM

**P 214.999.4422**
**2021 MCKINNEY AVENUE**
**SUITE 1600**
**DALLAS, TX 75201**

Peter Vogel is of counsel, a litigation lawyer, arbitrator, mediator, special master and a member of Foley's Privacy, Security & Information Management and Technology Transactions & Outsourcing Practices. Peter combines his technical and business background with his legal knowledge to help companies with IT, cyber intrusion, internet litigation, dispute resolution and contract negotiation matters. Peter has also been involved with the IT industry, internet and electronic data for his entire career. Prior to practicing law, he worked as a mainframe programmer, systems analyst and management consultant for companies acquiring IT and related services.

Peter has clients in industries ranging from healthcare, international manufacturing, state and local government, utilities, blockchain and eCommerce that often seek his advice about practical business issues relating to IT and the internet. These matters often include cyber intrusions, colocation sites, cloud solutions, ERP implementation projects, website business management, outsourcing, software patents, copyrights and trade secret protection. Due to being a seasoned IT professional with an accounting and marketing background, Peter also often advises clients about financial and marketing issues regarding IT and the internet. His experience is an Adjunct Professor in the Law of eCommerce keeps him current on the fast-moving evolution of cyber intrusions and the internet. He currently writes a legal column for eCommerceTimes.com and is often quoted in the media about internet issues and crises. Additionally, Peter's *Internet, IT & e-Discovery* blog is widely recognized for timely topics and thought-provoking ideas.

Peter guides clients through legal, technology and business mazes of electronic evidence, cybersecurity and cyber insurance, intellectual property, contracts, government regulation and litigation. He also assists many clients with Electronically Stored Information (ESI) issues and the related creation, development and implementation of records retention policies.

**Awards and Recognition**

- Recipient, Pat Nester Innovation in Professional Development
- Recipient, Gene Cavin Award for Excellence in Continuing Legal Education
- Recipient, Lifetime Achievement Award for Promoting Technology in the Law
- Selected by his peers for inclusion in *The Best Lawyers in America*© in the fields of Information Technology Law, Technology Law (2019-2021)
- Recognized, Top Lawyers in Dallas
- Recognized, *Texas Super Lawyers*®
- Recognized, America's Leading Lawyers for Business, *Chambers USA*

**Education**

- St. Mary's University School of Law (J.D.)
- The American University, Computer Science (M.S.)
- University of Texas, Austin (B.B.A.)

**Admissions and Affiliations**

- Texas
- Texas State Courts
- U.S. District Court for the Eastern, Northern, Southern and Western Districts of Texas
- Texas Fifth Court of Appeals
- U.S. Supreme Court
- President, Dallas Bar Association
- Board of Directors, State Bar of Texas
- Founding Chair, State Bar of Texas, Computer & Technology Section
- Adjunct Professor, SMU Dedman School of Law
- Founding Board of Advisors, SMU *Computer Law Review and Technology Journal*
- Co-founder, American College of e-Neutrals

**Selected Recent Presentations**

- PANEL: "Cyber Law, Due Process, Arbitration and Mediation," 5th Annual Cyber Future Summit, Cyber Future Foundation, October 2020
- "10 Commandments of Information Technology (IT) Contracts," Science & Technology Section, Dallas Bar Association, October 2020
- "Ethics in the Internet Age, including COVID-19 and Cyber Threats," Institute for Internal Auditors New Orleans Chapter, October 2020
- "Legal & Ethical Issues regarding Cybersecurity, Privacy, COVID-19, and the Cloud," Solo & Small Firm Section, Dallas Bar Association, October 2020
- "Digital 'data dumps' and eDiscovery issues," Texas Criminal Defense Lawyers Association,

October, 2020
- "Ethics in the Internet Age, including COVID-19 and Cyber Threats," Fraud Conference, Institute for Internal Auditors Central Arkansas Chapter and Association of Fraud Examiners, September 2020
- "Current state of Cyberlaw and regulation," Cyber Future Foundation Lunch Hour Live, September 2020
- "M&A Due Diligence Legal & Ethical Advice regarding Cyber, Cloud, and Service Level Agreements," Dallas Chapter, Texas Society of CPAs, September 2020
- "Artificial Intelligence and its Impact on the Practice of Law," Friday Clinic, Dallas Bar Association, September 2020
- "eCommerce Update: Helping Clients Do Business on the Internet in the midst of Covid-19 & Cyber Turmoil," Franchise Law & Distribution Section, Dallas Bar Association, August 2020
- "A Playbook for Technology Contracts," Advanced In-House Counsel Course, State Bar of Texas, August 2020
- "Making Your Online Presence Professional," Law Student Professionalism Program, Dallas Bar Association, July 2020
- "Complex Technology & eDiscovery Disputes During COVID-19 & Cyber Turmoil: How can Special Masters Can Help," American Arbitration Association, June 2020
- "Blockchain and Cryptocurrency: The Impact of COVID-19 and Cyber Threats," State Bar of Texas, June 2020
- "eCommerce Update: Helping Clients Do Business on the Internet in the midst of COVID-19 & Cyber Turmoil," Texas Society of CPAs, June 2020
- "COVID-19 & Cyber Impact the Courts: How Special Masters can help in eDiscovery & Complex Technology Litigation," Dallas Bar Association, June 2020
- "COVID-19 & Cyber Impact the Courts: How Special Masters can help in eDiscovery & Complex Technology Litigation," Texas Society of CPAs, May 2020
- "Helping Clients Protect Data Privacy and Cyber Security During COVID-19," Dallas Bar Association, May 2020, Dallas
- "2020 Update to Help Clients Do Business on the Internet in the Midst of Cyber Turmoil," State Bar of Texas, March 2020
- "10 Commandments of Information Technology (IT) Contracts," Texas Society of CPAs, February 2020
- "M&A Due Diligence Legal & Ethical Advice regarding Cyber, Cloud, and Service Level Agreements," State Bar of Texas, February 2020
- "M&A Due Diligence Legal & Ethical Advice regarding Cyber, Cloud, and Service Level Agreements," Texas Society of CPAs, February 2020
- "Legal & Ethical Issues regarding Privacy, Cybersecurity, and the Cloud," International Law Section, Dallas Bar Association, January 2020, Dallas
- "Legal & Ethical Issues for Protecting PHI In the Cloud," Health Law Section, Dallas Bar Association, January 2020, Dallas

- "M&A Due Diligence Legal & Ethical Advice regarding Cyber, Cloud, and Service Level Agreements," Mergers & Acquisitions Section, Dallas Bar Association, December 2019, Dallas
- "Legal & Ethical Advice on Negotiating Cloud Agreements to Avoid Cyber Disasters," Government Law Section, Louisiana State Bar, December 2019, Baton Rouge
- "Legal Issues with the Internet, Social Media, & Privacy," North Texas Mensa Society, November 2019, Dallas
- "Helping Clients with Privacy in the Cloud and Related Ethical Responsibilities of Lawyers," Oak Cliff Clinic, Dallas Bar Association, November 2019, Dallas
- PANEL: "The Board's Rule in Overseeing Cyber Security," Foley National Directors Institute, November 2019, Chicago