IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DHI GROUP, INC. F/K/A DICE HOLDINGS, INC. AND RIGZONE.COM, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DAVID W. KENT, JR., SINGLE INTEGRATED OPERATIONS PORTAL, INC. D/B/A OILPRO AND OILPRO.COM, ET AL., <br><br> *Defendants.* | Civil Action No. 16-1670 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, PRE-JUDGMENT INTEREST, AND POST JUDGMENT INTEREST**[1]

"Defendants"[2] oppose Plaintiffs' Motion for Fees because they claim the jury's decision not to award Plaintiffs compensatory damages for the established RICO violation is proof Plaintiffs did not suffer a RICO injury. Defendants' position is contradicted by nearly fifty years of Fifth Circuit decisions. These cases could not be clearer: "Attorneys' fees and costs are awarded even if an otherwise successful plaintiff is awarded no

---

[1] ECF 387 ("Motion for Fees").
[2] Although "Defendants" filed the opposition, David Kent is the only defendant responsible for any fees or costs awarded to Plaintiffs.

1

compensatory damages by the jury." *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 340 (5th Cir. 2012).

For this and other reasons addressed below, the arguments raised in Defendants' Response to Plaintiffs' Request for Fees and Costs[3] are without merit and should be rejected.

## Discussion

### I. Plaintiffs Established a RICO Injury.

Defendants argue Plaintiffs are not entitled to attorneys' fees because they claim the jury's decision not to award Plaintiffs any compensatory damages shows Plaintiffs were not injured.[4] Defendants' logic is circular. "Injury" and compensatory damages are not the same thing. "Proof of the fact of injury informs the question of the defendant's *liability*, while proof of amount in damage determines an award." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2019 WL 802093, at *11 (S.D.N.Y. Feb. 21, 2019) (citing *Sciambra v. Graham News*, 892 F.2d 411, 415 (5th Cir. 1990)).

In deeming Kent liable under RICO, the jury found Kent engaged in a pattern of wire fraud over time specifically directed at Plaintiffs.[5] By proving

---

[3] ECF 395.
[4] ECF 395 at 2.
[5] ECF 377 at 22. The jury was instructed that, to find David Kent liable for violations of

these acts and obtaining a liability finding, Plaintiffs established the necessary injury, i.e., there was fact of damage. *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1320 (5th Cir. 1976) ("To be 'liable' under the antitrust laws,[6] therefore, *means* that one has violated the antitrust laws and that violation has resulted in an injury to the business or property of the plaintiff, *i.e., there was fact of damage*.") (emphasis added).

That attorneys' fees necessarily flow from the jury's liability finding against Kent is confirmed by the Fifth Circuit's decision in *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 336–37 (5th Cir. 2012). There, the Fifth Circuit reversed the district court and held that a party has standing to bring a RICO suit and recover attorneys' fees against defendants *even when it admits it cannot recover compensatory damages from the defendants it is suing*: "[m]onetary damages under § 4 of the Clayton Act include compensatory damages, attorneys' fees, and costs, not, as Appellees claim, merely compensatory damages." *Id.* The Fifth Circuit went on to explain that the

---

RICO, Plaintiffs had to prove David Kent (1) used the internet or copied resumes from *Rigzone's resume database*; or (2) used the internet to repeatedly access *Rigzone's Google Analytics Data*; or (3) used the internet to email *DHI representatives* about the growth and finances of Oilpro so as to *induce DHI* to purchase Oilpro. *Id.* (emphasis added).

[6] As noted previously, the Fifth Circuit has subsequently held that its caselaw interpreting the Clayton Act—which was one of the antitrust laws to which the Court was referring— guides its interpretation of the virtually identical RICO damages statute.

3

plaintiffs' ability to recover attorneys' fees would turn entirely on whether they secured a liability finding. *Id.* at 340 ("Notably, on remand, Appellants' claims may fail, in which case attorneys' fees and costs would not be awarded at all.").

Plaintiffs proved David Kent was liable for RICO violations based on his conduct.[7] In so doing, Plaintiffs necessarily proved a RICO injury,[8] since there can be no RICO standing, much less RICO liability, without such an injury. Plaintiffs are therefore entitled to their attorneys' fees.

## II. "Election of Remedies" Does Not Impact Plaintiffs' Attorneys' Fees Claim Against David Kent.

Defendants next claim Plaintiffs must choose between obtaining attorneys' fees under RICO or compensatory damages under TUTSA. But "election of remedies is an affirmative defense that must be pleaded." *JPMorgan Chase Bank, N.A. v. Classic Home Fin., Inc.*, 548 F. App'x 205, 208 (5th Cir. 2013). Though David Kent asserted 45 affirmative defenses in his

---

[7] ECF 377 at Question 3a ("RICO Liability").
[8] RICO injury is caused by the RICO violations in-and-of-themselves, but here also included, among other things, the costs Plaintiffs incurred to investigate how the resume thefts had occurred and how to prevent them in the future. While these were not quantified specifically at trial—in part because many of those costs were not recoverable under CFAA due to its statute of limitations—evidence of that injury, a part of Plaintiffs' RICO injury, was presented. Specifically, both Chad Norville and Mike Durney discussed actions Rigzone and DHI took in response to David Kent's racketeering activity.

4

Answer, he *did not* plead election of remedies.[9] As a result, he waived his right to assert this affirmative defense. *JPMorgan*, 548 F. App'x at 208-09 ("Classic failed to plead 'election of remedies' and it has therefore waived this affirmative defense; accordingly, we need not decide whether such a defense would have merit under these facts."); *see also EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 334 n.30 (5th Cir. 2012); *Vanhoy v. United States,* 514 F.3d 447, 450 (5th Cir. 2008).

Even if Kent did not waive his election of remedies defense, DHI would still be entitled to recover its attorneys' fees under RICO. The jury awarded Rigzone, and only Rigzone, TUTSA damages.[10] Conversely, DHI *and* Rigzone prevailed on their RICO claim. Accordingly, to the extent the Court requires the prevailing parties to "elect their remedies," Rigzone chooses to recover on its TUTSA claim, while DHI is entitled to recover the RICO damages it was awarded (attorneys' fees and costs).

### III.  Plaintiffs Are Entitled to Prejudgment Interest.

Defendants bizarrely argue Plaintiffs are somehow limited in the pre- and post-judgment interest they can recover because "no statute authorizes

---

[9] ECF 17.
[10] ECF 377 at 13.

5

prejudgment interest for a TUTSA claim, so only equitable prejudgment interest . . . is pertinent."[11] Plaintiffs do not know how Defendants can make this argument with a straight face given the Fifth Circuit's recent declaration that "Texas law on trade secret claims mandates the award of prejudgment interest." *Matter of AmeriSciences, L.P.*, 781 F. App'x 298, 306–07 (5th Cir. 2019) (internal quotations omitted) (citing *Retractable Techs., Inc. v. Occupational & Med. Innovations, LTD.*, 6:08-CV-120, 2010 WL 3199624, at *4 (E.D. Tex. Aug. 11, 2010) and *Myriad Dev., Inc. v. Alltech, Inc.*, 817 F. Supp. 2d 946, 990 & n.253 (W.D. Tex. 2011)). In any event, Plaintiffs are plainly entitled to pre-and post-judgment interest at the maximum rate allowed by law.

### IV. Plaintiffs Submitted Appropriate Attorneys' Fees Evidence.

Defendants ask the Court to strike the attorneys' fees evidence—namely, the affidavits and records submitted by lead counsel for Plaintiffs, as well as its previous lead counsel from Baker Botts—and deny Plaintiffs' Motion for Fees in its entirety because Plaintiffs did not disclose these lawyers as experts.[12] Courts have repeatedly rejected this identical request, and this Court should do the same. *Serna v. L. Off. of Joseph Onwuteaka, PC,*

---

[11] ECF 395 at 13.
[12] *Id.* at 15.

No. 4:11-CV-3034, 2014 WL 3749652, at *2 (S.D. Tex. July 29, 2014), *aff'd sub nom. Serna v. L. Off. of Joseph Onwuteaka, P.C.*, 614 F. App'x 146 (5th Cir. 2015) (overruling objections to lead counsel's attorneys' previously undisclosed fees testimony); *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 633 (S.D. Tex. 2007) (denying a motion to strike the defendants' experts on attorneys' fees for late designation because "[a]ttorneys' fee claims are generally resolved at the close of the case, after both liability and damages have been determined. The defendants' delay in designating the expert testimony on their claim for attorneys' fees and in providing the report did not prejudice Straus."); *ResMan, LLC. v. Karya Prop. Mgmt., LLC*, No. 4:19-CV-00402, 2020 WL 5981755, at *2 (E.D. Tex. Oct. 8, 2020) ("Because Rule 54 applies, an attorneys' fees expert will not testify "at trial," and therefore is not subject to the designation timeline under the language of Rule 26.").

Perhaps knowing that the aforementioned objections will be overruled, Defendants alternatively ask the Court to grant them the opportunity to depose Plaintiffs' lawyers about the work they did so Defendants can "submit a supplemental response to Plaintiffs' Motion."[13]

---

[13] *Id.* at 15.

This request should also be denied because such discovery is unnecessary and will not assist the Court in determining an appropriate fee award.

## V. Taxation Is Not Premature.

Defendants bizarrely suggest the Court should not determine taxable court costs because such a motion is premature. This makes no sense given that this Court has entered a Final Judgment awarding Rigzone over $3 million and ordering that "Defendants take nothing."[14] If not now, when? This argument should be rejected.[15]

### CONCLUSION

For reasons set out above, the Court should grant Plaintiffs' Motion for an Award of Statutory Attorneys' Fees, Costs, and Pre-Judgment Interest and Post Judgment Interest in its entirety.[16]

---

[14] ECF 385.

[15] Although the Court should not delay in awarding taxable costs, upon further review, Plaintiffs agree that the $13,503.75 for services for Plaintiffs' audio/visual technician (while extremely valuable) is not considered an exemplification cost under 28 U.S.C. § 1920(4) that would otherwise be recoverable.

[16] ECF 387.

8

Respectfully Submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: /s/ *Walter Lynch*
  **Walter Lynch**
  State Bar No. 24046330
  Federal ID No. 965265
  **Amir Halevy**
  State Bar No. 24065356
  Federal ID No. 1259956
  **Joseph ("Jeb") W. Golinkin II**
  State Bar No. 24087596
  Federal ID No. 2515657
  1980 Post Oak Blvd., Ste. 2300
  Houston, Texas 77056
  713-955-4020 (Telephone)
  wlynch@jlcfirm.com
  ahalevy@jlcfirm.com
  jgolinkin@jlcfirm.com

## Certificate of Service

I certify that April 28, 2021, I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

> /s/ *Jeb Golinkin*
> Joseph W. Golinkin II